# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**TYRONE HENDERSON,**
**on behalf of himself and others**
**similarly situated,**

        **Plaintiff,**

**v.**                                    **Civil Action No**: **3:11cv514-REP**

**VERIFICATIONS INCORPORATED,**

        **Defendant.**

## FIRST AMENDED CLASS COMPLAINT

COMES NOW, the Plaintiff, **TYRONE HENDERSON**, on behalf of himself and all similarly situated individuals and for his First Amended Complaint, he states as follows:

### INTRODUCTION

1.    Tyrone Henderson (hereinafter "Plaintiff") brings this class action against Defendant to obtain relief for himself and the class he proposes to represent for violations of the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. 1681, *et seq.*

2.    Defendant operates as a consumer reporting agency to prepare and furnish consumer reports for employment and other purposes.  Defendant furnished these consumer reports to prospective and existing employers of the Plaintiff and the putative class. Many of these employers did thereafter refuse to hire or take other adverse action against Plaintiff and other consumers based in whole or in part on the consumer reports.

3.    Plaintiff alleges an individual claim under 15 U.S.C. § 1681e(b), which required

that Defendant use "reasonable procedures to assure maximum possible accuracy" in the publication of Mr. Henderson's consumer report.  Plaintiff had received a tentative job offer conditioned upon his employment background check.  The background check that Defendant then sold to the employer was grossly inaccurate – most significantly because it reported that the Plaintiff had been convicted of a felony in Westmoreland County, Pennsylvania.  Defendant had mixed the criminal history of a stranger with the same first and last name into the Plaintiff's report, even though that person shared nothing else in common.  The Plaintiff did not then get the job.

4.      Plaintiff also alleges a class claim under 15 U.S.C. § 1681k because Defendant did not provide Plaintiff and other similarly situated consumers timely and lawful notice that it was furnishing an employment purposed consumer report at the time it did so.  This important requirement is intended to provide consumers immediate notice of the furnishing of the employment report and details necessary to preemptively contact the reporting agency to obtain and as appropriate correct information in the furnished report.  It also was intended to alert the consumer to the employer's use of the report to provide them the opportunity to address any concerns or derogatory history in the report directly with the employer.  Defendant's failure to comply with these long standing requirements denied the Plaintiff and each putative class member these important rights.

5.      Finally, Plaintiff brings several claims under 15 U.S.C. § 1681i.  Individually, Plaintiff alleges that Defendant violated § 1681i(a)(1) in failing to conduct a meaningful investigation of his dispute.  Verifications also violated § 1681i(a)(6) as to the class when it responded to their disputes that it had contacted the actual original source of the disputed public

record (the court clerk), when in fact it only contacted a regional consumer reporting agency for such information. And Verifications violated § 1681i(f)(2) as to the class, in its mixed role as both a reseller agency and as an original consumer reporting agency. This FCRA provision requires an entity that has based a disputed report entirely or in part on information received from another consumer reporting agency to notify that source agency of the consumer's dispute so that it could also perform an investigation. Verifications did not and never does notify Corelogic, its original source of criminal records "hits."

## JURISDICTION AND VENUE

6.     The Court has jurisdiction under the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1331. Venue is proper in this Court under 28 U.S.C. § 1391(b) as the Defendant regularly does business in the district and division.

7.     The Plaintiff is a citizen of Richmond, Virginia and maintains all of the documents relevant to this dispute at his home in Richmond, Virginia.

## PARTIES

8.     Plaintiff is a "consumer" as protected and governed by the FCRA.

9.     Defendant Verifications Incorporated ("*Verifications*") operates as a "consumer reporting agency" as defined and governed by the FCRA. It also operates as a "reseller" of consumer report data.

## FACTUAL ALLEGATIONS

10.     In or around the months of August and September 2009, Plaintiff applied for a job with Interstate Brands Corporation, subject to a background check being conducted.

11.     On or about November 5, 2009, Interstate Brands Corporation requested a

3

background check from Defendant.

