UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| TYRONE HENDERSON, <br> on behalf of himself and others <br> similarly situated, <br><br>   Plaintiff, <br><br> v. <br><br> VERIFICATIONS INCORPORATED, <br><br>   Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> )   Civil Action No. 3:11cv514-REP <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM IN SUPPORT OF VERIFICATIONS' MOTION TO DISMISS
COUNTS I, II AND III OF PLAINTIFF'S FIRST AMENDED CLASS COMPLAINT**

  VERIFICATIONS, INC. ("Verifications"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and Local Civil Rule 7(f), submits this Memorandum in support of its Motion to Dismiss Counts I, II and III of the First Amended Class Complaint filed by Plaintiff Tyrone Henderson ("Plaintiff").

## INTRODUCTION

  This dispute arises from a background report prepared by Verifications relating to Plaintiff's application for employment. Plaintiff has filed this action on behalf of himself, and a putative class, alleging various violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. Plaintiff's First Amended Class Complaint ("Amended Complaint") includes six separate counts, alleging both class action and individual claims.

  Three of the six counts contained in the Amended Complaint fail to state a viable cause of action against Verifications. Specifically, Count I fails to plead the basic elements necessary to state a cause of action. Count II fails to provide sufficient factual allegations (as opposed to

unsupported legal conclusions) to state a viable cause of action. And, Count III simply misstates the requirements of the applicable law. Accordingly, for the reasons discussed *infra*, Counts I, II and III of the Amended Complaint should be dismissed, and the parties should move forward with the remaining Counts at issue.

## FACTS

Plaintiff Tyrone Henderson applied for a job with Interstate Brands Corporation ("IBC"). (Am. Compl. ¶ 10.) As part of the job application process, IBC requested a background check on Tyrone Henderson from Verifications. (*Id*. ¶ 11.) As part of the background check process, Verifications requested and received from National Background Data ("NBD") information about certain public records in the name Tyrone Henderson. (*Id*. ¶¶ 12-13.) Based on the information obtained from NBD, Verifications directed Advanced Background Check ("ABC"), a vetted and qualified field researcher, to review the public records in the name Tyrone Henderson available in Westmoreland County, Pennsylvania. (*Id*. ¶¶ 18-19.) Verifications incorporated information obtained from ABC about the Westmoreland County records into a background report that was furnished to IBC (hereinafter, "Background Report"). (*Id*. ¶ 22.)

Plaintiff received a preliminary adverse action letter from IBC dated November 17, 2009, which included a copy of the Background Report, and which stated that IBC decided not to give his application further consideration based on information contained in the report. (*Id*. ¶ 25.) Upon receipt of this letter, Plaintiff contacted Verifications to dispute the accuracy of the Westmoreland County records contained in the Background Report. (*Id*. ¶ 32.) In response, Verifications conducted a reinvestigation of Plaintiff's dispute and advised Plaintiff that it had confirmed the accuracy of its reporting. (*Id*. ¶ 33.)

In this action, Plaintiff alleges that the Westmoreland County records contained in the Background Report did not belong to him, and therefore, the Background Report was inaccurate. (*Id*. ¶ 28.) Further, Plaintiff contends that Verifications did not consult the original source of the Pennsylvania public records in its reinvestigation. (*Id*. ¶ 36.) Before the Court and the parties are in a position to move forward with evaluating the merits of Plaintiff's various allegations, it is first necessary to address the fact that three of Plaintiff's six desired claims fail to state a viable cause of action against Verifications upon which relief can be granted.

## STANDARD OF REVIEW

The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In considering a motion to dismiss, a plaintiff's well pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, courts are not bound to accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Nor is the court bound to accept the legal conclusions drawn from the facts or accept as true the unwarranted inferences or unreasonable conclusions. *E. Shore Mkt., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must allege sufficient facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations contained in the complaint must be enough to raise a right to relief above the <u>speculative</u> level to one that is <u>plausible</u> on its face, rather than merely conceivable. *Id*. A complaint achieves facial plausibility only when it contains sufficient factual allegations supporting the reasonable inference that the defendant is

liable for the misconduct alleged. *Id*. at 556. Moreover, the plaintiff must allege facts sufficient to state all elements of his claim. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003).[1]

## ARGUMENT AND LEGAL AUTHORITIES

I. **Plaintiff Fails To State A Viable Claim Under § 1681k(a).**

Count I of the Amended Complaint purports to state a claim for the violation of § 1681k(a). Plaintiff contends that Verifications failed to provide timely notice required by § 1681k(a)(1), and therefore, violated the FCRA. (Am. Compl. ¶ 53.) However, complying with § 1681k(a)(1) is only one of the two ways a consumer reporting agency can satisfy its duties under this provision of the FCRA. Section 1681k(a)(2) provides the second option available to consumer reporting agencies. Here, Plaintiff does not allege that Verification has failed to comply with the second option, and therefore, Plaintiff fails to state a viable cause of action under § 1681k(a).

