UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| TYRONE HENDERSON, | ) | |
| on behalf of himself and others | ) | |
| similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:11cv514-REP |
| | ) | |
| VERIFICATIONS INCORPORATED, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER TO FIRST AMENDED CLASS COMPLAINT

VERIFICATIONS, INC. ("Verifications"), incorrectly identified as "Verifications Incorporated," by counsel, states the following for its Answer to Plaintiff's First Amended Class Complaint ("Complaint"):

## INTRODUCTION

1.      In response to Paragraph 1, Verifications admits that Plaintiff purports to bring claims for himself and for a class of individuals that he proposes to represent for alleged violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. 1681, *et seq.*   Verifications denies any and all alleged violations of the FCRA and denies that this action may be properly maintained as a class action.   Verifications denies the remaining allegations, if any, contained in Paragraph 1 and demands strict proof thereof.

2.      In response to Paragraph 2, Verifications states that with regard to this particular litigation whether Verifications is a consumer reporting agency or whether it provided a consumer report, are legal conclusions which require no response from Verifications. Verifications admits that, at certain times, and in certain capacities, it functions as a consumer

reporting agency, and at certain times, and in certain capacities, it provides consumer reports to employers.   Verifications denies the remaining allegations contained in Paragraph 2 and demands strict proof thereof.

3.     In response to Paragraph 3, Verifications admits that Plaintiff seeks to allege an individual claim under 15 U.S.C. § 1681e(b).   The requirements of that statute speak for themselves.   Verifications denies any alleged violations of the FCRA.   Verifications is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to Plaintiff's employment status.   Verifications denies the remaining allegations contained in Paragraph 3 and demands strict proof thereof.

4.     In response to Paragraph 4, Verifications admits that Plaintiff seeks to allege a class claim under 15 U.S.C. § 1681k.   The requirements of that statute speak for themselves. Verifications denies any alleged violations of the FCRA and denies that this action may be properly maintained as a class action.   Verifications denies the remaining allegations contained in Paragraph 4 and demands strict proof thereof.

5.     In response to Paragraph 5, Verifications admits that Plaintiff seeks to allege several claims under 15 U.S.C. § 1681i.   The requirements of that statute speak for themselves. Verifications denies any alleged violations of the FCRA and denies that the claims under §§ 1681i(a)(6) and 1681i(f)(2) may be properly maintained as a class action.   Verifications denies the remaining allegations contained in Paragraph 5 and demands strict proof thereof.

## JURISDICTION AND VENUE

6.     In response to Paragraph 6, Verifications admits that Plaintiff has alleged jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.   Verifications admits that Plaintiff has also alleged that venue is proper pursuant to 28 U.S.C. § 1391(b).   Verifications

2

states that these are legal conclusions which require no response from Verifications. Verifications admits that it conducts business in the Commonwealth of Virginia. Verifications denies the remaining allegations contained in Paragraph 6 and demands strict proof thereof.

7.    In response to Paragraph 7, Verifications is without knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 7, and therefore, denies these allegations and demands strict proof thereof.

## PARTIES

8.    In response to Paragraph 8, the allegation that Plaintiff is a "consumer" as protected and governed by the FCRA is a legal conclusion which requires no response from Verifications.  Verifications denies the remaining allegations, if any, contained in Paragraph 8 and demands strict proof thereof.

9.    In response to Paragraph 9, the allegations that Verifications operates as a "consumer reporting agency" as defined and governed by the FCRA and that it operates as a "reseller" of consumer report data are legal conclusions which require no response from Verifications.  Verifications admits that, at certain times, and in certain capacities, it functions as a consumer reporting agency, and at certain times, and in certain capacities, it provides consumer reports to employers.  Verifications denies the remaining allegations contained in Paragraph 9 and demands strict proof thereof.

## FACTUAL ALLEGATIONS

10.    In response to Paragraph 10, upon information and belief, Verifications understands that Plaintiff applied for a job with Interstate Brands Corporation ("IBC"). Verifications is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in Paragraph 10, and therefore, denies these allegations and demands strict proof thereof.

11.      In response to Paragraph 11, Verifications admits that, on or about November 5, 2009, IBC ordered a background investigation report from Verifications.  Verifications denies the remaining allegations, if any, contained in Paragraph 11 and demands strict proof thereof.

