UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| TYRONE HENDERSON, )<br>on behalf of himself and others )<br>similarly situated, )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>VERIFICATIONS INCORPORATED, )<br>)<br>    Defendant. ) | Civil Action No. 3:11cv514-REP |

**VERIFICATIONS' REPLY IN SUPPORT OF MOTION TO DISMISS
COUNTS I, II AND III OF PLAINTIFF'S FIRST AMENDED CLASS COMPLAINT**

Verifications, Inc. ("Verifications") submits this Reply in support of its Motion to Dismiss Counts I, II and III of the First Amended Class Complaint filed by Plaintiff Tyrone Henderson ("Plaintiff").

**INTRODUCTION**

Plaintiff's Opposition to Verifications' Motion to Dismiss ("Opposition") fails to establish that Counts I, II and III of the First Amended Class Complaint ("Amended Complaint") properly state plausible causes of action against Verifications. Rather, in an effort to escape dismissal, Plaintiff misconstrues and misapplies the law governing his claims under the Fair Credit Reporting Act ("FCRA"), presumably with the hope that the Court will simply overlook the fact that Counts I, II and III fail to state viable claims. Plaintiff seeks to complicate issues that are not complicated, and attempts to circumvent basic pleading requirements by prematurely focusing on the purported strength of his evidence and/or the merits of his claims. Plaintiff's Opposition does nothing to cure the fundamental deficiencies in the Amended Complaint.

Specifically, Count I fails to allege facts sufficient to state all necessary elements of a § 1681k claim. Count II deliberately ignores facts known to Plaintiff in an attempt to state a cause of action where none exists. Count III attempts to manipulate the requirements of the applicable law in order to manufacture additional class action claims against Verifications where no such claims exist upon the facts alleged by Plaintiff. Accordingly, the Court should grant Verifications' Motion and dismiss Counts I, II and III of the Amended Complaint.

## ARGUMENT

**I.    Plaintiff Fails To State A Viable Claim Under § 1681k(a).**

It is undisputed that *Bass v. E.I. DuPont de Nemours & Co.* requires Plaintiff to "allege facts sufficient to state all the elements of [his] claim" in order to survive a motion to dismiss. 324 F.3d 761, 765 (4th Cir. 2003).[1] It is also undisputed that in order to state a viable claim under § 1681k(a), a plaintiff must allege that the defendant (i) failed to send the notice provided for in § 1681k(a)(1), *and* (ii) failed to maintain the "strict procedures" provided for in § 1681k(a)(2). *See Dalton v. Capital Assoc. Indus., Inc.*, 257 F.3d 409, 417 (4th Cir. 2001) (acknowledging that a consumer reporting agency is obligated to do one of two things under § 1681k(a)). Plaintiff fails to satisfy this minimal pleading requirement.

Plaintiff spends more than seven pages of his Opposition trying to explain why he does not have to comply with *Bass* in bringing his § 1681k(a) claim. Plaintiff attempts to disguise his pleading failure by offering the self-serving conclusion that § 1681k(a)(2) is "inapplicable to the consumer reports at issue in this case." (Opp'n 6; *see also* Am. Compl. ¶ 39.) In other words, Plaintiff contends that he is not required to satisfy the basic pleading requirements because he

---

[1]    Plaintiff himself relies upon this proposition from *Bass* in his Opposition.

has unilaterally determined that § 1681(a)(2) is not applicable in this action. Plaintiff's unsupported legal conclusion that Verifications did not intend to comply with § 1681k(a)(2) is irrelevant and does not negate Plaintiff's pleading requirements.[2] *See E. Shore Mkt., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) (recognizing that the court is not bound to accept legal conclusions drawn from the facts or accept as true unwarranted inferences or unreasonable conclusions).

Moreover, Plaintiff's reliance on *Williams v. LexisNexis Risk Mgmt. Inc.* in an attempt to explain why he is not required to plead all of the elements of his § 1681k claim is misplaced. The *Williams* opinion is procedurally and substantively distinguishable from this action. *Williams* addressed the issue of class certification – not the sufficiency of the complaint on a motion to dismiss. Further, the issue before the Court in *Williams* was compliance with § 1681k(a)(1), specifically whether the defendant notified consumers "at the time" public record information was reported to the user of a consumer's report, when its § 1681k(a)(1) notices were typically sent the day after it furnished such reports to its customers. *Williams*, No. 306-cv-241, 2007 WL 2439463, at *2 (E.D. Va. Aug. 23, 2007). Thus, based on these facts, the Court expressly acknowledged in its opinion that § 1681k(a)(2) was not at issue in the litigation.[3] *Id.* at *1 n. 2.

