IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

**Tyrone Henderson**
on behalf of himself and others similarly
situated,

                    Plaintiff,

          v.

**Verifications Incorporated**,

                    Defendant.

Civil Action No.  3:11cv514-REP

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR AGREED ORDER
GRANTING PRELIMINARY APPROVAL OF SETTLEMENT, CERTIFYING CLASS
FOR PURPOSES OF SETTLEMENT, APPOINTING CLASS COUNSEL, DIRECTING
NOTICE TO THE CLASS AND SCHEDULING FAIRNESS HEARING**

Plaintiff, Tyrone Henderson (hereinafter referred to as "Plaintiff" or "Class

Representative"), with the consent of the Defendant, submits this memorandum in support of the

Motion for Preliminary Approval of Class Action Settlement Agreement.

## I.  INTRODUCTION

On August 10, 2011, Mr. Henderson initiated this action.  On February 7, 2012, he filed

an Amended Complaint alleging the causes of action in the above-captioned class action (the

"Lawsuit"), asserting class claims against Verifications, Inc. under the Fair Credit Reporting Act

(hereinafter referred to as the "FCRA"), 15 U.S.C. §§ 1681, *et seq*.  After extensive arms-length

negotiations, the Parties entered into a Settlement Agreement (the "Agreement").  A copy of the

Agreement is attached as **Exhibit 1**.

Pursuant to Fed. R. Civ. P. 23, the Parties are now seeking preliminary approval of the

proposed class action settlement.  Specifically, the Parties request that the Court preliminarily

certify the proposed class and the proposed class settlement by entering the proposed Order of

Preliminary Approval of Class Action Settlement (the "Preliminary Approval Order"), attached

as **Exhibit 2**.  (All capitalized terms used herein have the meanings defined herein or in the

Agreement).

## II.  SUMMARY OF SETTLEMENT

In an attempt to settle the Lawsuit, the Parties participated in extensive settlement

discussions and mediated the case over multiple sessions and days before Magistrate Judge

Dennis W. Dohnal, at which time the parties agreed to settle the case in principal and

memorialized in writing the most basic terms of the Settlement Agreement.  After the mediation,

the Parties continued their discussion of the detailed terms of the settlement to be further

negotiated and agreed upon by the Parties.  The Parties had numerous telephone conferences and

exchanged emails regarding settlement efforts.  Through these mediation sessions, telephone

conferences, and emails, the Parties reached a proposed class settlement, the terms of which are

memorialized in the Agreement, attached as **Exhibit 1**.

**Class Allegations** – Plaintiff filed this class action against Verifications, Inc.,

("Verifications") asserting class claims under the FCRA.  Plaintiff alleged that Verifications

violated the FCRA, 15 U.S.C. §§ 1681k(a)(1) by (1) failing to provide the proper FCRA

disclosures to applicants for employment and current employees prior to obtaining a background

check; and (2) failing to provide applicants and employees subject to a background check an

opportunity to dispute the background check results before discontinuing their application

process or employment with Verifications.

More specifically, as to what is described below as the "1681k class", the Plaintiff alleges

that Verifications furnished background check consumer reports as to each class member without providing the notice described in 15 U.S.C. § 1681k(a)(1) "at the time" it first made a report available to its employer customers.[1]  Defendant denies Plaintiff's allegations and contends that it was permitted to instead comply with an alternate provision, 15 U.S.C. § 1681k(a)(2).  This dispute was a material divide between the parties.

Henderson also alleged a violation of 15 U.S.C. § 1681i for what is described below as the "1681i class."  This section governs the manner in which a consumer reporting agency (CRA) is to conduct a "reinvestigation" when a consumer makes a direct dispute and for a CRA such as Verifications that also uses information provided by another CRA, the section governs the manner in which Verifications would have to notify that original source CRA of such disputes.   Henderson alleges that Verifications neither contacted the original source of its own data nor the original CRA that started the alleged inaccuracy in this case.

Verifications denies liability in this case and in fact has contested both the factual allegations and statements of law prosecuted by Henderson.  The Settlement Agreement itself includes a statement of such denial.  But the Plaintiff's challenge was greater than merely proving that Defendant violated the law.  Instead, Plaintiff's case was alleged as a "willful" violation of the FCRA.  15 U.S.C. § 1681n.  Verifications argued that even if its understanding of the law was incorrect, it was not unreasonably – and not willfully – so.

