IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

**Tyrone Henderson**
on behalf of himself and others similarly situated,

      Plaintiff,

    v.

**Verifications Incorporated**,

      Defendant.

Civil Action No.  3:11cv514-REP

**PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

  This matter is before the Court on a Motion by the Plaintiff, Tyrone Henderson (hereinafter referred to as "Plaintiff" or "Class Representative"), with the consent of Defendant, Verifications, Inc. (hereinafter referred to as "Defendant" or "Verifications") (hereinafter jointly referred to as the "Parties"), for Preliminary Approval of the Class Action Settlement Agreement in the above-captioned matter ("Lawsuit").  The Parties have submitted a Settlement Agreement ("Agreement") that the Court has reviewed, and finds that it is just and proper that the Agreement be approved.

  Based upon the Agreement, the record and exhibits herein, and it appearing to the Court that upon preliminary examination, that the proposed settlement appears to be fair, reasonable, and adequate, and that a hearing on the matter should and will be held on _____, after notice to the Class Members, to confirm that the proposed settlement is fair, reasonable, and adequate, and to determine whether a Final Order and Judgment

should be entered in this Lawsuit:

It is hereby ORDERED:

1. The Court finds that it has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto for purposes of settlement only.

2. Class Members – For settlement purposes only, and in accordance with Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby preliminarily certified as a class action on behalf of the following classes of Plaintiffs (hereinafter referred to as the "Class Members"):

**The "§ 1681k Class**" is defined as:

All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a.) who were the subject of a Verifications consumer report, (b.) that was furnished for an employment purpose, (c.) within five years next preceding the filing of this action and during its pendency, and (d.) for whom Verifications notified, as part of the background check process, an employer or prospective employer that additional research was being conducted prior to the completion of the background report, but to whom Verifications did not provide a written notice pursuant to Section 1681k(a)(1) of the FCRA. Excluded from the class definition are any employees, officers, directors of Verifications, any attorney appearing in this case, and any judge assigned to hear this action.

**The "§ 1681i Class"** is defined as:

All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a.) who disputed to Verifications the accuracy or completeness of a public record reported by Verifications, which resulted from a background check for which Verifications' records show that additional research was conducted (b.) within five years next preceding the filing of this action and during its pendency. Excluded from the class definition are any employees, officers, directors of Verifications, any attorney appearing in this case, and any judge assigned to hear this action.

There are approximately 41,049 members of the § 1681k Class and 199 members of the § 1681i Class.

3. Class Representative and Class Counsel – For settlement purposes only, and in accordance with Fed. R. Civ. P. 23, the Court preliminarily certifies Plaintiff Tyrone Henderson as the Class Representative. The Court preliminarily approves Mr. Leonard A. Bennett, Mr. Matthew Erausquin, Mr. Dale W. Pittman, and Ms. Susan M. Rotkis as Class Counsel.

4. Preliminary Class Certification – For settlement purposes only, the Court preliminarily finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

    a. The Class Members are so numerous that joinder of all of them in the Lawsuit is reasonably impracticable;

    b. There are questions of law and fact common to the Class Members, which predominate over any individual questions;

    c. The claims of the Plaintiff are typical of the claims of the Class Members;

    d. The Plaintiff and class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

    e. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to the other available methods for a fair an efficient adjudication of this controversy.

5. For settlement purposes only, the Court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement appears preliminarily in all respects fundamentally fair, reasonable, adequate and in the best interest of the Class members, especially in light of the benefits to the Class Members, the strength of the Plaintiff's case, the complexity, expense, and probably duration of

further litigation, the risk and delay inherent in possible appeals, the risk of collecting any judgment obtained on behalf of the class, and the limited amount of any potential total recovery for the class.

    6.    The Third-Party Class Action Administrator – Class Counsel will hire a third party administrator (the "Class Administrator") to assist in the administration of the settlement and the notification to Class Members. Verifications, Inc. shall be responsible for costs and expense for the Class Administrator, subject to the terms of the Settlement Agreement. The Class Administrator will be responsible for mailing the approved class action notices and claim forms to the Class Members. A separate checking account (hereafter "the Settlement Account") will be established by the Class Administrator for purposes of depositing the settlement funds for the sole purpose of issuing settlement checks. Verifications, Inc. shall make all reasonable and best efforts to deposit $3,750,000.00 into this account within thirty (30) calendar days of the date of this Order. The settlement checks shall issue from the Settlement Account only and the Class Administrator will verify that the settlement checks were mailed. The Class Administrator is permitted to obtain information governed by the Fair Credit Reporting Act for the sole purpose of locating current addresses of class members, pursuant to 15 U.S.C. § 1681b(a)(1).

    7.    Notice – The Court approves the form and substance of the written notices of class action settlement, in the forms agreed to by the Parties.

    8.    If the Settlement Agreement is terminated or is not consummated for any reason whatsoever, the certification of the Classes shall be void, and Plaintiffs and Defendant shall be deemed to have reserved all their respective rights to propose or

oppose any and all class certification issues.

9. Neither this Order nor the Settlement Agreement shall constitute any evidence or admission of liability by Verifications, or an admission regarding the propriety of any certification for any particular class for purposes of litigation, nor shall they be offered in evidence in this or any other proceeding except to consummate or enforce the Settlement Agreement or the terms of this Order, or by Defendant in connection with any action asserting any claim of release.

ENTERED this ____ day of November 2012.

_____
Hon. Robert E. Payne
Senior United States District Judge

**WE ASK FOR THIS**:

| | |
|---|---|
| Leonard Anthony Bennett (VSB 37523)<br>Consumer Litigation Associates, P.C.<br>763 J. Clyde Morris Blvd. Suite 1A<br>Newport News VA 23601<br>lenbennett@cox.net<br><br>Susan M. Rotkis (VSB 40693)<br>Consumer Litigation Associates, P.C.<br>763 J. Clyde Morris Blvd. Suite 1A<br>Newport News VA 23601<br>srotkis@clalegal.com<br><br>Dale Wood Pittman (VSB 15673)<br>Law Offices of Dale W. Pittman<br>The Eliza Spottswood House<br>112-A West Tabb Street<br>Petersburg, VA 23803<br>dale@pittmanlawoffice.com<br><br>*Counsel for Plaintiff* | Megan S. Ben'Ary (VSB 47349)<br>LeClairRyan, A Professional Corporation<br>2318 Mill Road, Suite 1100<br>Alexandria, VA  22314<br>Telephone: (703) 684-8007<br>Facsimile: (703) 647-5983<br>Megan.Benary@leclairryan.com<br><br><br>Charles K. Seyfarth (VSB 44530)<br>LeClairRyan, A Professional Corporation<br>Riverfront Plaza – East Tower<br>951 E. Byrd Street, Eighth Floor<br>Richmond, Virginia  23219<br>Telephone: (804) 916-7159<br>Facsimile:  (804) 916-7259<br>Charles.Seyfarth@leclairryan.com<br><br>*Counsel for Defendant* |