IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| TYRONE HENDERSON | ) | |
| On behalf of himself and others similarly | ) | |
| Situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:11cv514-REP |
| | ) | |
| VERIFICATIONS INCORPORATED, | ) | |
| | ) | |
| Defendant. | ) | |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement") is made and entered into by and between Plaintiff Tyrone Henderson ("Named Plaintiff"), individually and as representative of the Settlement Classes as defined below (collectively "Plaintiffs"), and Defendant Verifications, Inc. ("Verifications") (collectively, "Parties"). This Settlement Agreement is intended by the Parties to fully, finally and forever resolve, discharge and settle all released rights and claims to the extent set forth below, subject to the terms and conditions set forth herein.

## I.    RECITALS

WHEREAS, on August 10, 2011, Plaintiff filed a lawsuit, individually and on behalf of a class of similarly situated individuals, against Verifications in the United States District Court for the Eastern District of Virginia, Civil Action No. 3:11cv514 (Docket No. 1), alleging that Verifications failed to comply with certain provisions of the Fair Credit Reporting Act, 15 U.S.C §§ 1681, et seq. ("FCRA"); and

WHEREAS, on February 7, 2012, Plaintiff filed a First Amended Class Complaint ("Amended Complaint") in the United States District Court for the Eastern District of Virginia, (Docket No. 20), alleging that Verifications failed to comply with certain provisions of the FCRA, including Sections 1681k and 1681i; and

WHEREAS, Verifications denies the material allegations set forth in the Complaint and Amended Complaint, denies that it failed to comply with any applicable provisions of the FCRA and denies any and all liability to the Plaintiffs including the Named Plaintiff; and

WHEREAS, this Settlement Agreement has been reached after substantial and significant investigation, discovery and litigation, and is the product of extensive settlement negotiations through multiple mediation sessions between the Parties and before the Honorable Magistrate Judge Dennis W. Dohnal (Ret.); and

WHEREAS, the Parties desire to avoid the expense, uncertainty, inconvenience and distraction of continuing the litigation and to put to rest any and all controversies and/or disputes between them; and

WHEREAS, the Parties believe that this Settlement Agreement is fair, reasonable and adequate because it provides substantial benefits for the Settlement Classes without the risk inherent in any litigation.

NOW THEREFORE, in consideration of the foregoing premises, which shall be deemed an integral part of this Settlement Agreement, and the mutual covenants and agreements set forth below, which the Parties acknowledge and agree constitute good and valuable consideration, the Parties agree, subject to Court approval as required by Federal Rule of Civil Procedure 23, as follows:

2

## II.   DEFINITIONS

For the purposes of this Settlement Agreement, including the Recitals stated above, the following terms shall have the following meanings:

A.   "CAFA Notice" means notice of this proposed settlement to the appropriate federal and state officials, as provided by the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711, *et seq.*, and as further described in Section VIII (I) below.

B.   "Civil Action" or "Litigation" means the lawsuit styled *Tyrone Henderson, on behalf of himself and others similarly situated v. Verifications, Inc.*, currently pending in United States District Court for the Eastern District of Virginia, Docket No. 3:11cv514-REP.

C.   "Class Counsel" means Dale W. Pittman of Law Offices of Dale W. Pittman and Leonard A. Bennett, Matthew Erausquin and Susan M. Rotkis of Consumer Litigation Associates, P.C.

D.   "Class Member(s)" and/or "Plaintiffs" means any member(s) of the Settlement Classes, as set forth in Sections VI (A) below, but specifically does not include those individuals who timely opt-out of the Settlement as set forth in Section VIII (F).

E.   "Section 1681k Settlement Fund" means the fund established in settlement of the claims of the Section 1681k Settlement Class.

F.   "Section 1681i Settlement Fund" means the fund established in settlement of the claims of the Section 1681i Settlement Class.

G.   "Actual Damages Claims Fund" means the fund established in settlement of the claims of the Section 1681k and Section 1681i Settlement Classes, who file actual damages claims.

H.     "Class Period" means August 10, 2006 through September 5, 2012 for the Section 1681k Settlement Class and August 10, 2006 through August 10, 2011 for the Section 1681i Settlement Class.

I.     "Court" means the United States District Court for the Eastern District of Virginia, where the Litigation is pending.