12. Immediately thereafter and in accordance with Defendant's standard procedures, Verifications ordered a report from National Background Data, a division of third party CoreLogic ("CoreLogic").

13. CoreLogic returned several "hits" attributed to the Plaintiff, including purported criminal conviction public records from Westmoreland Count, Pennsylvania.

14. The Westmoreland records did not belong to the Plaintiff. They regarded an unrelated man with a similar name, but entirely different social security number.

15. Plaintiff never received a letter or any other communication from CoreLogic.

16. As soon as Verifications received the CoreLogic report, it placed same within an online consumer report regarding the Plaintiff. While this report did not contain the details of the Pennsylvania convictions, it did report that the Plaintiff's history had come back with these "Hits" in a search of his national criminal background. This report ("First Report") was furnished immediately to the employer who by contract had access to (and did review) this report even before Defendant had completed same with the additional processes described below.

17. Despite that Verifications furnished the First Report, it did not send a notice to the Plaintiff "at the time" it furnished the report.

18. After receiving and reselling this CoreLogic-based report, Defendant then purchased the detailed information regarding the Pennsylvania records from third party Advanced Background Check, a regional consumer reporting agency located in Ohio.

19. Advanced Background Check then hired its own vendor who went online and checked the Pennsylvania judicial system website (which contains only general docket histories).

4

The social security numbers of criminal defendants are not available online and are only available if you contact the court clerk in the court where the conviction was entered.

20.     Both Plaintiff's counsel and counsel for Interstate Brands Corporation ("IBC"), the employer, each were able to obtain these records from the clerk without any delay or difficulty and simply by asking.

21.     The Pennsylvania records from the Court itself confirm that they do not belong to the Plaintiff and do not match his social security number.

22.     After Verifications received the report from Advanced Background Check, it then incorporated in into the ongoing and online consumer reporting it was furnishing to IBC regarding the Plaintiff.   The report it then furnished to the employer contained not only the CoreLogic "hit" results, but also now details from the Pennsylvania record claiming that Defendant had matched these records to the Plaintiff.  ("Final Report")

23.     IBC separately received and viewed the Final Report several days after it had access to Report One.

24.     Despite that Verifications furnished the Final Report, it did not send a notice to the Plaintiff "at the time" it furnished the report.

25.     Plaintiff received a letter dated November 17, 2009 from Interstate Brands Corporation with a copy of what the Defendant described as an "Investigative Consumer report" and advised the Plaintiff that a decision had been made not to give his application any further consideration based on information contained in the Consumer Report.

26.     Both the Verifications First Report and Final Report were "consumer reports" governed and as defined by the FCRA.

27.    The Verifications Final Report was also an "investigative consumer report" because a portion of the report contained and was based upon information regarding the Plaintiff's previous work history, which constituted information regarding his character, general reputation and/or personal characteristics, and was obtained through personal interviews with his previous employers having knowledge concerning such items of information.

28.    Upon receiving and reviewing the report, Plaintiff was surprised to learn that Defendant had inaccurately included a felony criminal record from Westmoreland County, Pennsylvania. The report contained information that did not belong to Plaintiff.  Defendant had inaccurately mixed Plaintiff's identity with that of a totally unrelated person.  The inaccurate information included public record information likely to have an adverse affect upon Plaintiff's ability to obtain employment.

29.    However, not withstanding the stranger's first and last name, the record Defendant incorrectly attributed to the Plaintiff evidenced a different address in Pennsylvania and it did not match the Plaintiff's social security number.

30.    In creating and furnishing the Plaintiff's consumer reports, Defendant failed to follow reasonable procedures to assure that the report was as accurate as maximally possible. For example, it allowed and/or used very loose match criteria to determine whether to include information pertaining to a stranger with a different social security number living in a different state at a different address within Plaintiff's consumer report.

31.    Defendant's failure to follow these reasonable procedures was a substantial factor in the rejection of Plaintiff's employment application and other related actual harm he suffered. As a result of the consumer report, Interstate Brands Corporation withdrew its conditional offer

of employment.

32.     After Defendant furnished the Final Report and Plaintiff received same in late 2009 from the employer, Plaintiff contacted Defendant and disputed the inaccuracy.