Section 1681k(a) requires a consumer reporting agency that furnishes, for employment purposes, a consumer report containing matters of public record that are likely to have an adverse effect upon a consumer's ability to obtain employment to comply with *one* of the following provisions:

> (1) at the time such public record information is reported to the
> user of such consumer report, notify the consumer of the fact that

---

[1] A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions -- a formulaic recitation of the elements of a cause of action will not do. *Twombly*, 550 U.S. at 555. The plausibility standard requires a plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A complaint containing facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility of 'entitle[ment] to relief.'" *Twombly,* 550 U.S. at 557 (citations omitted).

> public record information is being reported by the consumer reporting agency . . . ; *or*
>
> (2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date. . . .

15 U.S.C. § 1681k(a) (emphasis added); *Dalton v. Capital Assoc. Indus., Inc.*, 257 F.3d 409, 417 (4th Cir. 2001) (acknowledging that a consumer reporting agency is obligated to do one of two things under § 1681k(a)).

In short, § 1681k(a) provides two options. A consumer reporting agency can (1) send the notice provided for in § 1681k(a)(1); or (2) maintain the "strict procedures" provided for in § 1681k(a)(2). In order to state a viable claim for the violation of § 1681k(a), a plaintiff must allege the defendant failed to satisfy *both* options. *See Dalton*, 257 F.3d at 417.

Here, Plaintiff alleges only that Verifications failed to comply with one of the two available options--providing the notice required by § 1681k(a)(1). (Am. Compl. ¶ 53; *see also id*. ¶¶ 4, 17, 24, and 38.) Plaintiff does not allege that Verifications failed to maintain strict procedures designed to insure that whenever public record information, likely to have an adverse effect on a consumer's ability to obtain employment, is reported it is complete and up to date. 15 U.S.C. § 1681k(a)(2). Accordingly, because Plaintiff has failed to allege that Verifications did not comply with *both* components of § 1681k(a), he fails to plead a viable cause of action for the violation of § 1681k(a).

Notably, Plaintiff attempts to side-step the failure of his pleadings by offering the unsupported, bare assertion that:

> On information and belief, Plaintiff alleges that Defendant did not attempt for any consumer to follow the option available at 15 U.S.C. § 1681k(a)(2), which requires a consumer reporting agency to actually contact the original source of public records

5

> information (e.g., the Court clerk) immediately before furnishing a report which includes such information. Title 15 U.S.C. § 1681k(a)(2) is thus inapplicable to the consumer reports at issue in this case.

(Am. Compl. ¶ 39.) This clever pleading fails to cure the fundamental deficiency in Count I for two reasons. First, it misstates the requirements of § 1681k(a)(2). Specifically, § 1681k(a)(2) sets forth a requirement directed to consumer reporting agencies, and not an "option" directed to the consumer. Further, § 1681k(a)(2) does not require a consumer reporting agency to "actually contact the original source of public records information." (*Id*.) Rather, it merely requires that the consumer reporting agency maintain procedures to insure that when information likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date. 15 U.S.C. § 1681k(a)(2).

Second, the "upon information and belief" allegations in paragraph 39 are nothing more than legal conclusions, and as such, are not entitled to a presumption of truth by this Court. *Papasan*, 478 U.S. at 286; *In re Lilley*, No. 10-81078C-13D, 2011 WL 1428089, at *3 (Bankr. M.D.N.C. Apr. 13, 2011) (couching conclusory recitals in terms of "information and belief" is an inadequate substitute for providing detail as to why the element is present in an action.); *Essex Ins. Co. v. Miles*, No. 10–3598, 2010 WL 5069871, at *3 (E.D. Pa. Dec. 3, 2010) (reliance on information and belief cannot transform legal conclusions into plausible factual allegations).

Ironically, Plaintiff's failure to allege a violation of § 1681k(a)(2) is magnified by the fact that Plaintiff himself acknowledges in the Amended Complaint that Verifications intends to rely on § 1681k(a)(2) in its defense of this claim. (Am. Compl. ¶ 46.) Despite this acknowledgement, Plaintiff still fails to allege the fundamental requirement that Verifications did not comply with § 1681k(a)(2).