12.      In response to Paragraph 12, Verifications admits that it obtained public record information from National Background Data, LLC ("National Background Data") about an individual named Tyrone Henderson with the same date of birth as the Plaintiff.  Verifications denies the remaining allegations contained in Paragraph 12 and demands strict proof thereof.

13.      Verifications denies the allegations contained in Paragraph 13 and demands strict proof thereof.

14.      In response to Paragraph 14, Verifications admits that the Westmoreland records regard an individual named Tyrone Henderson, with the same date of birth as the Plaintiff, but that the social security number contained in the court's file differs from the social security number  provided by Plaintiff to IBC.  Verifications denies the remaining allegations, if any, contained in Paragraph 14 and demands strict proof thereof.

15.      Verifications is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15, and therefore, denies these allegations and demands strict proof thereof.

16.      Verifications denies the allegations contained in the first and second sentences of Paragraph 16 and demands strict proof thereof.  In further response, Verifications states that, consistent with its standard practice, it did not report any information obtained from National Background Data to IBC.  Instead, Verifications conducted a search of the public records in

4

Westmoreland County, Pennsylvania through a field researcher, Advance Background Check, before any such information was included in the background investigation report provided to IBC. In response to the third sentence of Paragraph 16, Verifications is without knowledge or information sufficient to form a belief as to what, if any, information the employer reviewed with respect to the status of Plaintiff's background investigation report during the referenced time period. In addition, Verifications denies that the "First Report" identified by Plaintiff is a "consumer report" as defined by the FCRA. Verifications denies the remaining allegations contained in Paragraph 16 and demands strict proof thereof.

17.     In response to Paragraph 17, Verifications denies that it furnished a "First Report" to IBC and denies that any information provided to IBC regarding the status of the requested background report on Tyrone Henderson constituted a "consumer report" as defined by the FCRA. In further response, Verifications admits that it did not send Plaintiff a notice "at the time" of its communication with IBC, however, Verifications denies that such notice is required under the FCRA. Verifications denies the remaining allegations, if any, contained in Paragraph 17 and demands strict proof thereof.

18.     In response to Paragraph 18, Verifications admits only that it retained Advance Background Check to conduct a search of the public records in the name of Tyrone Henderson in Westmoreland County, Pennsylvania. Verifications denies the remaining allegations contained in Paragraph 18 and demands strict proof thereof.

19.     Verifications is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19, and therefore, denies these allegations and demands strict proof thereof.

20.     Verifications is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in Paragraph 20, and therefore, denies these allegations and demands strict proof thereof.

21.     In response to Paragraph 21, Verifications states that the Pennsylvania records speak for themselves and Verifications denies any allegations inconsistent therewith. Verifications denies the remaining allegations, if any, contained in Paragraph 21 and demands strict proof thereof.

22.     Verifications denies the allegations contained in Paragraph 22 and demands strict proof thereof.

23.     Verifications is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23, and therefore, denies these allegations and demands strict proof thereof.

24.     In response to Paragraph 24, Verifications admits that it did not send a notice to Plaintiff "at the time" it furnished the background investigation report about him to IBC.  In further response, Verifications states that did not send Plaintiff notice pursuant to 15 U.S.C. 1681k(a)(1), because, as is allowable under the FCRA, Verifications employs the option available in Section 1681k(a)(2) by maintaining strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date.   Verifications denies the remaining allegations, if any, contained in Paragraph 24 and demands strict proof thereof.

25.     In response to Paragraph 25, Verifications admits that on or about November 17, 2009, IBC sent Plaintiff a letter containing a background investigation report and a copy of "A Summary of Your Rights Under the Fair Credit Reporting Act."  The letter and its contents speak for themselves.  Verifications denies that the background investigation report contained in the

6

letter is an "investigative consumer report" as defined by the FCRA. Verifications denies the remaining allegations, if any, contained in Paragraph 25 and demands strict proof thereof.

26.     In response to Paragraph 26, the allegations that the "First Report" and "Final Report" were "consumer reports" governed and as defined by the FCRA are legal conclusions which require no response from Verifications. To the extent a response is deemed to be required, Verifications denies the allegations contained in Paragraph 26 and demands strict proof thereof.

27.     In response to Paragraph 27, the allegation that the "Final Report" was also an "investigative consumer report" is a legal conclusion which requires no response from Verifications. To the extent a response is deemed to be required, Verifications denies the allegations contained in Paragraph 27 and demands strict proof thereof.