---

[2] Plaintiff criticizes Verifications for its purported failure to explain why the inadequacies he alleges regarding the procedures of Verifications are incorrect. (Opp'n 9.) As Plaintiff is well aware, it is not appropriate at the motion to dismiss stage to challenge the veracity of the allegations set forth in the Amended Complaint. Verifications maintains numerous fact-based arguments in response to Plaintiff's allegations which will be advanced at the appropriate time. The current issue before the Court is whether Counts I, II and III state viable causes of action. The answer is no.

[3] Plaintiff's reliance on *Poore v. Sterling Testing Sys., Inc.*, 410 F. Supp. 2d 557 (E.D. Ky. 2006), is similarly misplaced. Like *Williams*, the *Poore* opinion is procedurally and substantively

Unlike in *Williams*, § 1681k(a)(2) is central to this dispute.  As Plaintiff himself has acknowledged in his Amended Complaint and in his Opposition, Verifications intends to argue that it employed strict procedures under § 1681k(a)(2).  (Am. Compl. ¶ 46; Opp'n 10.) Accordingly, § 1681k(a)(2) clearly *is* an issue in this case, and Plaintiff is required to plead Verifications' violation of this provision in order to state a claim under § 1681k.

This Court's analysis regarding class certification in *Williams* does nothing to cure the Plaintiff's failure to plead the requisite elements to state a cause of action under § 1681k.  In essence, Plaintiff's position is that he should be able to pick and choose which elements of a cause of action he is required to plead in order to state a viable cause of action.  The Court should decline Plaintiff's invitation to rewrite the Federal Rules of Civil Procedure in this regard and should hold Plaintiff accountable to the pleading standard as set forth in the Rules.

The issue before the Court is not complicated.  Section 1681k provides two options for compliance.  A defendant can either comply with § 1681k(a)(1) **or** it can comply with § 1681k(a)(2).  To state a claim, Plaintiff is required to plead the elements of both § 1681k(a)(1) and § 1681k(a)(2).  Plaintiff has failed to plead both of these elements.  Accordingly, Count I

---

distinguishable.  The *Poore* opinion does not address a motion to dismiss.  Rather, it is a summary judgment opinion that focuses on the existence of material facts in dispute which preclude dismissing the case at the summary judgment stage.  *Poore*, 410 F. Supp. 2d at 572. Like *Williams*, the *Poore* opinion does nothing to cure Plaintiff's failure to plead a viable cause of action.  Rather than demonstrate to the Court that he has satisfied the pleading requirements, Plaintiff instead identifies two merits-based opinions hoping the Court will ignore the fact that each case is procedurally and substantively different than this action.  Plaintiff's tactics are clear. He wants the Court to allow him to bypass the basic, fundamental pleading requirements necessary to state a viable cause of action and allow him to move straight to the merits.  The Court should reject Plaintiff's tactics and conclude that Plaintiff, like all litigants in this Court, must comply with the requirements of the Federal Rules.

should be dismissed on the grounds that Plaintiff fails to state a viable cause of action against Verifications.

## II. Plaintiff Fails To State A Viable Claim Under § 1681d.

It is clear from the face of Plaintiff's Background Report, a copy of which is attached as Exhibit A, that it is not an investigative consumer report under the FCRA.[4] As previously explained, § 1681a(e) defines an "investigative consumer report" as:

> a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is *obtained through personal interviews* with neighbors, friends, or associates of the consumer reported on or with others with whom he is acquainted or who may have knowledge concerning any such items of information.

15 U.S.C. § 1681a(e) (emphasis added); *see also Henry v. Forbes*, 433 F. Supp. 5, 7 (D. Minn. 1976) (defining an "investigative consumer report" as "any 'consumer report' that is based at least in part on information gained through personal interviews with persons acquainted with the consumer.").

Although the Background Report itself contains interview *questions*, it is clear from the face of the report that it does not contain any *answers* to these questions. Ex. A. As such, the report does not contain, nor has Plaintiff alleged that it contains, any information obtained by personal interviews with neighbors, friends or associates of Henderson's or with others with

---

[4] It is well settled in the Fourth Circuit that when a plaintiff fails to introduce a document that is "integral to and explicitly relied on" in his or her complaint, the defendant may attach the document to a motion to dismiss the complaint, and the court may consider the same without converting the motion to one for summary judgment. *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (citing *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)); *see also In re MicroStrategy, Inc. Sec. Litig.*, 115 F. Supp. 2d 620, 623 n.4 (E.D. Va. 2000); *Gasner v. County of Dinwiddie*, 162 F.R.D. 280 (E.D. Va. 1995), *aff'd.*, 103 F.3d 351 (4th Cir. 1996). Plaintiff's Background Report is most certainly integral to Plaintiff's Amended Complaint and was clearly relied upon in framing the allegations set forth therein.

whom he is acquainted. *See Ley v. Boron Oil Co.*, 419 F. Supp. 1240, 1242 (W.D. Pa. 1976) ("If the person allegedly interviewed provided no information then the report could contain no information.").