---

[1] This FCRA provision states:
> A consumer reporting agency which furnishes a consumer report for employment purposes and which for that purpose compiles and reports items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment shall—
> (1) at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported[.]

15 U.S.C. § 1681k(a)(1).

### Certification of Fed. R. Civ. P. 23(b)(3) Settlement Classes

For settlement purposes only, the Parties seek preliminary certification of two FED. R.

CIV. P. 23(b)(3) classes:

(i)      15 U.S.C. § 1681k(a)(1) Class ("1681k Class"):

All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a.) who were the subject of a Verifications consumer report, (b.) that was furnished for an employment purpose, (c.) within five years next preceding the filing of this action and during its pendency, and (d.) for whom Verifications notified, as part of the background check process, an employer or prospective employer that additional research was being conducted prior to the completion of the background report, but to whom Verifications did not provide a written notice pursuant to Section 1681k(a)(1) of the FCRA.  Excluded from the class definition are any employees, officers, directors of Verifications, any attorney appearing in this case, and any judge assigned to hear this action.

(ii)     15 U.S.C. § 1681i(a)(6)(a) Class ("1681i Class"):

All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a.) who disputed to Verifications the accuracy or completeness of a public record reported by Verifications, which resulted from a background check for which Verifications' records show that additional research was conducted  (b.) within five years next preceding the filing of this action and during its pendency.  Excluded from the class definition are any employees, officers, directors of Verifications, any attorney appearing in this case, and any judge assigned to hear this action.

Exhibit 1, Agreement §VI.A.

For settlement purposes, Tyrone Henderson, is appointed as the Class Representative on

behalf of the Class Members and Mr. Leonard A. Bennett, Mr. Dale Wood Pittman and Ms.

Susan M. Rotkis are appointed as counsel for the Class Members ("Class Counsel").

### Common Funds

Verifications will to pay a total of Three Million Seven Hundred Fifty Thousand Dollars

($3,750,000.00) to settle the claims set forth by the Preliminary Settlement Classes.  This amount

is broken down into three funds.    A common fund is to be created in the amount of $

2,840,000.00 for the payment of statutory damages to the 1681k class (approximately 41,049 members).  Similarly, a common fund in the amount of $ 160,000.00 will be created for the payment of statutory damages to the 1681i class (approximately 199 members).  The gross statutory damage payment (gross, before attorneys fees) intended for the 1681k class is thus $ 69.00 and for the 1681i class $ 804.00.

Henderson has also negotiated and Verifications has agreed to create a separate common fund for the payment of actual damages for both classes.  If a class member asserts that he or she has suffered provable actual damages, the consumer may submit a claim for such damages.  The claim requires the class member to submit such claim under oath or by attestation.  And it requires at least a basic description and detail as to how the subject consumer report was inaccurate and caused tangible harm.  Each valid claim will be paid *pro rata* from the actual damages fund and will be in lieu of a statutory damages payment.  Claims are capped at $20,000.00.  By illustration, if 5% of class members make a valid actual damages claim, the amount paid would be roughly $ 2,052.00

### Class Counsel's Fees, Costs, and Expenses

Attorneys fees were negotiated through Judge Dohnal after and separate from the negotiation of the class recovery.  Verifications has added and included an amount within the common funds from which Class Counsel will make an application to the Court for an award from the Settlement Funds for attorney's fees, costs, and other expenses in an amount not to exceed Thirty percent (30%) of the Settlement Funds. Verifications will not oppose or object to this application.  Nothing in this provision will require Verifications to pay any attorneys fees or litigation costs to Class Counsel funds with respect to the litigation over and above the Settlement Funds.

Plaintiff Henderson will also submit an application for an incentive payment not to exceed $ 5,000.00.

**Notice and Administration**

Class Counsel will hire a third party class administrator (the "Class Administrator") to oversee the administration of the settlement and the notification to Class Members. Verifications shall be responsible for all costs and expense for the Class Administrator, subject to the terms of the Settlement Agreement. The Class Administrator will be responsible for mailing the approved class action notices and claim forms to the Class Members. A separate checking account (hereafter "the Settlement Account") will be established by the Class Administrator for purposes of depositing the settlement funds for the sole purpose of issuing settlement checks. The settlement checks shall issue from the Settlement Account only and the Class Administrator will verify that the settlement checks were mailed.