J.     "Defendant" or "Verifications" means Verifications, Inc.

K.     "Opt-Out" means to timely request exclusion from the Settlement pursuant to Federal Rule Civil Procedure 23(c)(2)(B).

L.     "Effective Date" means the date on which all appellate rights with respect to the Final Judgment have expired or have been exhausted in a manner as to affirm the Final Judgment, and when no further appeals are possible, including review by the United States Supreme Court.

M.     "FCRA" means the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.*

N.     "Final Judgment" and/or "Judgment" means a final judgment and order of dismissal entered by the Court in the Civil Action granting final approval of the Settlement Agreement (including Class Counsel's request for attorneys' fees, costs and other expenses) and entering a judgment according to the terms set forth in this Settlement Agreement.

O.     "Incentive Award" means the one-time payment to the Named Plaintiff for the time and resources he has put into representing the Settlement Classes, as set forth in Section XI (C).

P.     "Notice Order" means the Order proposed and submitted by the parties as set forth in Section VIII (A).

4

Q.    "Person" means an individual, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

R.    "Named Plaintiff" means Tyrone Henderson.

S.    "Released Claims" means all claims set forth in the Civil Action, (including "Unknown Claims" as defined herein), demands, rights, liabilities, and causes of action under the Fair Credit Reporting Act, other applicable federal or state law, whether based on statutory or common law, whether class or individual in nature, known or unknown, concealed or hidden, and that were or could have been asserted in the Civil Action that relate to background checks and/or consumer reports prepared by Verifications, including but not limited to any claims that relate to accuracy, privacy, disclosure, notification, and/or investigation of disputed claims.

T.    "Released Defendant" means Verifications and its current, former and future owners, parents, subsidiaries, officers, directors, shareholders, employees, representatives, insurers, reinsurers, attorneys, representatives, successors, assignors, assignees and/or assigns, and/or any representative of the above.

U.    "Settlement" means the terms and conditions of settlement as described in this Settlement Agreement.

V.    "Settlement Classes" has the meaning set forth in Section VI (A) below.

W.    "Settlement Funds" means the amounts set forth in Section VI (D).

X.    "Final Settlement Hearing" means the hearing described in Section VI (G) and Section VIII (H).

5

Y.     "Settlement Notice" means the form of notice to be provided to the Settlement Class after preliminary approval of this Settlement Agreement by the Court, as further described in Section VIII (B) herein.

Z.     "Parties" means Plaintiff and Defendant as described in Section II (J & R).

AA.    "Settlement Agreement" means this Settlement Agreement, including its exhibits.

BB.    "Preliminary Settlement Class" shall have the meaning set forth in Section VI (A) below.

CC.    "Termination Notice" shall have the meaning set forth in Section XII (C) below.

DD.    "Unknown Claims" means any Released Claims that Plaintiff or any Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant, or might have affected his, her, or its decision(s) with respect to the Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, on the Effective Date, Plaintiff, any Class Member, and Defendant shall expressly waive, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542 which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiff and Class Members may hereafter discover facts in addition to or different from those that any of them now knows or believes to be true related to the subject matter of the

Released Claims, but Plaintiff and Class Members, upon Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.   The Parties acknowledge, and Plaintiff, Class Members and Released Defendant shall be deemed by operation of the Judgment to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and is a material element of the Settlement of which these releases are a part.

### III.    MOTION FOR PRELIMINARY APPROVAL

No later than October 23, 2012, the Named Plaintiff shall file with the Court a Motion for Preliminary Approval that seeks entry of an order in the exact form of Exhibit A that would:

A.    Preliminarily Approve this Settlement Agreement.

B.    Conditionally and for purposes of settlement only certify the Section 1681k Settlement Class and Section 1681i Settlement Class;

C.    Approve the proposed Notice Plan, the Settlement Notices and the CAFA Notice in forms substantially as negotiated and agreed by the Parties, and

D.    Appoint the Notice Administrator.

### IV.    DENIAL OF WRONGDOING AND LIABILITY

Verifications enters into this Settlement Agreement for the purposes of avoiding the risk, uncertainty, expense and distraction of the Litigation.   In the event the Settlement is not

approved by the Court, Verifications reserves its right to oppose class certification under Federal Rule of Civil Procedure 23 and denies any and all liability as to the Complaint and Amended Complaint including any allegation that Verifications failed to comply with any applicable provisions of the FCRA.