33.     Defendant responded to Plaintiff's dispute and for its results of the investigation it claimed that it had examined the original records in Pennsylvania and thereby verified the accuracy of its reporting.

34.     As it had with the original searches of the Pennsylvania records, the Defendant did not itself contact the actual courthouse records and instead relied on Advanced Background Check, which again simply hired another person to check the Pennsylvania judicial system website.

35.     In fact, after the events alleged herein, the records in Pennsylvania clearly showed that the social security number in the public records did not match that of the Plaintiff.   Had Defendant actually contacted the governmental source, it would have seen this obvious discrepancy.

36.     Although Defendant did not in fact consult the original source of the Pennsylvania public record, it represented in its response to the Plaintiff's dispute that it had done so.

37.     On information and belief, the Plaintiff alleges that it is Defendant's standard procedure to use private third parties to provide it the information used in its FCRA reinvestigations.  Defendant does not itself actual contact the original courthouse or actual public records governmental source.

38.     Despite providing a report for employment purposes to Plaintiff's and putative class members' prospective employers containing public record information likely to have an

7

adverse affect upon their ability to obtain or maintain employment, Defendant failed to provide notice "at the time" of the fact that the public record information was being reported by it, together with the name and address of the person(s) to whom such information was being reported.

39. On information and belief, Plaintiff alleges that Defendant did not attempt for any consumer to follow the option available at 15 U.S.C. § 1681k(a)(2), which requires a consumer reporting agency to actually contact the original source of public records information (e.g. the Court clerk) immediately before furnishing a report which includes such information. Title 15 U.S.C. § 1681k(a)(2) is thus inapplicable to the consumer reports at issue in this case.

40. Defendant knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission.

41. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

42. Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff and other members of the class of their rights under the FCRA.

43. Plaintiff alleges that Defendant's conduct as alleged herein was consistent with its established and systematically executed procedures and policies for compliance with the FCRA.

**CLAIMS FOR RELIEF**

**COUNT I - VIOLATION OF THE FCRA § 1681k(a)(1)**
**(CLASS ACTION)**

44.     Plaintiff reiterates each of the allegations in the preceding paragraphs as if set

forth at length herein.

45.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this

action for himself and on behalf of a class (the "1681k Class") initially defined as follows:

> All natural persons residing in the United States (including all
> territories and other political subdivisions of the United States) (a.)
> who were the subject of a *Verifications* consumer report, (b.) that
> was furnished for an employment purpose, (c.) that contained at
> least one record of a criminal conviction or arrest, civil lien,
> bankruptcy or civil judgment obtained directly from a source other
> than the courthouse or governmental entity that maintains such
> record (i.e. information from a non-governmental database), (d.)
> within five years next preceding the filing of this action and during
> its pendency, and (e.) to whom *Verifications* did not place in the
> United States mail postage pre-paid, on the day it furnished any
> part of the report, a written notice that it was furnishing the subject
> report and containing the name of the person that was to receive
> the report. Excluded from the class definition are any employees,
> officers, directors of Defendant, any attorney appearing in this
> case, and any judge assigned to hear this action.

46.     Plaintiff also proposes two alternate subclasses.  Defendant has indicated its

defense to the § 1681k claim asserting that it was not required to comply with this provision

because it had elected instead to comply with § 1681k(a)(2).  Accordingly, Plaintiff proposes:

a.     **1681k CoreLogic subclass** defined as:

> All natural persons residing in the United States (including all
> territories and other political subdivisions of the United States) (a.)
> who were the subject of a *Verifications* employment report, (b.)
> that was made available for a employer customer, (c.) furnished for
> an employment purpose, (d.) contained an affirmative a "National

Criminal Records Locator" result of "Concern/Discrepancy," (e.) within five years next preceding the filing of this action and during its pendency, and (f.) to whom *Verifications* did not place in the United States mail postage pre-paid, on the day it furnished any part of the report, a written notice that it was furnishing the subject report and containing the name of the person that was to receive the report. Excluded from the class definition are any employees, officers, directors of Defendant, any attorney appearing in this case, and any judge assigned to hear this action.