Simply put, Plaintiff fails to plead that Verifications did not satisfy the requirements of *both* § 1681k(a)(1) and § 1681k(a)(2). Accordingly, he fails to state a viable cause of action against Verifications for a violation of § 1681k(a), and Count I should be dismissed. *See Bass*, 324 F.3d at 765 (the plaintiff must allege facts sufficient to state all elements of his claim).

## II. Plaintiff Fails To State A Viable Claim Under § 1681d.

In Count II, Plaintiff attempts to allege a violation of § 1681d, which governs investigative consumer reports. Specifically, Plaintiff contends that Verifications furnished an investigative consumer report without first receiving the disclosures required by 15 U.S.C. § 1681d(a)(2). (Am. Compl. ¶ 65.) However, Count II fails to state a viable cause of action because Plaintiff has failed to state a claim for relief that is plausible on its face.[2]

It is axiomatic that in order for there to be an alleged violation of § 1681d, the report in question must be an investigative consumer report. For purposes of the FCRA, an "investigative consumer report" is defined as:

> a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is *obtained through personal interviews* with neighbors, friends, or associates of the consumer reported on or with others with whom he is acquainted or who may have knowledge concerning any such items of information.

---

[2] The factual allegations contained in the complaint must be enough to raise a right to relief above the speculative level to one that is plausible on its face, rather than merely conceivable. *Twombly*, 550 U.S. at 570. A complaint achieves facial plausibility only when it contains sufficient factual allegations supporting the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. Moreover, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions -- a formulaic recitation of the elements of plaintiff's desired cause of action will not do. *Id*. at 555.

15 U.S.C. § 1681a(e) (emphasis added).  Thus, for a report to be an "investigative consumer report" under the FCRA, it must contain personal, character information regarding the consumer obtained through personal interviews. *Id.*

Here, Plaintiff fails to provide the requisite factual allegations necessary to survive a motion to dismiss.  Instead, the Amended Complaint offers nothing more than the self-serving conclusory statement that the report in question is an investigative consumer report:

> The Verifications Final Report was also an "investigative consumer report" because a portion of the report contained and was based upon information regarding the Plaintiff's previous work history, which constituted information regarding his character, general reputation and/or personal characteristics, and was obtained through personal interviews with his previous employers having knowledge concerning such items of information.

(Am. Compl. ¶ 27.)

Plaintiff fails to set forth any facts in support of this bare averment.  For instance, the Amended Complaint fails to provide any information regarding the personal interviews that Plaintiff contends occurred.  Plaintiff fails to provide even the most basic details, such as who was interviewed, who conducted the interviews, and when the interviews took place.  Further, and tellingly, the Amended Complaint fails to provide any information regarding the actual character, general reputation and/or personal characteristic information that Plaintiff contends was obtained through these personal interviews.

Logic dictates that Plaintiff is in possession of these basic facts and information because Plaintiff has a copy of the report which he contends is an investigative consumer report.  (Am. Compl. ¶ 28.)  Therefore, it should be relatively simple for Plaintiff to provide the factual support necessary to state a viable claim.  Nevertheless, for whatever reason, Plaintiff fails to

include any facts at all in support of the desired claim. Instead, Plaintiff unilaterally concludes that the report in question is an investigative consumer report. That is not sufficient to survive a motion to dismiss. Without more, Plaintiff's claim under § 1681d can not go forward.

Simply put, Count II of the Amended Complaint fails to provide any factual allegations that would transform Plaintiff's conclusory allegations into allegations that support a plausible cause of action. Accordingly, Count II fails to satisfy the requirements of *Twombly* and its progeny and it should be dismissed.

**III.     Henderson Fails To State A Viable Claim Under § 1681i(a)(6)(A).**

Count III of the Amended Complaint alleges a violation of § 1681i(a)(6)(A). (Am. Compl. ¶ 77.) Specifically, Plaintiff contends:

> Defendant's procedure by which it does not contact the governmental courthouse or other original source of a public record, using instead its check of a database or a private data source, but represents to the consumer who disputed such a record that it had in fact contacted the governmental agency or entity violated 15 U.S.C. § 1681i(a)(6)(A)[.]

(*Id*.) However, there is a fundamental disconnect between Plaintiff's factual contentions and his alleged violation of § 1681i(a)(6)(A). More simply, Plaintiff's allegations do not state a violation of § 1681i(a)(6)(A).