28.     Verifications is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 28, and therefore, denies these allegations and demands strict proof thereof. In response to the second sentence of Paragraph 28, the background report and its contents speak for themselves and Verifications denies anything inconsistent therewith. Verifications denies the remaining allegations contained in Paragraph 28 and demands strict proof thereof.

29.     In response to Paragraph 29, Verifications admits that the Westmoreland records regard an individual named Tyrone Henderson, with the same date of birth as the Plaintiff, but that the social security number contained in the court's file differs from the social security number provided by Plaintiff to IBC. Verifications denies the remaining allegations, if any, contained in Paragraph 29 and demands strict proof thereof.

30.     Verifications denies the allegations contained in Paragraph 30 and demands strict proof thereof.

7

31.     In response to Paragraph 31, Verifications cannot speak for IBC as to why it did not offer employment to Plaintiff.  Verifications denies the remaining allegations contained in Paragraph 31 and demands strict proof therefore.   Verifications expressly denies that it violated the FCRA and that Plaintiff has incurred any damages.

32.     In response to Paragraph 32, Verifications admits that Plaintiff contacted Verifications on or about November 20, 2009 to dispute the contents of the report.   Verifications denies the remaining allegations, if any, contained in Paragraph 32 and demands strict proof thereof.

33.     In  response to Paragraph 33, Verifications admits that it responded to Plaintiff's inquiry, and as part of its response, worked to verify the accuracy of the information contained in the report it prepared for IBC including investigating the relevant court records.  Verifications denies the remaining allegations contained in Paragraph 33 and demands strict proof thereof.

34.     Verifications denies the allegations contained in Paragraph 34 and demands strict proof thereof.

35.      In response to the first sentence of Paragraph 35, Verifications states that the Pennsylvania records speak for themselves and Verifications denies any allegations inconsistent therewith. Verifications denies the remaining allegations contained in Paragraph 35, and demands strict proof thereof.

36.     Verifications denies the allegations contained in Paragraph 36 and demands strict proof thereof.

37.     Verifications denies the allegations contained in Paragraph 37 and demands strict proof thereof.

8

38.     In response to Paragraph 38, Verifications admits that it did not send a notice to Plaintiff "at the time" it furnished the background investigation report about him to IBC.  In further response, Verifications states that did not send Plaintiff notice pursuant to 15 U.S.C. 1681k(a)(1), because, as is allowable under the FCRA, Verifications employs the option available in Section 1681k(a)(2) by maintaining strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date.   Verifications denies the remaining allegations, if any, contained in Paragraph 38 and demands strict proof thereof. Further, Verifications denies that this action may be properly maintained as a class action.

39.     Verifications denies the allegations contained in Paragraph 39 and demands strict proof thereof.

40.     In response to Paragraph 40, Verifications states that it is aware of the requirements of the FCRA and that it complies with the requirements of the FCRA to the extent those requirements are applicable to Verifications.   Verifications denies the remaining allegations, if any, contained in Paragraph 40 and demands strict proof thereof.

41.     In response to Paragraph 41, Verifications states that it is aware of the requirements of the FCRA and that it complies with the requirements of the FCRA to the extent those requirements are applicable to Verifications.  Verifications admits that certain materials are available to it that address the requirements of the FCRA.  Verifications denies the remaining allegations, if any, contained in Paragraph 41 and demands strict proof thereof.

42.     In response to Paragraph 42, Verifications states that it is aware of the requirements of the FCRA and that it complies with the requirements of the FCRA to the extent those requirements are applicable to Verifications.   Verifications denies that it violated the

FCRA with regard to Plaintiff and denies that it is liable to Plaintiff for any reason. Verifications further denies that this action may be properly maintained as a class action. Verifications denies the remaining allegations, if any, contained in Paragraph 42 and demands strict proof thereof.

43.     In response to Paragraph 43, Verifications states that it maintains policies and procedures designed to insure compliance with the FCRA to the extent applicable to Verifications. Verifications denies that it violated the FCRA with regard to Plaintiff. Verifications denies the remaining allegations contained in Paragraph 43 and demands strict proof thereof.

## COUNT I – VIOLATION OF THE FCRA § 1681k(a)(1)

44.     In response to Paragraph 44, Verifications adopts and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 43 above.

45.     In response to Paragraph 45, Verifications admits that Plaintiff seeks to bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. This is a legal conclusion which requires no response from Verifications. Verifications denies that this action may be properly maintained as a class action. Verifications denies the remaining allegations, if any, contained in Paragraph 45 and demands strict proof thereof.