Moreover, the only allegation made by Henderson in support of his conclusion that the Background Report prepared by Verifications is an "investigative consumer report" is the conclusory statement that "a portion of the report contained and was based upon information regarding [Plaintiff's] previous work history . . . and was obtained through personal interviews with his previous employers having knowledge concerning such items of information." (Am. Compl. ¶ 27.) Having expressly alleged in the Amended Complaint that "personal interviews" took place, clearly Plaintiff must possess facts or information upon which that allegation is based. While Plaintiff is not required to prove his case at the preliminary pleading stage, he is required to allege sufficient facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff's bare legal conclusion that the report is an investigative consumer report, without any facts to support that contention, fails to satisfy the pleading requirements articulated in *Twombly*.

Further, despite Plaintiff's failure to allege facts supporting his conclusions, the Background Report itself makes clear that the only information included in the report regarding Plaintiff's work history is his dates of employment, his job title, and his hourly earnings rate. *See* Ex. A at 10, 14. As the court in *Smith v. Waverly Partners, LLC*, recently acknowledged:

> If a CRA simply checks facts stated on a job applicant's employment application, such as asking a prior or current employer whether an individual worked at the company during specific years, what the individual's job titles were during the employment period, and the individual's final salary, such fact-checking would not constitute an interview. A CRA that produced

> for a potential employer a report based on responses to these questions would be providing a consumer report, but not an investigative consumer report.

No. 3:10-CV-28, 2011 WL 3564427, at *4 (W.D.N.C. Aug. 12, 2011) (adopting language from Staff Opinion Letter from Fed. Trade Comm'n (July 9, 1998)). Moreover, the face of the Background Report clearly states that the information concerning Plaintiff's work history was "verified by an automated verification system used by the employer," and not through personal interviews. Ex. A. at 10, 14.

Plaintiff has at all times had in his possession sufficient facts to distinguish his consumer report from an investigative consumer report. Thus, Plaintiff's § 1681d claim does not fail for want of information, as claimed by Plaintiff in his Opposition, rather it fails for want of facts. Because Plaintiff's Background Report makes clear that there are no facts that Plaintiff could allege to establish that the report was an investigative consumer report, and Plaintiff has failed to allege any additional facts which could otherwise support this conclusion, Count II of Plaintiff's Amended Complaint should be dismissed with prejudice. *See Ley*, 419 F. Supp. at 1242 (Plaintiff failed to state a claim under § 1681d where "[t]here [was] nothing *in the report* showing the product of any interview[,]" as required by the statute. (emphasis added)); *see also Twombly*, 550 U.S. at 570 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").

### III. Plaintiff Fails To State A Viable Claim Under § 1681i(a)(6)(A).

Count III of Plaintiff's Amended Complaint is nothing more than a thinly veiled attempt to manufacture additional class action claims out of the facts giving rise to Plaintiff's individual claim under the reinvestigation provision of § 1681i(a)(1). Unlike § 1681i(a)(1), however, §

1681i(a)(6)(A), which forms the basis of Count III, is solely a notice provision, simply requiring that a consumer reporting agency provide written notice to a consumer of the results of a reinvestigation not later than five business days after the completion of the reinvestigation. Section 1681i(a)(6)(A) does not address the content, accuracy, or veracity of results relayed in the notice, likely because these types of deficiencies are more appropriately addressed by other FCRA provisions, including § 1681i(a)(1). *See Kuehling v. Trans Union, LLC*, 137 F. App'x 904, 907 (7th Cir. 2005) ("[Section] 1681i(a)(1)(A) . . . specifies a credit agency's duties upon a consumer's request for reinvestigation[.]").

Despite the clear language of the statute, however, the only allegations made by Plaintiff in support of his § 1681i(a)(6)(A) claim are that Verification's reinvestigation results were wrong and that it should not have relied on Advance Background Check to perform the reinvestigation.[5] (Am. Compl. ¶¶ 34, 35.) Plaintiff is essentially trying to turn § 1681i(a)(6)(A) into a strict liability statute, whereby every time a defendant allegedly violates the reinvestigation provisions of § 1681i(a)(1), or makes some sort of mistake during its reinvestigation, it would automatically be liable under the notice provision of § 1681i(a)(6)(A). Such an interpretation does not follow from the plain language of § 1681i(a)(6)(A), which was instead enacted to regulate consumer reporting agencies who fail to notify consumers that their reinvestigation is complete.