Before sending the written notices required by this subparagraph, Verifications, through the Class Administrator, shall research and update Class Members' addresses. Verifications will produce the last known address for the Class Members through this address updating process. After completing the address updating process, the Class Administrator shall send via First Class U.S. mail the court-approved written notice of the settlement to each Class Member at his or her last known valid address. If any notice is returned with a new address, the notice will be re-mailed by the Class Administrator to the new address. The notices will be in substantially the forms agreed to by the Parties. The Class Administrator will send the appropriate class notice to each Class Member, based on whether or not they are in the 1681k class or the 1681i class.

Verifications will pay the costs of notice and administration over and above $150,000.00. That first amount will be deducted from the Section 1681k common fund.

### *Cy Pres* award

To the extent there are funds remaining in the Settlement Fund after all checks have been mailed to class members who did not opt-out of the settlement, and the 60-day time period to cash settlement checks has expired, any remaining funds shall be distributed to a *cy pres* beneficiary selected by the parties and subject to Court approval.  Any disputes will be decided by a Magistrate Judge.  The Parties expressly negotiated that such petition to the Court will ask that three-quarters of the award be made to the National Boys and Girls Club (Midwest Division) and one-quarter will be paid to the Boys and Girls Club of the Greater Richmond Area.

### Exclusions And Objections

Any Class Member who desires to be excluded from the class must send a written request for exclusion to the Class Administrator with a postmark date no later than 90 days after the date on which the Class Administrator mailed the notice.  The Class Administrator shall send the notice to Class Members within 50 days after the Court's entry of the Order of Preliminary Approval of Class Action Settlement.  The Class Administrator shall provide a list of the names of each Class Member who submitted a timely exclusion to counsel for Verifications and Class Counsel after the deadline passes.  A copy of this list will be filed with the Court, along with the Parties' Joint Motion for Final Approval of Class Action Settlement.

### III.  LAW AND ARGUMENT SUMMARY

**A.     A RULE 23(B)(3) SETTLEMENT CLASS IS PROPERLY CERTIFIED**[2]

*1. The Fed. R. CIV. P. 23(a) Requirements are Satisfied*

---

[2]  It is understood and agreed by the Parties that if the Settlement Agreement is terminated or not consummated for any reason, the certification of the Classes shall be void, and Plaintiffs and Defendant shall be deemed to have reserved their respective rights to propose or oppose any and all class certification issues.

"Rule 23(a) sets forth four basic requirements for any class action - numerosity, commonality, typicality, and adequacy." *Central Wesleyan College v. W.R. Grace & Co.,* 143 F.R.D. 628, 636 (D. S.C. 1992), *aff'd* 6 F.3d 177 (4th Cir. 1993).  This Lawsuit satisfies the Fed. R. Civ. P. 23(a) prerequisites.  Each Fed. R. Civ. P. 23(a) factor is considered in turn below.

**Numerosity**

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable."  There is no set minimum number of potential class members that fulfills the numerosity requirement.  *See Holsey v. Armour & Co.*, 743 F.2d 199, 217 (4th Cir. 1984) (citing *Kelley v. Norfolk & Western Ry, Co.*, 584 F.2d 34 (4th Cir. 1978);  *see also Dameron v. Sinai Hosp. of Baltimore, Inc.*, 595 F.Supp. 1404, 1407-08 (D. Md. 1984) (stating that "[a] class consisting of as few as 25 to 30 members raises the presumption that joinder would be impractical").  However, where the class numbers 25 or more, joinder is usually impracticable. *Cypress v. Newport News General & Nonsectarian Hosp. Ass'n,* 375 F.2d 648, 653 (4th Cir. 1967) (18 class members sufficient).

The numerosity requirement is met here.  There are approximately 41,049 members of the § 1681k Class and 199 members of the § 1681i Class, including the named plaintiff as class representative.  Joinder of this many individuals is neither possible nor practical, the first prong of the certification test has been met.