### V.    CLAIMS OF PLAINTIFFS AND BENEFITS OF SETTLEMENT

Plaintiffs believe that the claims asserted in the lawsuit have merit and that if the case did not settle they would prevail at trial.  However, Plaintiffs and Class Counsel recognize and acknowledge the uncertainty, expense, and length of continued proceedings necessary to prosecute the case against Verifications through trial and through appeals.  Plaintiffs and Class Counsel also have taken into account the uncertain outcome and the risk of any litigation, including proceedings involving class certification.  Plaintiffs and Class Counsel believe that the Settlement Agreement confers substantial benefits on the Settlement Class and is fair, reasonable and adequate, and in the best interests of Plaintiffs and the Settlement Classes.

### VI.    SETTLEMENT TERMS

A.    For the purposes of effectuating the Settlement only, Class Members and Verifications agree to jointly request that the Court certify two Preliminary Settlement Classes relating to the claims alleged in the Amended Complaint.

The "§ 1681k Class" is defined as:

All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a.) who were the subject of a Verifications consumer report, (b.) that was furnished for an employment purpose, (c.) within five years next preceding the filing of this action and during its pendency, and (d.) for whom Verifications notified, as part of the background check process, an employer or prospective employer that additional research was being conducted prior to the completion of the background report, but to whom Verifications did not provide a written notice pursuant to Section 1681k(a)(1) of the FCRA. Excluded from the class definition are any employees, officers, directors of Verifications, any attorney appearing in this case, and any judge assigned to hear this action.

8

**The "§ 1681i Class"** is defined as:

All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a.) who disputed to Verifications the accuracy or completeness of a public record reported by Verifications, which resulted from a background check for which Verifications' records show that additional research was conducted (b.) within five years next preceding the filing of this action and during its pendency. Excluded from the class definition are any employees, officers, directors of Verifications, any attorney appearing in this case, and any judge assigned to hear this action.

B.      On the Effective Date, the Preliminary Settlement Classes defined above shall become permanently certified ("Settlement Classes") unless the Judgment does not become Final.

C.      In the event the Settlement is not preliminarily and finally approved and implemented, or the Judgment does not become Final, the Preliminary Settlement Classes are dissolved without prejudice or inference regarding the appropriateness of class certification and thereafter the issue of class certification will be decided *de novo*, and Verifications is not precluded from challenging class certification.

D.      In exchange for a full and complete release of all Claims, Verifications, on behalf of itself, on behalf of the Released Parties, agrees to pay the sum total of Three Million Seven Hundred Fifty Thousand Dollars ($3,750,000.00) to settle the claims set forth by the Preliminary Settlement Classes (the "Settlement Funds"). The Settlement Funds shall be disbursed as follows: $2,840,000.00 to the Section 1681k Settlement Fund; $160,000.00 to the Section 1681i Settlement Fund; and $750,000.00 to the Actual Damages Claims Fund for the payment of all valid actual damage claims received by Section 1681k and Section 1681i class members. Verifications shall bear the costs associated with settlement administration, however, $150,000.00 shall be contributed from the Section 1681k Settlement Fund toward the fees and

costs of administration.   Attorneys' fees and costs awarded by the Court shall be paid in accordance with Section XI below.  The remaining amount in the Settlement Funds shall be paid *pro rata* to the members of the Settlement Classes for the payment of their respective statutory damages.  Any remaining amount in the Actual Damages Claims Fund shall be paid *pro rata* to the members of the Section 1681k and Section 1681i Settlement Classes who submit a valid actual damages claim.

  E.  Verifications shall deposit the Settlement Funds into an interest-bearing account with the financial institution mutually agreed upon by the Parties.  Verifications shall use its best efforts to complete the deposit of the balance of the $3,750,000.00 within thirty (30) calendar days of the Court's preliminary approval of the Settlement.   For Verifications' accounting purposes, such distribution shall be treated as an incurred expense, subject to the condition subsequent of the failure of this Settlement to obtain final approval.