b.    **1681k Reseller subclass** defined as:

All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a.) who were the subject of a *Verifications* employment report, (b.) that was made available for a employer customer, (c.) furnished for an employment purpose, (d.) contained an affirmative a "County Criminal" result of "Concern/Discrepancy," (e.) where the data received by Verifications for the County Criminal results was not obtained by a Verifications employee directly from the governmental public records source, (f.) within five years next preceding the filing of this action and during its pendency, and (g.) to whom *Verifications* did not place in the United States mail postage pre-paid, on the day it furnished any part of the report, a written notice that it was furnishing the subject report and containing the name of the person that was to receive the report. Excluded from the class definition are any employees, officers, directors of Defendant, any attorney appearing in this case, and any judge assigned to hear this action.

47.    **Numerosity. FED. R. CIV. P. 23(a)(1).** The Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

48.    **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class. Without limitation, the total focus of the litigation will be Defendant's uniform conduct and

procedures, whether Defendant sent the required notices, when it did so and whether Defendant acted willfully in its failure to design and implement procedures to assure compliant delivery and/or timing of these notices.  Even the appropriate amount of uniform statutory and/or punitive damages under 15 U.S.C. §1681n is a common question.

49.    **Typicality. FED. R. CIV. P. 23(a)(3))**.  Plaintiff's claims are typical of the claims of each Class member.  Plaintiff seeks only statutory and punitive damages. In addition, Plaintiff is entitled to relief under the same causes of action as the other members of the Class.

50.    **Adequacy.** Plaintiff is an adequate representative of the Class because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously.  FED. R. CIV. P. 23(a4).  Plaintiff and his Counsel will fairly and adequately protect the interests of members of the Class.

51.    **Superiority.**    Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy.  FED. R. CIV. P. 23(b)(3).  The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct.  It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them.  Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts.  Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court

11

system presented by the complex legal and factual issues raised by Defendant's conduct.  By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

52.     **Injunctive Relief Appropriate for the Class.**  Class certification is appropriate because Defendant has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiff and the Class members. FED. R. CIV. P. 23(b)(2).

53.     Defendant's failure to timely provide the required FCRA notices to the Plaintiff and other members of the putative class violated 15 U.S.C. § 1681k(a)(1).

54.     The conduct, action, and inaction of Defendant was willful, rendering Defendant liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

55.     Plaintiff and other members of the putative class are entitled to recover costs and attorney's fees as well as appropriate equitable relief from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

56.     As a result of these FCRA violations, Defendant is liable to Plaintiff and to each Class Member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and for attorneys fees and costs pursuant to § 1681n.

## COUNT II - VIOLATION OF THE FCRA § 1681d
### (CLASS ACTION)

57. Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

58. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for himself and on behalf of a class (the "1681d Class") initially defined as follows:

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a.) who were the subject of a *Verifications* consumer report, (b.) that contained any information that was based upon information regarding the consumer's previous work history and was obtained through personal interviews with the consumer's previous employers, (c.) within two years next preceding the filing of this action and during its pendency, and (d.) (1.) the report was furnished to the recipient sooner than the end of three days after the date on which the report was first requested and/or (2.) the report was furnished before *Verifications* did receive a certification from the recipient that it had disclosed to the consumer in writing that an investigative consumer report might be made and the statement of a consumer's FCRA rights created by the Federal Trade Commission. Excluded from the class definition are any employees, officers, directors of Defendant, any attorney appearing in this case, and any judge assigned to hear this action.

59. **Numerosity. FED. R. CIV. P. 23(a)(1).** The Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

60. **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class. Without limitation, the total focus of the litigation will be Defendant's uniform conduct and procedures, whether Defendant sent the required notices, when it did so and whether Defendant acted willfully in its failure to design and implement procedures to assure compliant delivery

13

and/or timing of these notices.  Even the appropriate amount of uniform statutory and/or punitive damages under 15 U.S.C. §1681n is a common question.