Section 1681i(a)(6)(A) of the FCRA requires a consumer reporting agency to provide written notice to a consumer of the results of a reinvestigation not later than five business days after the completion of the reinvestigation. 15 U.S.C. § 1681i(a)(6)(A). Section 1681i(a)(6)(A) does not require a consumer reporting agency to contact the "governmental courthouse or other original source of a public record." Nor does § 1681i(a)(6)(A) regulate the content of the written notice to be provided to the consumer. *Id*. In short, by itself, § 1681i(a)(6)(A) simply requires

written notice to a consumer no later than five days after completion of a reinvestigation. *Id*. at § 1681i(a)(6)(A).

In this action, Plaintiff does not allege any facts in the Amended Complaint that would give rise to a violation of § 1681i(a)(6)(A). Plaintiff does not allege that Verifications failed to send him written notice of the results of its reinvestigation. Nor does Plaintiff contend that such written notice was untimely, or otherwise failed to comply with the requirements articulated in § 1681i(a)(6)(A). For this reason alone, Plaintiff fails to plead sufficient facts to state a claim under § 1681i(a)(6)(A).[3]

Rather than relying upon, and properly pleading, the stated requirements of § 1681i(a)(6)(A), Plaintiff appears to focus instead on Verifications' alleged "procedure by which it does not contact the governmental courthouse or other original source of a public record, using instead its check of a database or private data source, but represents to the consumer who disputed such a record that it had in fact contacted the governmental agency or entity…" (Am. Compl. ¶ 36.) The Amended Complaint, however, fails to establish how this allegation, even if taken as true, violates § 1681i(a)(6)(A)'s requirement that Verifications send written notice to Plaintiff of the results of its reinvestigation. As such, Count III should be dismissed because Plaintiff fails to plead sufficient facts to state a claim for relief that is plausible on its face.

## CONCLUSION

Counts I, II and III of the Amended Complaint each fail to plead the basic requirements and facts necessary to state a viable cause of action against Verifications sufficient to survive a

---

[3] Section 1681i(a)(6)(B), although not cited in the Amended Complaint, sets forth the information that must be included as part of, or in addition to, the notice required by subparagraph (A). Section § 1681i(a)(6)(B) does not, however, impose any requirements about how a consumer reporting agency must conduct a reinvestigation.

motion to dismiss. Accordingly, for the reasons stated herein, Verifications respectfully requests that the Court grant its Motion to Dismiss and dismiss Counts I, II and III of Plaintiff's First Amended Class Complaint.

Dated: February 28, 2012                                          Respectfully submitted,

                                                                  VERIFICATIONS, INC.


_____/s/_____
Charles K. Seyfarth (Va. Bar No. 44530)
LeCLAIRRYAN, A Professional Corporation
Riverfront Plaza – East Tower
951 E. Byrd Street, Eighth Floor
Richmond, Virginia 23219
Telephone: (804) 916-7159
Facsimile: (804) 916-7259
Charles.Seyfarth@leclairryan.com

Megan S. Ben'Ary (Va. Bar No. 47349)
Nicole Pszczolkowski (Va. Bar. No. 80826)
LeCLAIRRYAN, A Professional Corporation
2318 Mill Road, Suite 1100
Alexandria, VA 22314
Telephone: (703) 684-8007
Facsimile: (703) 647-5983
Megan.Benary@leclairryan.com
Nicole.Pszczolkowski@leclairryan.com

***Counsel for Verifications, Inc.***

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of February, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send a notification of such filing to the following:

Dale W. Pittman, Esquire
The Law Office of Dale W. Pittman, P.C.
112-A W. Tabb St.
Petersburg, Virginia 23803

Leonard A. Bennett, Esquire
Susan Mary Rotkis, Esquire
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Boulevard, Suite 1A
Newport News, VA  23601

Christopher C. North, Esquire
The Consumer & Employee Rights Law Firm, P.C.
751-A Thimble Shoals Blvd.
Newport News, Virginia 23606

*Counsel for Plaintiff*


           /s/
Megan S. Ben'Ary (Va. Bar No. 47349)
LeCLAIRRYAN, A Professional Corporation
2318 Mill Road, Suite 1100
Alexandria, VA  22314
Telephone: (703) 684-8007
Facsimile:  (703) 647-5983
Megan.Benary@leclairryan.com

*Counsel for Verifications, Inc.*