46.     In response to Paragraph 46, Verifications admits that Plaintiff proposes two alternative subclasses pursuant to Rule 23 of the Federal Rules of Civil Procedure. This is a legal conclusion which requires no response from Verifications. Verifications denies that this action may be properly maintained as a class action. Verifications denies the remaining allegations, if any, contained in Paragraph 46 and demands strict proof thereof.

47.     In response to Paragraph 47, Verifications admits that Plaintiff claims the numerosity requirement of Federal Rule of Civil Procedure Rule 23(a)(1) is satisfied. This is a

legal conclusion which requires no response from Verifications.   Verifications denies that this action may be properly maintained as a class action and denies Plaintiff's contention that the numerosity requirement of Rule 23 is satisfied.   Verifications denies the remaining allegations, if any, contained in Paragraph 47 and demands strict proof thereof.

48.     In response to Paragraph 48, Verifications admits that Plaintiff claims that the commonalty requirement of Federal Rule of Civil Procedure 23(a)(2) is satisfied.   This is a legal conclusion which requires no response from Verifications.   Verifications denies that this action may be properly maintained as a class action and denies Plaintiff's contention that the commonality requirement of Rule 23 is satisfied.   Verifications denies the remaining allegations, if any, contained in Paragraph 48 and demands strict proof thereof.

49.     In response to Paragraph 49, Verifications admits that Plaintiff claims that the typicality requirement of Federal Rule of Civil Procedure 23(a)(3) is satisfied.   This is a legal conclusion which requires no response from Verifications.   Verifications denies that this action may be properly maintained as a class action and denies Plaintiff's contention that the typicality requirement of Rule 23 is satisfied.   Verifications denies the remaining allegations, if any, contained in Paragraph 49 and demands strict proof thereof.

50.     In response to Paragraph 50, Verifications admits that Plaintiff claims that the adequacy requirement of Federal Rule of Civil Procedure 23(a)(4) is satisfied.   This is a legal conclusion which requires no response from Verifications.   Verifications denies that this action may be properly maintained as a class action and denies Plaintiff's contention that the adequacy requirement of Rule 23 is satisfied.   Verifications denies the remaining allegations, if any, contained in Paragraph 50 and demands strict proof thereof.

51.     In response to Paragraph 51, Verifications admits that Plaintiff claims that the

11

superiority requirement of Federal Rule of Civil Procedure 23(b)(3) is satisfied.  This is a legal conclusion which requires no response from Verifications.  Verifications denies that this action may be properly maintained as a class action and denies Plaintiff's contention that the superiority requirement of Rule 23 is satisfied.  Verifications denies the remaining allegations, if any, contained in Paragraph 51 and demands strict proof thereof.

52.    Verifications denies the allegations contained in Paragraph 52 and demands strict proof thereof.  Verifications denies that injunctive relief is an available remedy.  Verifications denies that this action may be properly maintained as a class action.

53.    Verifications denies the allegations contained in Paragraph 53 and demands strict proof thereof.  Verifications denies that this action may be properly maintained as a class action.

54.    Verifications denies the allegations contained in Paragraph 54 and demands strict proof thereof.  Verifications denies that it violated the FCRA either willfully, negligently, or otherwise, and denies that Plaintiff is entitled to any damages including damages under the FCRA or punitive damages.

55.    Verifications denies the allegations contained in Paragraph 55.  Verifications denies that this action may be properly maintained as a class action.

56.    Verifications denies the allegations contained in Paragraph 56.  Verifications denies that it violated the FCRA either willfully, negligently, or otherwise, and denies that Plaintiff is entitled to damages under the FCRA.  Verifications further denies that this action may be properly maintained as a class action.  Verifications denies the remaining allegations, if any, contained in Paragraph 56 and demands strict proof thereof.

## COUNT II – VIOLATION OF THE FCRA § 1681d

57.    In response to Paragraph 57, Verifications adopts and incorporates by reference

its responses to the allegations contained in Paragraphs 1 through 56 above.

58.    In response to Paragraph 58, Verifications admits that Plaintiff seeks to bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  This is a legal conclusion which requires no response from Verifications.  Verifications denies that this action may be properly maintained as a class action.  Verifications denies the remaining allegations, if any, contained in Paragraph 58 and demands strict proof thereof.