---

[5] Although Verifications denies that it relied upon Advance Background Check to provide the results of its reinvestigation of Plaintiff's dispute, Verifications again acknowledges that it must accept as true the factual allegations contained in Plaintiff's Amended Complaint on a motion to dismiss.

*Saunders v. Branch Banking & Trust Co. of Va.*, 526 F.3d 142 (4th Cir. 2008), is inapposite and does not deal with a "comparable FCRA provision" as claimed in Plaintiff's Opposition. Rather, *Saunders* involved a defendant bank's duty, as an entity that furnishes information to consumer reporting agencies, to review and investigate previously disclosed information upon notice of a consumer's dispute from the consumer reporting agency pursuant to 15 U.S.C. § 1681s–2(b)(1).[6] 526 F.3d at 148. Section 1681s–2(b)(1) is more than a notice provision; its requirements exceed what is required by § 1681i(a)(6)(A) and it is more fairly comparable to the requirements of the reinvestigation provision of § 1681i(a)(1). Accordingly, *Saunders* simply has no bearing on Plaintiff's § 1681i(a)(6)(A) claim here.

In short, because Plaintiff has not alleged that Verifications failed to send him a notice regarding the results of its reinvestigations within five days after the completion of the reinvestigation, he has not alleged any facts in the Amended Complaint that would give rise to a violation of § 1681i(a)(6)(A). In fact, by alleging that Verifications "responded to Plaintiff's dispute and for its results of [its reinvestigation] claimed [certain things,]" Plaintiff has effectively conceded that Verifications complied with the notice requirements of § 1681i(a)(6)(A). (Am. Compl. ¶ 33.) Accordingly, Count III of Plaintiff's Amended Complaint fails to state a claim and should be dismissed with prejudice.

---

[6] Section 1681s–2(b)(1) of the FCRA requires that, after receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall: (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency; (C) report the results of the investigation to the consumer reporting agency; (D) if the investigation finds that the information is incomplete or inaccurate, report those results to other consumer reporting agencies; and (E) if disputed information is found to be inaccurate or incomplete or cannot be verified after any reinvestigation, modify, delete, or block the reporting of that item of information. 15 U.S.C. § 1681s–2(b)(1).

## **CONCLUSION**

Counts I, II and III of the Amended Complaint each fail to plead the basic requirements and facts necessary to state a viable cause of action against Verifications and to survive a motion to dismiss. Accordingly, for the reasons stated herein, Verifications respectfully requests that the Court grant its Motion to Dismiss and dismiss Counts I, II and III of Plaintiff's First Amended Class Complaint.

Dated: April 6, 2012

                                                          Respectfully submitted,

                                                          VERIFICATIONS, INC.

     /s/_____
Charles K. Seyfarth (Va. Bar No. 44530)
LeCLAIRRYAN, A Professional Corporation
Riverfront Plaza – East Tower
951 E. Byrd Street, Eighth Floor
Richmond, Virginia 23219
Telephone: (804) 916-7159
Facsimile: (804) 916-7259
Charles.Seyfarth@leclairryan.com

Megan S. Ben'Ary (Va. Bar No. 47349)
Nicole Pszczolkowski (Va. Bar. No. 80826)
LeCLAIRRYAN, A Professional Corporation
2318 Mill Road, Suite 1100
Alexandria, VA 22314
Telephone: (703) 684-8007
Facsimile: (703) 647-5983
Megan.Benary@leclairryan.com
Nicole.Pszczolkowski@leclairryan.com

*Counsel for Verifications, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of April, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send a notification of such filing to the following:

Dale W. Pittman, Esquire
The Law Office of Dale W. Pittman, P.C.
112-A W. Tabb St.
Petersburg, Virginia 23803

Leonard A. Bennett, Esquire
Susan Mary Rotkis, Esquire
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Boulevard, Suite 1A
Newport News, VA  23601

Christopher C. North, Esquire
The Consumer & Employee Rights Law Firm, P.C.
751-A Thimble Shoals Blvd.
Newport News, Virginia 23606

*Counsel for Plaintiff*

                                                         /s/
                                 Megan S. Ben'Ary (Va. Bar No. 47349)
                                 LeCLAIRRYAN, A Professional Corporation
                                 2318 Mill Road, Suite 1100
                                 Alexandria, VA  22314
                                 Telephone: (703) 684-8007
                                 Facsimile:  (703) 647-5983
                                 Megan.Benary@leclairryan.com

                                 *Counsel for Verifications, Inc.*