**Commonality**

"Rule 23(a)(2) requires that the court find that 'that there are questions of law or fact common to the class.'"  *Central Wesleyn*, 143 F.R.D. at 636.  "Commonality is satisfied where there is one question of law or fact common to the class, and a class action will not be defeated solely because of some factual variances in individual grievances." *Jeffreys v. Comm'n Workers*

*of Am., AFL-CIO,* 212 F.R.D. 320, 322 (E.D. Va. 2003).

The commonality requirement is met here.  The putative class claims stem from plaintiff's allegations that the procedures used by Verifications in its background check process fail to comply with the FCRA.  All members of the class suffered the same FCRA violation by Verifications.  Therefore, the putative class claims are legally and factually identical and the commonality prong of Rule 23 is satisfied.

**Typicality**

"A class representative must be part of the class and possess the same interest and suffer the same injury as the class members."  *Lienhart v. Dryvit Sys., Inc.,* 255 F.3d 138, 146 (4th Cir. 2001).  "Nevertheless, the class representatives and the class members need not have identical factual and legal claims in all respects.  The proposed class satisfies the typicality requirement if the class representatives assert claims that fairly encompass those of the entire class, even if not identical."  *Fisher v. Virginia Elec. & Power Co.* 217 F.R.D. 201, 212 (E.D. Va. 2003).  "The typicality requirement mandates that Plaintiffs show (1) that their interests are squarely aligned with the interests of the class members and (2) that their claims arise from the same events and are premised on the same legal theories as the claims of the class members."  *Jeffreys*, 212 F.R.D. at 322.

The typicality requirement is also met here.  Plaintiff alleges that Verifications violated the FCRA by failing to provide appropriate and timely notice that public record information about a consumer is being reported for employment purposes and that Verifications also failed to conduct an investigation of disputes of inaccuracies on a consumer report, including disclosing the original source of the inaccurate, derogatory information.  Plaintiff is one of 41,049 individuals who were treated in the same way as part of Verifications' standard practice.

**Adequacy of Representation**

"Finally, under Rule 23(a)(4), the class representatives must adequately represent the interests of the class members, and legal counsel must be competent to litigate for the interests of the class." *Jeffreys*, 212 F.R.D. at 323.  "Basic due process requires that the named plaintiffs possess undivided loyalties to absent class members."  *Fisher*, 217 F.R.D. at 212, *citing Broussard v. Meineke Disc. Muffler Shops*, 155 F.3d 331, 338 (4th Cir. 1998).

The adequacy of representation requirement is met here.  Plaintiff understands the obligations of a class representative, has adequately represented the interests of the putative class, and has retained experienced counsel, as indicated by **Exhibit 3** (Affidavit of Class Counsel), which set forth the qualifications of Class Counsel.  Plaintiff has no antagonistic or conflicting interests with the Class Members.  Both Plaintiff and the Class Members seek money damages for Verifications' alleged unlawful actions.  Considering the identity of claims, there is no potential for conflicting interests in this action.  Accordingly, the class is adequately represented to meet the requirements under Rule 23.

### 2.  *The Class Should Be Certified under Rule 23(b)(3)*

"In addition to satisfying Rule 23(a)'s prerequisites, parties seeking class certification must show that the action is maintainable under Rule 23(b)(1), (2), or (3)."  *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 614 (1997).

In order to certify a Fed. R. Civ. P. 23(b)(3) class, the court must find that "the questions of law or fact common to the members, and that a class action is *superior* to other available methods for the fair and efficient adjudication of the controversy."  Fed. R. Civ. P. 23(b)(3).  The predominance and superiority factors are addressed below.

**Predominance**

10

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods.,* 521 U.S. at 623.  "This analysis presumes that the existence of common issues of fact or law have been established pursuant to Rule 23(a)(2)l thus, the presence of commonality alone is not sufficient to fulfill Rule 23(b)(3).  In contrast to Rule 23(a)(2), Rule 23(b)(3) focuses on the relationship between the common and individual issues." *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1022 (9th Cir. 1998). "When common questions present a significant aspect of the case an they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis."  7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Fed. Practice & Pro.* § 1778 (2d ed. 1986).

A common nucleus of facts and potential legal remedies dominates this litigation.  The claims of the Class Representative and Class Members are identical:  Verifications failed to provide the proper FCRA disclosures notice under 15 U.S.C. § 1681k(a)(1)after using a background check to make an employment decision and failed to conduct a reasonable investigation of disputes by consumers concerning  their background checks, including not disclosing the original source of the derogatory information.