  F.  All checks paid pursuant to this Settlement Agreement shall become stale after 60 days of mailing.  All funds not disbursed because the checks paid were not cashed within the sixty (60) day period shall be paid to the class by *cy pres* award approved by the Court.  The Parties have agreed to seek approval of a *cy pres* award directed to the following organizations: 75% to the Boys & Girls Clubs of America (Midwest Region) and 25% to the Boys & Girls Clubs of Greater Richmond, Virginia.

  G.  Upon final approval of the Settlement at the Final Settlement Hearing, this Civil Action will be dismissed with prejudice in its entirety.

## VII. **RELEASE**

  A.  Upon the Effective Date, each member of the Settlement Class who has not opted out of the proposed settlement, and each of their respective spouses, executors, representatives,

10

heirs, successors, bankruptcy trustees, guardians, wards, joint tenants, tenants in common, tenants in the entirety, co-borrowers, agents, successors, assignees and assigns, and all those others who also claim through them or who assert claims on their behalf shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Defendant. The Parties hereby acknowledge that the Released Defendant is an expressly intended beneficiary of this Release. Upon the Effective Date, Named Plaintiff and each member of the Settlement Class who has not opted out of the proposed settlement shall be permanently enjoined and barred from filing, commencing, prosecuting, intervening (as class members or otherwise) or receiving any benefits from any lawsuit or arbitration proceeding arising from any of the Released Claims. Subject to the Court's approval, this Settlement Agreement shall bind all Settlement Class Members, and all of the Released Claims shall be dismissed with prejudice and released as and against the Released Defendant.

## VIII.   NOTICE OF ORDER AND FINAL SETTLEMENT HEARING

A.      Upon execution of this Settlement Agreement, the Parties shall jointly apply to the Court for preliminary approval of this Settlement Agreement. It is contemplated that the application for preliminary approval will be filed contemporaneously with the filing of this Settlement Agreement. The Parties shall submit to the Court the Settlement Agreement, and shall apply for entry of an order (the "Preliminary Approval Order"), substantially in the form and content of Exhibit A hereto, requesting, *inter alia*, (a) preliminary approval of the Settlement, (b) preliminary certification of the Preliminary Settlement Class, and (c) approval for the distribution of he Settlement Notice substantially in the form and content as agreed by the Parties, and (d) a time and date for the Final Settlement Hearing. Should any Court reject or

materially alter the Parties' agreed upon Preliminary Approval Order or Settlement Notice, then the Parties will have the option to void the Settlement Agreement if the parties are unable, after good faith negotiations, to agree on a form of Preliminary Approval Order and Settlement Notice acceptable to the Court.

      B.      After preliminary approval of this Settlement Agreement by the Court, Class Counsel, through the Class Administrator, shall provide to each member of the Preliminary Settlement Class a notice within sixty (60) days after preliminary approval in substantially similar form as the notice negotiated by the Parties (and to separately filed with the Court), notifying him or her of his or her right to participate in the settlement or to object to or opt out of the settlement ("Settlement Notice"). All putative class members who do not opt out or object within sixty (60) days from the date they were sent the Settlement Notice, as described in the Settlement Notice, shall be considered Class Members and shall be bound by the terms of the Settlement. The Settlement Notices will be sent to the last known address that can be contemporaneously verified. These current postal addresses shall be obtained by Verifications, and then checked and updated against the National Change of Address database by the Class Administrator. The notice shall also be posted and made available on a website ("Notice Website"). Verifications shall use its best efforts to obtain the names and addresses of class members about whom it furnished a consumer report during the class period, and shall provide such information to Class Counsel, through the Class Administrator, upon receipt. Each Class Member shall be informed in the Settlement Notice that he or she is entitled to the cash funds, as set forth in Section VI (D). The Section 1681k and Section 1681i Class Members do not need to submit a claim to receive payment of statutory damages.

      C.      Section 1681k and Section 1681i Class Members who submit a claim that their

consumer report contained inaccurate information may receive a pro rata payment from the Actual Damages Claims Fund. Claimants will be required to submit a claim for which a pro rata share of the Actual Damages Claims Fund will be determined based on the number of valid claims submitted, however, individual actual damage payments shall not exceed an amount of $20,000.00. Eligibility for payment from the Actual Damages Claims Fund shall require the class member to swear or attest that they have suffered (1.) a tangible injury because of (2.) an inaccuracy in a report provided by Verifications. In addition, the claimant must provide some reasonable explanation for such claim. The Class Administrator shall make the initial determination as to whether or not a claim is valid. Such decision shall be supervised and may be reversed at the discretion of Class Counsel and Verifications. Any dispute shall be resolved by the Honorable Magistrate Judge Dennis W. Dohnal (Ret.).