61. **Typicality. FED. R. CIV. P. 23(a)(3))**.  Plaintiff's claims are typical of the claims of each Class member.  Plaintiff seeks only statutory and punitive damages. In addition, Plaintiff is entitled to relief under the same causes of action as the other members of the Class.

62. **Adequacy.** Plaintiff is an adequate representative of the Class because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously.  FED. R. CIV. P. 23(a4).  Plaintiff and his Counsel will fairly and adequately protect the interests of members of the Class.

63. **Superiority.**   Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy.  FED. R. CIV. P. 23(b)(3).  The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct.  It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them.  Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts.   Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct.  By contrast, the class action device will result in substantial benefits to the litigants and the Court by

14

allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

64. **Injunctive Relief Appropriate for the Class.** Class certification is appropriate because Defendant has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiff and the Class members. FED. R. CIV. P. 23(b)(2).

65. Defendant's furnishing of Investigative Consumer Reports without receiving first the disclosures required by 15 U.S.C. § 1681d(a)(2) violated 15 U.S.C. § 1681d(1) as to the Plaintiff and other members of the Section 1681d class.

66. The conduct, action, and inaction of Defendant was willful, rendering Defendant liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

67. Plaintiff and other members of the putative class are entitled to recover costs and attorney's fees as well as appropriate equitable relief from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

68. As a result of these FCRA violations, Defendant is liable to Plaintiff and to each Section 1681d Class Member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and for attorneys fees and costs pursuant to § 1681n.

### COUNT III - VIOLATION OF THE FCRA § 1681i(a)(6)(A)
### (CLASS ACTION)

69. Plaintiff reiterates each of the allegations in the preceding paragraphs as if set

forth at length herein.

70.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for himself and on behalf of a class (the "1681i(a)(6)(A) Class") initially defined as follows:

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a.) who disputed to Verifications the accuracy or completeness of a public record, (b.) within five years next preceding the filing of this action and during its pendency, and where (c.) Verifications did not contact the governmental agency or entity that created or maintained the public record, but (d.) did represent to the consumer in its investigation results that it had done so. Excluded from the class definition are any employees, officers, directors of Defendant, any attorney appearing in this case, and any judge assigned to hear this action.

71.     **Numerosity. FED. R. CIV. P. 23(a)(1).** The Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

72.     **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class. Without limitation, the total focus of the litigation will be Defendant's uniform conduct and procedures, whether Defendant sent the required notices, when it did so and whether Defendant acted willfully in its failure to design and implement procedures to assure compliant delivery and/or timing of these notices.  Even the appropriate amount of uniform statutory and/or punitive damages under 15 U.S.C. § 1681n is a common question.

73.     **Typicality. FED. R. CIV. P. 23(a)(3)).**  Plaintiff's claims are typical of the claims

16

of each Class member.  Plaintiff seeks only statutory and punitive damages. In addition, Plaintiff is entitled to relief under the same causes of action as the other members of the Class.

74.     **Adequacy.** Plaintiff is an adequate representative of the Class because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously.  FED. R. CIV. P. 23(a)(4).  Plaintiff and his Counsel will fairly and adequately protect the interests of members of the Class.

75.     **Superiority.**   Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy.  FED. R. CIV. P. 23(b)(3).  The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct.  It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them.  Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts.  Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct.  By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

76.     **Injunctive Relief Appropriate for the Class.**  Class certification is appropriate

because Defendant has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiff and the Class members. FED. R. CIV. P. 23(b)(2).

77.     Defendant's procedure by which it does not contact the governmental courthouse or other original source of a public record, using instead its check of a database or a private data source, but represents to the consumer who disputed such a record that it had in fact contacted the governmental agency or entity violated 15 U.S.C. § 1681i(a)(6)(A) as to the Plaintiff and other members of the Section 1681i(a)(6)(A) class.

78.     The conduct, action, and inaction of Defendant was willful, rendering Defendant liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

79.     Plaintiff and other members of the putative class are entitled to recover costs and attorney's fees as well as appropriate equitable relief from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

80.     As a result of these FCRA violations, Defendant is liable to Plaintiff and to each Section 1681i(a)(6)(A) Class Member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2), and for attorneys fees and costs pursuant to § 1681n.