59.    In response to Paragraph 59, Verifications admits that Plaintiff claims the numerosity requirement of Federal Rule of Civil Procedure Rule 23(a)(1) is satisfied.  This is a legal conclusion which requires no response from Verifications.  Verifications denies that this action may be properly maintained as a class action and denies Plaintiff's contention that the numerosity requirement of Rule 23 is satisfied.  Verifications denies the remaining allegations, if any, contained in Paragraph 59 and demands strict proof thereof.

60.    In response to Paragraph 60, Verifications admits that Plaintiff claims that the commonalty requirement of Federal Rule of Civil Procedure 23(a)(2) is satisfied.  This is a legal conclusion which requires no response from Verifications.  Verifications denies that this action may be properly maintained as a class action and denies Plaintiff's contention that the commonality requirement of Rule 23 is satisfied.  Verifications denies the remaining allegations, if any, contained in Paragraph 60 and demands strict proof thereof.

61.    In response to Paragraph 61, Verifications admits that Plaintiff claims that the typicality requirement of Federal Rule of Civil Procedure 23(a)(3) is satisfied.  This is a legal conclusion which requires no response from Verifications.  Verifications denies that this action may be properly maintained as a class action and denies Plaintiff's contention that the typicality

13

requirement of Rule 23 is satisfied.   Verifications denies the remaining allegations, if any, contained in Paragraph 61 and demands strict proof thereof.

62.     In response to Paragraph 62, Verifications admits that Plaintiff claims that the adequacy requirement of Federal Rule of Civil Procedure 23(a)(4) is satisfied.   This is a legal conclusion which requires no response from Verifications.   Verifications denies that this action may be properly maintained as a class action and denies Plaintiff's contention that the adequacy requirement of Rule 23 is satisfied.   Verifications denies the remaining allegations, if any, contained in Paragraph 62 and demands strict proof thereof.

63.     In response to Paragraph 63, Verifications admits that Plaintiff claims that the superiority requirement of Federal Rule of Civil Procedure 23(b)(3) is satisfied.   This is a legal conclusion which requires no response from Verifications.   Verifications denies that this action may be properly maintained as a class action and denies Plaintiff's contention that the superiority requirement of Rule 23 is satisfied.   Verifications denies the remaining allegations, if any, contained in Paragraph 63 and demands strict proof thereof.

64.     Verifications denies the allegations contained in Paragraph 64 and demands strict proof thereof.   Verifications denies that injunctive relief is an available remedy.   Verifications denies that this action may be properly maintained as a class action.

65.     Verifications denies the allegations contained in Paragraph 65 and demands strict proof thereof.   Verifications denies that this action may be properly maintained as a class action.

66.     Verifications denies the allegations contained in Paragraph 66 and demands strict proof thereof.   Verifications denies that it violated the FCRA either willfully, negligently, or otherwise, and denies that Plaintiff is entitled to any damages including damages under the FCRA or punitive damages.

14

67.     Verifications denies the allegations contained in Paragraph 67.   Verifications denies that this action may be properly maintained as a class action.

68.     Verifications denies the allegations contained in Paragraph 68.   Verifications denies that it violated the FCRA either willfully, negligently, or otherwise, and denies that Plaintiff is entitled to damages under the FCRA.   Verifications further denies that this action may be properly maintained as a class action.   Verifications denies the remaining allegations, if any, contained in Paragraph 68 and demands strict proof thereof.

## COUNT III – VIOLATION OF THE FCRA § 1681i(a)(6)(A)

69.     In response to Paragraph 69, Verifications adopts and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 68 above.

70.     In response to Paragraph 70, Verifications admits that Plaintiff seeks to bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.   This is a legal conclusion which requires no response from Verifications.   Verifications denies that this action may be properly maintained as a class action.   Verifications denies the remaining allegations, if any, contained in Paragraph 70 and demands strict proof thereof.

71.     In response to Paragraph 71, Verifications admits that Plaintiff claims the numerosity requirement of Federal Rule of Civil Procedure Rule 23(a)(1) is satisfied.   This is a legal conclusion which requires no response from Verifications.   Verifications denies that this action may be properly maintained as a class action and denies Plaintiff's contention that the numerosity requirement of Rule 23 is satisfied.   Verifications denies the remaining allegations, if any, contained in Paragraph 71 and demands strict proof thereof.