**Superiority**

"The superiority inquiry tests whether a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Fisher*, 217 F.R.D. at 213. When determining whether a class action is superior, the Court should consider the following factors:

> (A) the interest of members of the class in individually controlling the
> the prosecution or defense of separate actions; (B) the extent and nature
> of any litigation concerning the controversy already commenced by or
> against members of the class; (C) the desirability or undesirability of

> concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

*Jeffreys*, 212 F.R.D. at 323.

The class action procedure is the superior mechanism for dispute resolution in this matter. The alternative mechanism, permitting individual lawsuits for a small statutory penalty, would be costly and duplicative.  Through the class action procedure, these common claims can be brought in one proceeding, thereby eliminating unnecessary duplication, preserving limited judicial resources, and achieving economics of time, effort, and expense.

## B.  THE PROPOSED SETTLEMENT IS FAIR AND ADEQUATE

Federal jurisprudence strongly favors resolution of class actions through settlement.  *See San Francisco NAACP v. San Francisco Unified Sch. Dist.,* 59 F. Supp. 2d 1021, 1029 (N.D. Cal. 1999); *see also* ALBA CONTE & HERBERT NEWBERG, NEWBERG ON CLASS ACTIONS § 11.41 (4th ed. 2002) ("The compromise of complex litigation is encouraged by the courts and favored by public policy.").  Rule 23 provides that "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval."  Fed. R. Civ. P. 23(e).  Court approval is required to ensure that the parties gave adequate consideration to the rights of absent class members during the settlement negotiations. *See Henley v. FMC Corp.,* 207 F. Supp. 2d 489, 492 (S.D.W. Va. 2002) (citing *In re JiffyLube Secs. Litig.,* 927 F.2d 155,158 (4th Cir. 1991)).  The Court may approve a settlement only after a hearing and on finding that it is "fair, reasonable, and adequate."  FED. R. CIV. P. 23(e)(2). Approval of a class action settlement is committed to the "sound discretion of the district courts to appraise the reasonableness of particular class-action settlements on a case-by-case basis, in light of the relevant circumstances."  *In re MicroStrategy, Inc. Sec. Litig.,* 148 F. Supp. 2d 654, 663 (E.D. Va. 2001).  Additionally, "there is a strong initial presumption that the compromise is

fair and reasonable." *Id.* (quoting *S. Carolina Nat'l Bank v. Stone*, 139 F.R.D. 335, 339 (D.S.C. 1991)).

The Fourth Circuit employs a bifurcated analysis for Rule 23(e) approval, mandating that the Court separately consider the fairness of the settlement from its adequacy. *See In re Jiffy Lube,* 927 F.2d at 159-59. In this case, each set of factors weighs in favor of approving the Settlement.

### *1. Fairness*

When evaluating the fairness of a settlement, the Court must evaluate the settlement against the following criteria: "(1) the posture of the case at the time settlement was proposed, (2) the extent of discovery that had been conducted, (3) the circumstances surrounding the negotiations, and (4) the experience of counsel." *In re Jiffy Lube*, 927 F.2d at 159. The fairness inquiry ensures that "the settlement was reached as a result of good-faith bargaining at arm's length, without collusion." *Id.*

These factors point persuasively to the conclusion that the settlement here is fair.

### *a. The Posture of the Case at the Time Settlement Was Proposed*

Verifications pled several defenses to the class claims and the Parties agreed to settle only after propounding merits-related discovery. After the exchange of substantial documents and information, the Plaintiff amended the complaint to allege the claims now to be settled. Verifications filed a substantial motion to dismiss, which the Plaintiff opposed and which motion was denied by the court. The Parties reached the Proposed Settlement after sufficient discovery had been completed, both formally and informally, and the sufficiency of the complaint had been tested and ruled on by the court.

The Parties have exchanged sufficient information to allow a comprehensive evaluation

of the plaintiff's claims.  The legal and factual issues presented in this case are vetted and the matter is ripe for settlement.

### b.  The Extent of Discovery that Had Been Completed

As stated above, the Parties conducted both informal and formal discovery prior to negotiating settlement.  Although not protracted or voluminous, the quality of the discovery of the case enabled the parties to determine the relative size of the class and the objective nature of the evidence related to the claims, which favors approval of the Settlement.  *See Horton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 855 F. Supp. 825 (E.D. N.C. 1994).  The Parties have exchanged sufficient information to make an informed decision about settlement.