D.      Upon expiration of the claims period, the Class Administrator shall mail checks to the Class Members who have not opted out of the Settlement at the last known address on file, which check shall become void 60 days after issuance. The proceeds to be paid thereby shall not become the property of the Class Member until and unless he or she cashes the check.

E.      A Settlement Class Member may request to be excluded from the Settlement Class by sending a written request for exclusion to the Class Administrator at the address provided in the Notice. The Settlement Class Member's Opt-Out request must contain the Class Member's original signature, current postal address and a specific statement that the Class member wants to be excluded from the Settlement Class. Opt-Outs must be postmarked no later than the deadline set by the Court in the Preliminary Approval Order. In no event shall persons who purport to opt out of the Settlement Class as a group, on an aggregate basis or as a class involving more than one Class Member be considered valid Opt-Outs. Requests for exclusions

13

that do not comply with any of the foregoing requirements are invalid. No later than seven (7) business days after the deadline for submission of request for exclusion of Opt-Out, the Class Administrator shall provide Class Counsel and Verifications with a complete list of all persons who have properly Opted Out of the Settlement together with copies of the opt-out requests.

F.      Any Class Member who does not opt out, but who instead wishes to object to the Settlement or any matters as described in the Notice, may do so by filing with the Court a notice of their intention to object (which shall set forth each objection and the basis therefore and containing the objecting Class Member's signature), with any papers in support of their position, and serve copies of all such papers on Class Counsel and the Defendant's Counsel. Objections must be filed and served no later than the deadline set by the Court in the Preliminary Approval Order. The objection must indicate whether the Class member and/or his attorney(s) intends to appear at the Final Settlement Hearing. Any attorney who intends to appear at the Final Settlement Hearing must enter a written Notice of Appearance of Counsel with the Clerk of Court no later than the deadline set by the Court in the Preliminary Approval Order.

G.      The cash funds from any checks that remain un-cashed and become stale after the sixty (60) day period provided therein shall be distributed to two *cy pres* beneficiaries selected by the parties and subject to approval by the Court. The funds shall be divided as follows: 75% to the Boys & Girls Clubs of America (Midwest Region) and 25% to the Boys & Girls Clubs of Greater Richmond, Virginia.

H.      The parties agree to seek a final approval hearing ("Final Settlement Hearing") date approximately one-hundred and twenty (120) days from the date of preliminary approval of the settlement.

14

I.      Verifications shall cause notice of the proposed settlement that meets the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C § 1715, to be served on the appropriate federal and state officials no later than ten days after the filing of this Settlement Agreement with the Court ("CAFA Notice").

## IX.    FINAL SETTLEMENT HEARING, JUDGMENT AND NOTICE

The Final Settlement Hearing, as established in the Notice Order, shall be for the purpose of consideration of final approval of the Settlement set forth in the Settlement Agreement.

On or before the Final Settlement Hearing, Class Counsel will certify to the Court that they have fully complied with the notice provisions set forth Section VIII (B) herein.

## X.     ADMINISTRATION AND SUPERVISION OF THE SETTLEMENT FUND

A Class Administrator will directly administer the Notice of the Settlement, the Claims process and shall control the Settlement Funds, subject to Court approval.    The Class Administrator shall administer and oversee distribution from the Settlement Funds only with mutual approval of both Verifications and Class Counsel.   All funds shall be maintained in a Towne Bank escrow account unless the parties jointly agree otherwise.  On completion of the administration of the Settlement, the Class Administrator shall provide or cause to be provided to the Court a final report on its administration of the Settlement.  Class Counsel shall have and shall provide to Verifications reasonable access to documents relating to compliance and administration of the Settlement, with the right, but not the obligation, to review and audit the documents to determine full compliance with the terms of the Settlement.

No Person shall have any claim against Class Counsel based on the monetary payments made substantially in accordance with this Settlement Agreement and the Settlement contained herein, or further order(s) of the Court.