## COUNT IV - VIOLATION OF THE FCRA § 1681i(f)(2)
### (CLASS ACTION)

81.     Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

82.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this

action for himself and on behalf of a class (the "1681f Class") initially defined as follows:

> All natural persons residing in the United States (including all
> territories and other political subdivisions of the United States) (a.)
> who disputed to Verifications the accuracy or completeness of a
> public record in their consumer file at Verifications, (b.) within
> five years next preceding the filing of this action and during its
> pendency, (c.) which public record was initially or otherwise
> reported to Verifications by a third party consumer reporting
> agency, and where (d.) Verifications did not contact the
> governmental agency or entity that created or maintained the
> public record, but (e.) did represent to the consumer in its
> investigation results that it had done so. Excluded from the class
> definition are any employees, officers, directors of Defendant, any
> attorney appearing in this case, and any judge assigned to hear this
> action.

83.     Plaintiff also proposes two alternate subclasses, each limited to disputes regarding

files that contained data received from CoreLogic and/or Advanced Background Check.. Plaintiff

proposes:

a.     **1681f CoreLogic subclass** defined as:

> All natural persons residing in the United States (including all
> territories and other political subdivisions of the United States) (a.)
> who disputed to Verifications the accuracy or completeness of a
> public record in their consumer file at Verifications, (b.) within
> five years next preceding the filing of this action and during its
> pendency, (c.) which public record was initially or otherwise
> reported to Verifications by CoreLogic, and where (d.)
> Verifications did not contact the governmental agency or entity
> that created or maintained the public record, but (e.) did represent
> to the consumer in its investigation results that it had done so.
> Excluded from the class definition are any employees, officers,
> directors of Defendant, any attorney appearing in this case, and any
> judge assigned to hear this action.

b.     **1681f Reseller subclass** defined as:

All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a.) who disputed to Verifications the accuracy or completeness of a public record in their consumer file at Verifications, (b.) within five years next preceding the filing of this action and during its pendency, (c.) which public record was initially or otherwise reported to Verifications by Advanced Background Check, and where (d.) Verifications did not contact the governmental agency or entity that created or maintained the public record, but (e.) did represent to the consumer in its investigation results that it had done so. Excluded from the class definition are any employees, officers, directors of Defendant, any attorney appearing in this case, and any judge assigned to hear this action.

84.     **Numerosity. FED. R. CIV. P. 23(a)(1).** The Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

85.     **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class. Without limitation, the total focus of the litigation will be Defendant's uniform conduct and procedures, whether Defendant forwarded the class member disputes to the original consumer reporting agency that sold the underlying data to Verifications, and whether Defendant acted willfully in its failure to design and implement procedures to assure compliance with these FCRA provisions.  Even the appropriate amount of uniform statutory and/or punitive damages under 15 U.S.C. § 1681n is a common question.

86.     **Typicality. FED. R. CIV. P. 23(a)(3)).** Plaintiff's claims are typical of the claims of each Class member.  Plaintiff seeks only statutory and punitive damages. In addition, Plaintiff is entitled to relief under the same causes of action as the other members of the Class.

87.   **Adequacy.** Plaintiff is an adequate representative of the Class because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously.  FED. R. CIV. P. 23(a)(4).  Plaintiff and his Counsel will fairly and adequately protect the interests of members of the Class.

88.   **Superiority.**   Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy.  FED. R. CIV. P. 23(b)(3).  The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct.  It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them.  Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts.   Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct.  By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

89.   **Injunctive Relief Appropriate for the Class.**  Class certification is appropriate because Defendant has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiff and the Class members. FED. R. CIV. P.

23(b)(2).

90.     Defendant's procedure by which it does not forward the consumer disputes it receives regarding data it obtained from other third party consumer reporting agencies violated 15 U.S.C. § 1681f(a) as to the Plaintiff and other members of the Section 1681f class.