72.     In response to Paragraph 72, Verifications admits that Plaintiff claims that the

15

commonalty requirement of Federal Rule of Civil Procedure 23(a)(2) is satisfied.  This is a legal conclusion which requires no response from Verifications.  Verifications denies that this action may be properly maintained as a class action and denies Plaintiff's contention that the commonality requirement of Rule 23 is satisfied.  Verifications denies the remaining allegations, if any, contained in Paragraph 72 and demands strict proof thereof.

73.     In response to Paragraph 73, Verifications admits that Plaintiff claims that the typicality requirement of Federal Rule of Civil Procedure 23(a)(3) is satisfied.  This is a legal conclusion which requires no response from Verifications.  Verifications denies that this action may be properly maintained as a class action and denies Plaintiff's contention that the typicality requirement of Rule 23 is satisfied.  Verifications denies the remaining allegations, if any, contained in Paragraph 73 and demands strict proof thereof.

74.     In response to Paragraph 74, Verifications admits that Plaintiff claims that the adequacy requirement of Federal Rule of Civil Procedure 23(a)(4) is satisfied.  This is a legal conclusion which requires no response from Verifications.  Verifications denies that this action may be properly maintained as a class action and denies Plaintiff's contention that the adequacy requirement of Rule 23 is satisfied.  Verifications denies the remaining allegations, if any, contained in Paragraph 74 and demands strict proof thereof.

75.     In response to Paragraph 75, Verifications admits that Plaintiff claims that the superiority requirement of Federal Rule of Civil Procedure 23(b)(3) is satisfied.  This is a legal conclusion which requires no response from Verifications.  Verifications denies that this action may be properly maintained as a class action and denies Plaintiff's contention that the superiority requirement of Rule 23 is satisfied.  Verifications denies the remaining allegations, if any, contained in Paragraph 75 and demands strict proof thereof.

16

76.     Verifications denies the allegations contained in Paragraph 76 and demands strict proof thereof.  Verifications denies that injunctive relief is an available remedy.  Verifications denies that this action may be properly maintained as a class action.

77.     Verifications denies the allegations contained in Paragraph 77 and demands strict proof thereof.  Verifications denies that this action may be properly maintained as a class action.

78.     Verifications denies the allegations contained in Paragraph 78 and demands strict proof thereof.  Verifications denies that it violated the FCRA either willfully, negligently, or otherwise, and denies that Plaintiff is entitled to any damages including damages under the FCRA or punitive damages.

79.     Verifications denies the allegations contained in Paragraph 79.   Verifications denies that this action may be properly maintained as a class action.

80.     Verifications denies the allegations contained in Paragraph 80.  Verifications denies that it violated the FCRA either willfully, negligently, or otherwise, and denies that Plaintiff is entitled to any damages including damages under the FCRA.  Verifications further denies that this action may be properly maintained as a class action.  Verifications denies the remaining allegations, if any, contained in Paragraph 80 and demands strict proof thereof.

## COUNT IV – VIOLATION OF THE FCRA § 1681i(f)(2)

81.     In response to Paragraph 81, Verifications adopts and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 80 above.

82.     In response to Paragraph 82, Verifications admits that Plaintiff seeks to bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  This is a legal conclusion which requires no response from Verifications.  Verifications denies that this

17

action may be properly maintained as a class action.   Verifications denies the remaining allegations, if any, contained in Paragraph 82 and demands strict proof thereof.

83.     In response to Paragraph 83, Verifications admits that Plaintiff proposes two alternative subclasses pursuant to Rule 23 of the Federal Rules of Civil Procedure.   This is a legal conclusion which requires no response from Verifications.   Verifications denies that this action may be properly maintained as a class action.   Verifications denies the remaining allegations, if any, contained in Paragraph 83 and demands strict proof thereof.

84.     In response to Paragraph 84, Verifications admits that Plaintiff claims the numerosity requirement of Federal Rule of Civil Procedure Rule 23(a)(1) is satisfied.   This is a legal conclusion which requires no response from Verifications.   Verifications denies that this action may be properly maintained as a class action and denies Plaintiff's contention that the numerosity requirement of Rule 23 is satisfied.   Verifications denies the remaining allegations, if any, contained in Paragraph 84 and demands strict proof thereof.