### c.  The Circumstances Surrounding the Negotiations

As stated previously, the Parties have engaged in quality settlement discussions and mediated with the assistance of Judge Dohnal.  Through these discussions and mediation sessions, the Parties reached the proposed class settlement.  The Parties did not begin to negotiate attorneys' fees before reaching the principal settlement points.  Considering the risks associated with litigating this matter, Verifications' defenses to Plaintiff's claims, the meaningful settlement discussions, the motions practice, and a federal magistrate's approval of the proposed compromise, the proposed settlement is fair and appropriate for approval.  *See S. Carolina Nat'l Bank,* 139 F.R.D. at 339 (concluding fairness met where "discovery was largely completed as to all issues and parties." Settlement discussions "were, at times, supervised by a magistrate judge and were hard fought and always adversarial," and those negotiations "were conducted by able counsel" with substantial experience in the area of securities law).

### d.  The Experience and Views of Class Counsel

Experienced and capable Class Counsel, who now recommends its approval, negotiated

the settlement at arms-length.  As detailed in Class Counsel's affidavit attached as **Exhibit 3**, Class Counsel are experienced FCRA class action lawyers.  Given that experience and expertise, Class Counsel are qualified to assess the prospects of the case and to negotiate a favorable resolution for the class.  *See e.g. Souter v. Equifax Info. Servs., LLC.,* 2011 WL 1226025 (E.D. Va. Mar. 30, 2011)("[T]he Court finds that Souter's counsel [Leonard Bennett] is qualified, experienced, and able to conduct this litigation.  Counsel is experienced in class action work, as well as consumer protection issues, and has been approved by this Court and others as class counsel in numerous cases.")

### 2.  Adequacy

In assessing the adequacy of the settlement, the Court should look to the following factors: "(1) the relative strength of the plaintiffs' case on the merits, (2) the existence of any difficulties of proof or strong defenses the plaintiffs are likely to encounter if the case goes to trial, (3) the anticipated duration and expense of additional litigation, (4) the solvency of the defendants and the likelihood of recovery on a litigated judgment, and (5) the degree of opposition to the settlement."  *In re Jiffy Lube,* 927 F.2d at 159.

While it is too early to address the last factor, *i.e.,* the reaction of the Class Members to the proposed settlement, application of the other relevant factors confirms that the proposed settlement is adequate and should be preliminarily approved.

### a.  The Relative Strength of the Plaintiff's Case and the Difficulty in Proving Liability

As noted, Verifications has disputed plaintiff's claims since the inception of this case and has raised a number of defenses to Plaintiff's class claims.  Because Plaintiff asserted class claims of actual, statutory and punitive damages, any recovery for the class must be predicated in a finding that Verifications willfully violated the FCRA.  *See* 15 U.S.C. §1681n(a).  Although a

reckless violation of the FCRA satisfies the willfulness prerequisite for statutory and punitive damages under *Safeco Ins. Co. of Am. V. Burr,* 551 U.S. 47 (2007), the Plaintiff is still faced with the burden of proving that Defendant's conduct was reckless. In order for the class to recover statutory and punitive damages, Plaintiff has the burden of proving that notwithstanding Verifications' efforts to comply with the FCRA, any violations of the statute were nonetheless willful.

Verifications asserted factual challenges and affirmative defenses to the Plaintiffs allegations, which defenses included that it was not required to send a notice to the Plaintiff under 15 U.S.C. § 1681k(a)(2) and a constitutional challenge to punitive damages.  (Answer, Docket #23).  Litigation of these issues would require extensive discovery and litigation, the outcome of which is uncertain despite Plaintiff's confidence that the FCRA claims he asserted are legally correct.

Considering the potential risks and expenses associated with continued prosecution of the Lawsuit, the probability of appeals, the certainty of delay, and the ultimate uncertainty of recovery through continued litigation, the proposed settlement is adequate.

### b.  The Anticipated Duration and Expense of Additional Litigation

Aside from the potential that either side will lose at trial, the Parties anticipate incurring substantial additional costs in pursuing this litigation further.  The level of additional costs would significantly increase as Plaintiff began his preparations for the class certification and argument. Thus, the likelihood of substantial future costs favor approving the proposed settlement.  *See Horton,* 855 F. Supp. at 833.