## XI.   CLASS COUNSEL'S ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND PAYMENT OF ADDITIONAL COSTS

A.    Defendant will pay the cost of the settlement notices and other fees and costs associated with processing the notices and mailing cash payments over the amount of $150,000.00.  The first $150,000.00 in administration and notice costs shall be paid from the Section 1681k Settlement Fund as provided in Section VI (D).  Any costs over and above $150,000.00 will be paid by Verifications.

B.    Class Counsel shall make an application to the Court for an award from the Settlement Funds for attorneys' fees, costs, and other expenses in an amount not to exceed thirty percent (30%) of the Settlement Funds.  Verifications shall not oppose or object to this application.  Nothing in this provision will require Verifications to pay any attorneys' fees or litigation costs to Class Counsel with respect to the Litigation over and above the amount set forth herein.

C.    The Named Plaintiff shall make application to the Court to receive compensation for serving as class representative in the amount of $5,000.00 (the "Incentive Award"), which shall be in addition to any other sums he may receive as a Class Member.  Verifications shall not oppose or object to this application.  This amount is payable from the Section 1681k Settlement Fund on the day that Judgment become final and is not appealable.

## XII.   CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

A.    Plaintiff or Verifications, at either of their sole discretion, shall each have the right to terminate this Settlement Agreement, including dissolution of the Preliminary Settlement Classes, if any of the following conditions subsequently occurs ("Terminating Events"):

1.    The Court's refusal to preliminarily or permanently approve this

16

Settlement Agreement or any material part of it;

2.    The Court requires a notice program in addition to or substantially different from that set forth herein;

3.    The Court orders Verifications to pay attorneys' fees, costs or other expenses associated with the Litigation, other than as provided herein;

4.    The Court orders Verifications to pay, with respect to the Litigation, any amount above the contribution to the Settlement Funds, other than as provided herein;

5.    The Court declines to enter the Final Judgment in any material respect; or

6.    The Final Judgment is reversed, vacated or modified in any material respect by the Fourth Circuit Court of Appeals, the United States Supreme Court, or adverse action being taken by any other trial court or appellate court in any jurisdiction.

B.    The failure of the Court or any appellate court to approve in full the request by Class Counsel or Plaintiffs for attorneys' fees, incentive awards, costs and other expenses shall not be grounds for named Plaintiffs, the Settlement Classes, or Class Counsel, to terminate this Settlement Agreement.

C.    If either party exercises its respective rights to terminate this Settlement and Settlement Agreement pursuant to Section XII (A) herein, they shall terminate the Settlement and this Settlement Agreement, including dissolving the Preliminary Settlement Class, by delivering written notice of the electing party's election to do so ("Termination Notice") to all other parties hereto within thirty (30) days of a Terminating Event or within thirty (30) days of any event described above.  In the event that a Termination Notice is so provided, then the Settlement and this Settlement Agreement shall be canceled and terminated unless and until

Class Counsel and counsel for Verifications mutually agree in writing to proceed with the Settlement Agreement.

        D.     In the event that the Settlement and this Settlement Agreement are terminated as provided for herein, then (1) this Settlement Agreement shall be null and void and of no further force and effect, including voiding the Preliminary Settlement Classes; (2) the Parties shall be restored to their respective positions in the Civil Action prior to the execution of this settlement Agreement; (3) any portion of the Settlement Funds not used to fund notice and administration shall be returned to Verifications together with any interest earned thereon; (4) this Settlement Agreement shall not be used in the Civil Action or in any other proceeding for any purpose; and (5) any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*.

        E.     Upon the filing of the proposed Settlement Agreement with the Court, all proceedings shall be stayed until further order of the Court except such proceedings as may be necessary either to implement the proposed Settlement Agreement or to comply with or effectuate the terms of this Settlement Agreement.

## XIII.  FINAL JUDGMENT

        A.     The Parties shall jointly seek entry by the Court of a Final Judgment that includes provisions:

                1.     Granting final approval of this Settlement Agreement, and directing its implementation pursuant to its terms and provisions;

                2.     Ruling on Class Counsel's application for attorneys' fees, costs and other expenses;

3.    Discharging and releasing the Released Defendant from the Released Claims as provided in Section VII above;

4.    Directing that the litigation be dismissed with prejudice, and

5.    Reserving to the Court continuing and exclusive jurisdiction over the parties with respect to the Settlement Agreement and the Final Judgment.