91.     The conduct, action, and inaction of Defendant was willful, rendering Defendant liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

92.     Plaintiff and other members of the putative class are entitled to recover costs and attorney's fees as well as appropriate equitable relief from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

93.     As a result of these FCRA violations, Defendant is liable to Plaintiff and to each Section 1681f(a) Class Member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and for attorneys fees and costs pursuant to § 1681n.

## COUNT V -  FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681e(b)
## (INDIVIDUAL CLAIM)

94.     Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

95.     Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report it furnished regarding the Plaintiff.

96.     As a result of this conduct by the Defendant the Plaintiff suffered actual damages,

including without limitation, by example only and as described herein on his behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

97.     Defendant's violations of 15 U.S.C. § 1681e(b) were willful, rendering Defendant liable pursuant to 15 U.S.C. § 1681n.  In the alternative, the Defendant was negligent entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

98.     The Plaintiff is entitled to recover actual damages and/or statutory damages, punitive damages, costs and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT VI -  FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i(a)(1)
### (INDIVIDUAL CLAIM)

99.     Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

100.    Defendant violated 15 U.S.C. § 1681i(a)(1) by failing to establish or to conduct a reasonable reinvestigation of the inaccurate Pennsylvania public record after receiving the Plaintiff's dispute.

101.    As a result of this conduct by the Defendant the Plaintiff suffered actual damages, including without limitation, by example only and as described herein on his behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

102.    Defendant's violations of 15 U.S.C. § 1681i(a)(1) were willful, rendering Defendant liable pursuant to 15 U.S.C. § 1681n.  In the alternative, the Defendant was negligent

entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

103.    The Plaintiff is entitled to recover actual damages and/or statutory damages, punitive damages, costs and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

WHEREFORE, Plaintiff and the Class Members pray for relief as follows:

a.      That an order be entered certifying the proposed Classes under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Classes;

b.      That judgment be entered for Plaintiff individually against Defendant for actual and/or statutory damages and punitive damages for violation of 15 U.S.C. §§ 1681e(b) and 1681i(a)(1), pursuant to 15 U.S.C. §§ 1681n and 1681o;

c.      That judgment be entered for the class against Defendant for statutory damages and punitive damages for violation of 15 U.S.C. §§ 1681k(a), 1681d(1), 1681i(a)(1) and 1681f(a)(1) pursuant to 15 U.S.C. § 1681n. That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §§ 1681n and 1681o; and,

d.      That the Court grant such other and further relief as may be just and proper.

TRIAL BY JURY IS DEMANDED.

**TYRONE HENDERSON,**
**For himself and on behalf of all**
**similarly situated individuals.**


By:       _____/s/_____
          Leonard A. Bennett
          VSB #37523
          Attorney for Plaintiff
          Consumer Litigation Associates, P.C.
          763 J. Clyde Morris Blvd., Suite 1-A
          Newport News, VA 23601
          Phone: (757) 930-3660
          Fax: (757) 930-3662
          Email: lenbennett@clalegal.com

          Dale W. Pittman
          VSB #15673
          Attorney for Plaintiff
          The Law Office of Dale W. Pittman, P.C.
          112-A W Tabb Street
          Petersburg, VA 23803-3212
          Telephone: (804) 861-6000
          Fax: (804) 861-3368
          Email: dale@pittmanlawoffice.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of January, 2012 I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification to the following:

Charles Kalman Seyfarth
LeClair Ryan PC (Richmond)
Riverfront Plaza - East Tower
951 E Byrd St
Richmond, VA 23219
804-916-7159
Fax: 804-916-7259
Email: charles.seyfarth@leclairryan.com

Megan Starace Ben'Ary
LeClair Ryan PC (Alexandria)
2318 Mill Road
Suite 1100
Alexandria, VA 22314
703-647-5933
Fax: 703-647-5983
Email: megan.benary@leclairryan.com

_____/s/_____
Leonard A. Bennett, VSB#37523
Counsel for the Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Tel:    757-930-3660
Fax:    757-930-3662
lenbennett@clalegal.com