85.     In response to Paragraph 85, Verifications admits that Plaintiff claims that the commonality requirement of Federal Rule of Civil Procedure 23(a)(2) is satisfied.   This is a legal conclusion which requires no response from Verifications.   Verifications denies that this action may be properly maintained as a class action and denies Plaintiff's contention that the commonality requirement of Rule 23 is satisfied.   Verifications denies the remaining allegations, if any, contained in Paragraph 85 and demands strict proof thereof.

86.     In response to Paragraph 86, Verifications admits that Plaintiff claims that the typicality requirement of Federal Rule of Civil Procedure 23(a)(3) is satisfied.   This is a legal conclusion which requires no response from Verifications.   Verifications denies that this action may be properly maintained as a class action and denies Plaintiff's contention that the typicality

18

requirement of Rule 23 is satisfied. Verifications denies the remaining allegations, if any, contained in Paragraph 86 and demands strict proof thereof.

87.     In response to Paragraph 87, Verifications admits that Plaintiff claims that the adequacy requirement of Federal Rule of Civil Procedure 23(a)(4) is satisfied. This is a legal conclusion which requires no response from Verifications. Verifications denies that this action may be properly maintained as a class action and denies Plaintiff's contention that the adequacy requirement of Rule 23 is satisfied. Verifications denies the remaining allegations, if any, contained in Paragraph 87 and demands strict proof thereof.

88.     In response to Paragraph 88, Verifications admits that Plaintiff claims that the superiority requirement of Federal Rule of Civil Procedure 23(b)(3) is satisfied. This is a legal conclusion which requires no response from Verifications. Verifications denies that this action may be properly maintained as a class action and denies Plaintiff's contention that the superiority requirement of Rule 23 is satisfied. Verifications denies the remaining allegations, if any, contained in Paragraph 88 and demands strict proof thereof.

89.     Verifications denies the allegations contained in Paragraph 89 and demands strict proof thereof. Verifications denies that injunctive relief is an available remedy. Verifications denies that this action may be properly maintained as a class action.

90.     Verifications denies the allegations contained in Paragraph 90 and demands strict proof thereof. Verifications denies that this action may be properly maintained as a class action.

91.     Verifications denies the allegations contained in Paragraph 91 and demands strict proof thereof. Verifications denies that it violated the FCRA either willfully, negligently, or otherwise, and denies that Plaintiff is entitled to any damages including damages under the FCRA or punitive damages.

92.     Verifications denies the allegations contained in Paragraph 92.   Verifications denies that this action may be properly maintained as a class action.

93.     Verifications denies the allegations contained in Paragraph 93.  Verifications denies that it violated the FCRA either willfully, negligently, or otherwise, and denies that Plaintiff is entitled to any damages including damages under the FCRA.  Verifications further denies that this action may be properly maintained as a class action.  Verifications denies the remaining allegations, if any, contained in Paragraph 93 and demands strict proof thereof.

## COUNT V –  VIOLATION OF THE FCRA § 1681e(b)

94.     In response to Paragraph 94, Verifications adopts and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 93 above.

95.     Verifications denies the allegations contained in Paragraph 95 and demands strict proof thereof.

96.     Verifications denies the allegations contained in Paragraph 96 and demands strict proof thereof.

97.     Verifications denies the allegations contained in Paragraph 97 and demands strict proof thereof.

98.     Verifications denies the allegations contained in Paragraph 98 and demands strict proof thereof.   Verifications denies that Plaintiff is entitled to any damages including any damages under the FCRA.

## COUNT VI – VIOLATION OF THE FCRA § 1681i(a)(1)

99.     In response to Paragraph 99, Verifications adopts and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 98 above.

20

100.     Verifications denies the allegations contained in Paragraph 100 and demands strict proof thereof.

101.     Verifications denies the allegations contained in Paragraph 101 and demands strict proof thereof.

102.     Verifications denies the allegations contained in Paragraph 102 and demands strict proof thereof.

103.     Verifications denies the allegations contained in Paragraph 103 and demands strict proof thereof.  Verifications denies that Plaintiff is entitled to any damages including any damages under the FCRA.

104.     Verifications denies that Plaintiff is entitled to the damages and relief requested in Plaintiff's "WHEREFORE" clause of the Complaint including subparts (a) through (e).

105.     Verifications denies all allegations contained in Plaintiff's Complaint that are not expressly admitted herein.

## AFFIRMATIVE DEFENSES

106.     Plaintiff's Complaint fails to state a viable claim against Verifications upon which the relief requested may be granted.