### c.  The Solvency of the Defendant and the Likelihood of Recovery

Verifications is a viable company and will be able to satisfy a judgment; however, it is by

no means a heavily capitalized entity – and of course not a "mega-corporation" or Fortune 500 entity able to pay to the extent alleged. By settling the case, Verifications is able to control its exposure to an adverse ruling and award damages and the class is able to guarantee a substantial payment of damages.

### D.  The Proposed Class Notice is the Best Notice Practicable under the Circumstances

"Adequate notice is critical to court approval of a class settlement under Rule 23(e)." *Hanlon,* 150 F.3d at 1025. Pursuant to Fed. R. Civ. P. 23(c)(2)(B), "[t]he notice [for Fed. R. Civ. P. 23(b)(3) classes] must concisely and clearly state in plain, easily understood language:  the nature of the action[;] the definition of the class certified[;] the class claims, issues, or defenses[;] that a class member may enter an appearance through counsel if the member so desires[;] that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded[;] and the binding effect of a class judgment on class members under Rule 23(c)(3)."  Pursuant to Rule 23(e)(1)(B), "[t]he court must direct notice in a reasonable manner to all class members who would be bound by a proposed settlement…."

Individual notice is being provided to each Class Member.  Before sending the written notice, Verifications will confirm and, if necessary, update the addresses for the Class Members to ensure the last known addresses for each Class Member is used.  The proposed notice is appropriate and complies with both Fed. R. Civ. P. 23(c)(2)(B) and (e)(1)(B).  The notice contains all of the required Rule 23 information and properly advises the Class Members of their rights.  Additionally, the Class Administrator will maintain an toll-free number and Internet website that will (1) enable Class Members to access and download the Class Notice and other pertinent documents; (2) enable Class Members to download an opt-out form; (3) enable the §1681k class members to submit their claims online; (4) provide a list of critical dates and

deadlines in the settlement process; and (5) provide relevant updates and information with respect to the settlement and approval process.  The proposed method for notifying the Class Members thus satisfies both Rule 23 and due process and constitutes the best notice practicable under the circumstances.

## IV.  CONCLUSION

For the foregoing reasons, the Plaintiff respectfully requests the Court grant the motion and enter the Preliminary Approval Order, attached as **Exhibit 2**;

(1) preliminarily approving a proposed class settlement,

(2) scheduling a fairness hearing,

(3) certifying settlement classes for purposes of the proposed class settlement,

(4) appointing class counsel,

(5) approving the form and manner of notice proposed to be sent to all members of the settlement classes.

Respectfully Submitted,

Tyrone Henderson, on behalf of himself and others similarly situated,


_____/s/_____
Leonard Anthony Bennett VSB 37523
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd. Suite 1A
Newport News VA 23601
757-930-3660
757-930-3662
lenbennett@clalegal.com

Susan M. Rotkis VSB 40693
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd. Suite 1A
Newport News VA 23601
757-930-3660
757-930-3662
srotkis@clalegal.com

Dale Wood Pittman VSB 15673
Law Offices of Dale Wood Pittman, P.C.
112-A Westt Tabb Street
Petersburg, VA 23803
804-861-6000
804-861-3368
dale@pittmanlawoffice. com

Matthew James Erausquin VSB
Janelle Elene Mason VSB 82389
1800 Diagonal Rd., Ste 600
Alexandria, VA 22314
703-273-7770
888-892-3512
Janelle@clalegal.com
Matt@clalegal.com

*Counsel for the Class*

## CERTIFICATE OF SERVICE

On this 23d day of October 2012, I certify that I have electronically filed the foregoing

pleading in the CM/ECF system, which shall send a Notice of Electronic Filing (NEF) to the

following:

Megan Starace Ben'Ary
LeClairRyan PC
2318 Mill Road Suite 1100
Alexandria VA 22314

Charles Kalman Seyfarth
LeClairRyan PC
951 E. Byrd St
Richmond, VA 23219

*Counsel for the Defendant*


_____/s/_____
Susan M. Rotkis VSB 40693
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd. Suite 1A
Newport News VA 23601

*Counsel for the Class*