## XIV.   MISCELLANEOUS PROVISIONS

A.    The Parties: (1) acknowledge that it is their intent to consummate this Settlement Agreement, and (2) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of this Settlement Agreement.

B.    Neither Verifications, nor Class Counsel, nor the Plaintiffs will encourage any person to request exclusion from membership in the settlement class, encourage any person to object to the Settlement, and/or encourage or discourage any person from participating in the distribution of proceeds of the Settlement.

C.    It is understood and agreed that Plaintiffs and Class Counsel shall be responsible for paying any and all federal, state and local taxes due on any payment made to them pursuant to the Settlement Agreement.

D.    Each counsel or other Person executing the Settlement Agreement or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

E.    Class Counsel, on behalf of the Settlement Classes, is expressly authorized by the Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement Classes pursuant to the Settlement Agreement to effectuate its terms and also are expressly

19

authorized to enter into any modifications or amendments to the Settlement Agreement on behalf of the Settlement Classes which they deem appropriate.

F.     This Settlement Agreement shall be binding on, and inure to the benefit of, the successors and assigns of the parties hereto.

G.     Neither the Settlement Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement: (1) is or may be deemed to be or may be used as an admission of, or evidence of the validity of any Released Claim, or of any wrongdoing or liability of Verifications; or (2) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Verifications in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.   Verifications may file the Settlement Agreement and/or Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles or res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

H.     The Parties agree that any press release or other public comment related to the Civil Action or its resolution shall be limited to a factual description of the terms of the settlement and the remaining procedural steps necessary to secure final approval.  In all events, the parties shall refrain from any accusations or wrongful or actionable conduct by either party and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

I.     Verifications and the Named Plaintiff agree that each has complied fully with the structure of Rule 11 of the Federal Rules of Civil Procedure and the Class Fairness Act of 2005,

20

28 U.S.C. § 1711, *et seq.*, and the Final Judgment will contain a statement to reflect this compliance.

     J.     All of the Exhibits to the Settlement Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

     K.     This Settlement Agreement and the Exhibits attached hereto constitute the entire agreement between Plaintiffs and Defendant and no representations, warranties or inducements have been made to any party concerning the Settlement Agreement or its Exhibits other than the representations, warranties and convenants contained and memorialized in such documents.

     L.     This Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors in interest.

     M.     This Settlement Agreement and the Exhibits hereto shall be considered to have been negotiated executed and delivered, and to be wholly performed, in the Commonwealth of Virginia and the rights and obligations of the parties to this Settlement Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the Commonwealth of Virginia without giving effect to the Commonwealth choice of law provisions.

     N.     The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Settlement Agreement, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Settlement Agreement.

     O.     The Parties and their counsel agree to use their best efforts to obtain Court approval of this Settlement Agreement subject, however, to Verifications' right to terminate the Settlement Agreement.

P.      Except for the Settlement Notices and the CAFA Notice, all notices or formal communications under this Settlement Agreement shall be in writing and shall be given (1) by hand delivery; (2) by registered or certified mail, return receipt requested, postage prepaid; or (3) by Federal Express or similar overnight courier to counsel for the party to whom notice is directed at the following addresses.

For named Plaintiffs and the Settlement Classes:

Leonard Anthony Bennett
Susan M. Rotkis
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd. Suite 1A
Newport News, VA  23601

Dale Wood Pittman
The Law Office Of Dale W. Pittman, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, Virginia 23803

For Verifications:

Megan Starace Ben'Ary
LeClair Ryan, PC
2318 Mill Road, Suite 1100
Alexandria, VA  22314

Charles Kalman Seyfarth
LeClairRyan, PC
Riverfront Plaza – East Tower
951 E. Byrd Street, Eighth Floor
Richmond, VA  23219

Q.      This Settlement Agreement is the entire, complete agreement of each and every term agreed to by the Named Plaintiff and the Settlement Class and Class Counsel on the one hand and Verifications and its counsel on the other hand.  In entering into this Settlement Agreement, the Named Plaintiff and the Settlement Class have not relied on any warranty or

22

representation not specifically set forth herein.  This Settlement Agreement may be amended or modified only by a written instrument signed by Class Counsel and counsel for Verifications.