107.     Plaintiff's Complaint fails to provide sufficient facts to state a viable claim against Verifications upon which the relief requested may be granted.

108.     Counts I, II and III fail for the reasons stated in Verifications' Motion to Dismiss the First Amended Class Complaint.

109.     Verifications denies that it violated any provisions of the Fair Credit Reporting Act as alleged in the Complaint.

110.     Verifications denies that this action may be properly maintained as a class action.

21

Plaintiff and putative class members are unable to satisfy the requirements necessary for this action to proceed as a class action under Rule 23 of the Federal Rules of Civil Procedure.

111.    Verifications denies that it is liable to Plaintiff and/or the putative class members in any amount or for any reason.

112.    Plaintiff's damages and/or the damages of any putative class members, if any, were caused by the acts, negligence or fault of other persons or entities for whom Verifications is not legally liable or responsible.

113.    Any recovery by Plaintiff and/or the putative class members is barred to the extent Plaintiff and/or the putative class members failed to make reasonable efforts to avoid, mitigate or reduce the alleged damages.

114.    Verifications is entitled to a set-off, should any damages be awarded against it, in the amount of any damages or settlement amounts recovered by Plaintiff and/or the putative class members with respect to the same alleged injuries.   Verifications is also entitled to have any damages that may be awarded to Plaintiff and/or the putative class members reduced by the value of any benefit or payment to Plaintiff and/or the putative class members from any collateral source.

115.    The claims of Plaintiff and/or the putative class members are barred because he and/or they authorized all actions taken by Verifications.

116.    The Complaint fails to the extent that it is barred, in whole or in part, by the applicable statute of limitations.

117.    To the extent that a violation(s) of the Fair Credit Reporting Act is established, any such violation(s) was not willful and/or occurred despite the maintenance of policies and procedures to avoid such violation(s).

118. The claims of the Plaintiff and/or the putative class members fail to the extent that they are barred because the information Verifications reported was true and accurate.

119. To the extent that Plaintiff and/or the putative class members seek an award of punitive damages, Verifications states that such an award of punitive damages may be unconstitutional, violating the due process rights of Verifications, and therefore, not recoverable against Verifications in this action.  The Complaint is devoid of facts sufficient to constitute an action against Verifications for punitive or exemplary damages.

120. Verifications will rely upon all other defenses that are revealed by further investigation, discovery or the presentation of evidence and reserves the right to file an amended answer or other appropriate pleading as permitted by this Court.

WHEREFORE, for the foregoing reasons, Verifications respectfully requests that Plaintiff's First Amended Class Complaint be dismissed with prejudice and that Verifications be awarded its costs and expenses, including reasonable attorneys' fees, and all other relief the Court deems appropriate.

Respectfully submitted,

VERIFICATIONS, INC.


_____/s/_____
Charles K. Seyfarth (Va. Bar No. 44530)
LeCLAIRRYAN, A Professional Corporation
Riverfront Plaza – East Tower
951 E. Byrd Street, Eighth Floor
Richmond, Virginia 23219
Telephone: (804) 916-7159
Facsimile:  (804) 916-7259
Charles.Seyfarth@leclairryan.com

Megan S. Ben'Ary (Va. Bar No. 47349)
LeCLAIRRYAN, A Professional Corporation
2318 Mill Road, Suite 1100
Alexandria, VA  22314
Telephone: (703) 684-8007
Facsimile:  (703) 647-5983
Megan.Benary@leclairryan.com

***Counsel for Verifications, Inc.***

24

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 28th day of February, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send a notification of such filing to the following:

Dale W. Pittman, Esquire
The Law Office of Dale W. Pittman, P.C.
112-A W. Tabb St.
Petersburg, Virginia 23803

Leonard A. Bennett, Esquire
Susan Mary Rotkis, Esquire
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Boulevard, Suite 1A
Newport News, VA  23601

Christopher C. North, Esquire
The Consumer & Employee Rights Law Firm, P.C.
751-A Thimble Shoals Blvd.
Newport News, Virginia 23606

***Counsel for Plaintiff***

_____/s/_____

Megan S. Ben'Ary (Va. Bar No. 47349)
LeCLAIRRYAN, A Professional Corporation
2318 Mill Road, Suite 1100
Alexandria, VA  22314
Telephone: (703) 684-8007
Facsimile:  (703) 647-5983
Megan.Benary@leclairryan.com

***Counsel for Verifications, Inc.***