R.      Class Counsel and the Named Plaintiff agree to refrain from defaming the Released Defendant and its parent companies, subsidiaries, affiliates, successors or assigns with respect to any issue related to this case.  Class Counsel and the Named Plaintiff agree to refrain from taking any action related to this matter designed to harm the public perception of the Released Defendant and its parent companies, subsidiaries, affiliates, successors or assigns regarding any issue related to this case, except they may provide sworn testimony if required by an order from a court of competent jurisdiction.  Verifications agrees to refrain from defaming Class Counsel or the Named Plaintiff publicly or in the media regarding any issue related to this case.  Failure to abide by this provision will constitute a breach of this Settlement Agreement.

S.      The headings in this Settlement Agreement are for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement.

T.      In the event that any provision hereof becomes or is declared by a court of competent jurisdiction to be illegal, unenforceable or void, this Settlement Agreement shall continue in full force and effect without such provision.

U.      None of the parties to this Settlement Agreement shall be considered to be the primary drafter of this Settlement Agreement or any provision hereof for the purpose of any rule of interpretation or construction that might cause any provision to be construed against the drafter.

V.      This Settlement Agreement shall be binding according to its terms upon, and inure to the benefit of the Named Plaintiff, the Settlement Classes, and the Released Defendant.

W.    The individuals signing this Settlement Agreement on behalf of Verifications represent that they are fully authorized to enter into, and to execute, this Settlement Agreement on behalf of Verifications.  Class Counsel represents that they are fully authorized to conduct settlement negotiations on behalf of the Named Plaintiff, and to enter into, and to execute, this Settlement Agreement on behalf of the Settlement Classes, subject to Court approval pursuant to Federal Rule of Civil Procedure 23(e).  The Named Plaintiff enters into and executes this Settlement Agreement on behalf of himself or herself, and as a representative of and on behalf of the Settlement Classes, subject to court approval pursuant to Federal Rule of Civil Procedure 23(e).

X.    Each of the Parties has had an opportunity to receive, and has received, independent legal advice from his, her or its attorneys regarding the advisability of this proposed settlement, and to answer any questions about the settlement, and the legal consequences of this Settlement Agreement, and fully understands and accepts the terms of this Settlement Agreement.

Y.    The Named Plaintiff, Class Counsel and Verifications may execute this Settlement Agreement in counterparts, and the execution of counterparts shall have the same effect as if all Parties had signed the same instrument.  Facsimile signatures shall be considered as valid signatures as of the date signed, although the original signature pages shall thereafter be appended to this Settlement Agreement.  This Settlement Agreement shall not be deemed executed until signed by the Named Plaintiff, Class Counsel and authorized representatives of Verifications.

Named Plaintiff:

Tyrone B. Henderson Sr
Tyrone Henderson


BY COUNSEL:


Leonard Anthony Bennett (Va. Bar No. 37523)
Susan M. Rotkis (Va. Bar No. 40693)
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd. Suite 1A
Newport News, VA 23601
lenbennett@cox.net
srotkis@clalegal.com


Dale Wood Pittman (Va. Bar No. 15673)
The Law Office Of Dale W. Pittman, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, Virginia 23803
(804) 861-6000 - Telephone
(804) 861-3368 - Fax
dale@pittmanlawoffice.com


*Class Counsel and Counsel for Plaintiff Tyrone Henderson*

Verifications, Inc.

Verifications, Inc.
By: _CEO_

BY COUNSEL:

Megan S. Ben'Ary (Va. Bar No. 47349)
LeClairRyan, A Professional Corporation
2318 Mill Road, Suite 1100
Alexandria, VA 22314
Telephone: (703) 684-8007
Facsimile: (703) 647-5983
Megan.Benary@leclairryan.com

Charles K. Seyfarth (Va. Bar No. 44530)
LeClairRyan, A Professional Corporation
Riverfront Plaza – East Tower
951 E. Byrd Street, Eighth Floor
Richmond, Virginia 23219
Telephone: (804) 916-7159
Facsimile: (804) 916-7259
Charles.Seyfarth@leclairryan.com

26