**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA**

**IF YOU APPLIED FOR EMPLOYMENT BETWEEN AUGUST 10, 2006 AND SEPTEMBER 5, 2012, FOR WHICH YOUR BACKGROUND CHECK WAS PROVIDED BY VERIFICATIONS, INC.,**

**YOU COULD GET A CASH PAYMENT FROM A CLASS ACTION SETTLEMENT**

**A federal court authorized this notice. This is not a solicitation from a lawyer.**

- The settlement resolves a lawsuit about whether Verifications, Inc. ("Verifications" or "Defendant"), violated the Federal Fair Credit Reporting Act ("FCRA") by notifying an employer or potential employer that additional research was being conducted prior to the completion of the background check. The settlement avoids costs and risks to you from continuing the lawsuit; pays money to persons like you; and releases Verifications from liability.

- You may be entitled to a cash payment from the Settlement Fund.

- This notice is sent to you because Verifications' records show that you are part of the Section 1681k Class. There are approximately 41,049 members and you and each class member will receive a check for approximately $45.00 representing statutory damages. You are part of this class if you were the subject of a background check prepared by Verifications between August 10, 2006, and September 5, 2012, and Verifications notified an employer or potential employer that additional research was being conducted prior to the completion of your background check. You may receive an additional notice in this case that you are also a part of the Section 1681i Class if you disputed information in a background check prepared by Verifications.

- If you believe that you have suffered actual harm because of an inaccurate employment background check from Verifications, you may also submit a claim form attached to this notice to receive payment of your actual damages. While you do not have to prove a specific amount of damages, your claim payment would not exceed $20,000.00.

- Court-appointed lawyers for the class members will ask the Court for an amount up to thirty percent of the fund as fees and expenses for investigating the facts, litigating the case, and negotiating the settlement.

- Your legal rights are affected whether you act or don't act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| EXCLUDE YOURSELF | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Verifications about the legal claims in this case. |
| OBJECT | Write to the Court about why you don't like the settlement. |
| SUBMIT CLAIM FOR ACTUAL DAMAGES | Complete, sign and submit the claim form attached to this notice to receive payment for actual damages based on an inaccurate background report. |
| DO NOTHING | You are not required to take any action to receive the benefits of the proposed settlement. If the settlement is approved, you will receive payment in the amount of approximately $45.00 for the Section 1681k class. You will be bound by the Court's final judgment and the release of the claims explained in the Settlement Agreement. |

The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made only if the Court approves the settlement and after appeals are resolved. Please be patient.

QUESTIONS? VISIT WWW.VERIFICATIONSSETTLEMENT.COM
PARA UNA NOTIFICACIÓN EN ESPAÑOL, VISITAR NUESTRO WEBSITE

| THIS NOTICE CONTAINS | |
|---|---|
| BASIC INFORMATION ................................................................ | PAGE 3 |
| 1. Why was this notice issued? | |
| 2. What is this lawsuit about? | |
| 3. Why is this a class action? | |
| 4. Why is there a settlement? | |
| WHO IS IN THE SETTLEMENT........................................................ | PAGE 4 |
| 5. How do I know if I am part of the settlement? | |
| THE SETTLEMENT BENEFITS—WHAT YOU GET.................................. | PAGE 4 |
| 6. What does the settlement provide? | |
| HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM ................... | PAGE 5 |
| 7. How can I get a payment? | |
| 8. How do I submit a claim for separate Actual Damages payment? | |
| 9. When would I get my payment? | |
| 10. What am I giving up to get a payment or stay in the Class? | |
| EXCLUDING YOURSELF FROM THE SETTLEMENT................................. | PAGE 6 |
| 11. How do I get out of the settlement? | |
| 12. If I don't exclude myself, can I sue Defendant for the same thing later? | |
| 13. If I exclude myself, can I participate in the settlement? | |
| THE LAWYERS REPRESENTING YOU................................................ | PAGE 6 |
| 14. Do I have a lawyer in the case? | |
| 15. How will the lawyers be paid? | |
| OBJECTING TO THE SETTLEMENT.................................................... | PAGE 7 |
| 16. How do I tell the Court that I don't like the settlement? | |
| 17. What's the difference between objecting and excluding? | |
| THE COURT'S FAIRNESS HEARING.................................................. | PAGE 7-8 |
| 18. When and where will the Court decide whether to approve the settlement? | |
| 19. Do I have to go to the hearing? | |
| 20. May I speak at the hearing? | |
| IF YOU DO NOTHING.................................................................. | PAGE 8 |
| 21. What happens if I do nothing at all? | |
| GETTING MORE INFORMATION...................................................... | PAGE 8 |
| 22. Are there more details about the settlement? | |

# BASIC INFORMATION

### 1. Why was this notice issued?

Defendant's records show that: (i) you were the subject of a background report prepared by Defendant between August 10, 2006 and September 5, 2012, and (ii) Defendant notified an employer or potential employer that additional research was being conducted prior to the completion of your background report but did not provide a written notice pursuant to Section 1681k(a)(1) of the FCRA.

You may also be a member of the Section 1681i Class if Defendant's records show that, during the period of August 10, 2006 through August 10, 2011, Defendant prepared a background report about you and you contacted Defendant to dispute information in the background report that you believed was inaccurate or incomplete.

Your legal rights will be affected by the settlement of this lawsuit.

Please read this notice carefully. It explains the lawsuit, the settlement, and your legal rights, including the process for receiving a settlement check, excluding yourself from the settlement, or objecting to the settlement.

The Court in charge of this case is the United Stated District Court for the Eastern District of Virginia. The case is known as *Tyrone Henderson v. Verifications, Inc.,* Civil Action 3:11cv514. The person who sued is called the Plaintiff, and the company he sued, Verifications, Inc., is called the Defendant.

### 2. What is this lawsuit about?

This lawsuit was filed on August 10, 2011, in the United States District Court for the Eastern District of Virginia. On February 7, 2012, the Plaintiff, Tyrone Henderson, filed an Amended Complaint claiming that Defendant failed to provide notice as required by 15 U.S.C. § 1681k(a)(1).

Defendant denies that it violated any law or regulation.

### 3. Why is this a class action?

In a class action, one or more people called Class Representatives (in this case, Tyrone Henderson), sue on behalf of people who have similar claims. All these people are a Class or Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class. U.S. District Judge Robert E. Payne is in charge of this class action.

### 4. Why is there a settlement?

The Court did not decide in favor of Plaintiff or Defendant. Instead, both sides agreed to a settlement. That way, both sides avoid the costs and risk of a lengthy trial and appeals process. Plaintiff and his attorneys think the settlement is best for all Class Members.

## WHO IS IN THE SETTLEMENT
**To see if you will get money from this settlement, you first have to decide if you are a Class Member.**

### 5. How do I know if I am part of the settlement?

You are a member of this Settlement Class and are affected by the settlement because Defendant's records show that (i) you were the subject of a background report prepared by Defendant between August 10, 2006 and September 5, 2012 ("Class Period"), and (ii) Defendant notified an employer or potential employer that additional research was being conducted prior to the completion of your background report but did not provide a written notice pursuant to Section 1681k(a)(1) of the FCRA.

For the purposes of settlement only, the Court has provisionally certified a Settlement Class as defined as follows:

**The "§ 1681k Class"**:

All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a.) who were the subject of a Verifications consumer report, (b.) that was furnished for an employment purpose, (c.) within five years next preceding the filing of this action and during its pendency, and (d.) for whom Verifications notified, as part of the background check process, an employer or prospective employer that additional research was being conducted prior to the completion of the background report, but to whom Verifications did not provide a written notice pursuant to Section 1681k(a)(1) of the FCRA. Excluded from the class definition are any employees, officers, directors of Verifications, any attorney appearing in this case, and any judge assigned to hear this action.

## THE SETTLEMENT BENEFITS—WHAT YOU GET

### 6. What does the settlement provide?

In this case, there are approximately 41,049 members in the Section 1681k Class and approximately 199 members in the Section 1681i Class. Verifications has agreed to contribute $3,750,000.00 into a Settlement Fund for the cash settlement payments to all Class Members. This total amount will be paid as follows:

**Section 1681k Class**: The Section 1681k Settlement Fund is in the gross amount of $2,840,000.00, less $150,000.00 that will be paid to send these notices and administer the class settlement. Class counsel is asking the Court for an award of attorneys' fees and costs from this fund. After any payment for these amounts, the net fund will be paid to Section 1681k Class Members on a *pro rata* basis.

**Section 1681i Class:** The Section 1681k Settlement Fund is in the gross amount of $ 160,000.00. Class counsel is asking the Court for an award of attorneys' fees and costs from this fund. After any payment for these amounts, the net fund will be paid to Section 1681i Class Members on a *pro rata* basis.

**Actual Damages Claims Fund:** The Plaintiff and Verifications have also negotiated to create a fund of $750,000.00 to pay the actual damages for consumers who submit a valid claim form. Class counsel is asking the Court for an award of attorneys' fees and costs from this fund. After any payment for these amounts, the net fund will be paid to Class Members on a *pro rata* basis.

Subject to the Court's approval, Class Counsel will seek no more than $1,125,000.00 for attorneys' fees, costs, and expenses, which constitutes 30% of the total settlement value. Verifications has agreed to pay any costs associated with the administration of the settlement that exceed the $150,000.00 to be paid from the settlement fund. To the extent there are funds remaining in the Class Settlement Fund after the settlement is approved and the time has expired for class members to cash their checks, those remaining funds will go to a *cy pres* recipient, the Boys &

Girls Clubs of America, subject to approval by the Court.

# HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM

### 7. How can I get a payment?

YOU DO NOT HAVE TO SUBMIT A CLAIM FORM to receive a payment under the Section 1681k Class Settlement. If the settlement is finally approved, you will automatically receive a statutory damages payment, unless you have excluded yourself from the Class. If your address has changed or is changing, you may contact the Class Administrator at the address listed at the bottom of this notice.

If you believe that you have suffered harm because of an inaccurate background check, then you may submit a claim form to request an additional payment from the Actual Damages Claims Fund as explained below, not to exceed $ 20,000.00.

### 8. How do I submit a claim for a separate Actual Damages payment?

The Settlement also creates a separate fund to pay class members who suffered harm as a result of a background report prepared by Defendant. Class Members who submit a claim that their background check contained inaccurate information and they suffered an injury as a result of it may receive a payment from the Actual Damages Claims Fund. The amount that is paid for each claim will be determined based on the number of valid claims submitted, however, individual actual damage payments shall not exceed $20,000.00.

**To be eligible for this additional payment from the Actual Damages Claims Fund, you must follow the instructions and provide the information requested in the Claim Form attached at the end of this notice.**

**YOUR CLAIM FORM MUST BE SUBMITTED TO THE CLASS ADMINISTRATOR. DO NOT MAIL YOUR CLAIM TO THE COURT.**

**In this form (or in a written letter from you that contains the same information), you must swear or attest that (1.) you have suffered a tangible injury because of (2.) an inaccuracy in a report provided by Defendant, and (3.) you must provide some reasonable explanation for such claim.**

The Class Administrator shall make the initial determination as to whether or not a claim is valid. Such decision shall be supervised and may be reversed at the discretion of Class Counsel and Defendant. Any dispute shall be resolved by the Honorable Magistrate Judge Dennis W. Dohnal (Ret.).

Upon expiration of the claims period, the Class Administrator will mail checks to the Class Members who have not opted out of the Settlement at the last known address on file, which checks shall become void 60 days after issuance.

### 9. When would I get my payment?

The Court will hold a hearing on _____, to decide whether to approve the settlement. If the Court approves the settlement after that, there may be appeals. It's always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year after Court approval. The progress of the Settlement will be posted at www.VerificationsSettlement.com. Please be patient.

| 10. What am I giving up to get a payment or stay in the Class? |
|---|

Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against Defendant about the legal issues in this case. It also means that all of the Court's orders will apply to you and legally bind you. Unless you exclude yourself, you will agree to a "Release of Claims" set forth in the Settlement Agreement, which describes the legal claims that you give up if you get settlement benefits.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this settlement, but you want to keep the right to sue or continue to sue Defendant on your own about the legal issues in this case, then you must take steps to get out. This is called excluding yourself—or is sometimes referred to as opting out of the Settlement Class.

| 11. How do I get out of the settlement? |
|---|

To exclude yourself from the settlement, you must send a letter by mail saying that you want to be excluded from the settlement, including your name, address, telephone number, fax number (if any) and your signature. All exclusion requests must be postmarked no later than _____.

**YOUR REQUEST TO BE EXCLUDED MUST BE SUBMITTED TO THE CLASS ADMINISTRATOR. DO NOT MAIL YOUR REQUEST TO THE COURT.**

If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit.

| 12. If I don't exclude myself, can I sue later? |
|---|

No. Unless you exclude yourself, you give up any right to sue Defendant for the claims that this settlement resolves. If you have a pending lawsuit speak to your lawyer in that case immediately. You must exclude yourself from this Class to continue your own lawsuit. Remember, the exclusion deadline is _____.

| 13. If I exclude myself, can I participate in this settlement? |
|---|

No. If you exclude yourself, you will not get any money from this settlement. But, you may sue, continue to sue, or be part of a different lawsuit against Defendant.

## THE LAWYERS REPRESENTING YOU

| 14. Do I have a lawyer in this case? |
|---|

The Court appointed the law firms of Consumer Litigation Associates and The Law Offices of Dale W. Pittman to represent you and other Class Members. These lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 15. How will the lawyers be paid? |
|---|

Class Counsel will ask the Court to approve payment of attorneys' fees and other litigation expenses not to exceed 30% of the Settlement Fund. The fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. Defendant has agreed not to oppose these fees and expenses. Class Counsel will also ask the Court to approve an incentive award of $5,000 to Tyrone Henderson for his services as Class Representative. The Court may award less than these amounts to Class Counsel or the Class Representative.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

| 16. How do I tell the Court that I don't like the settlement? |
|---|

If you're a Class Member, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object. Be sure to include your name, address, telephone number, your signature, and the reasons you object to the settlement. Mail the objection to these three different places postmarked no later than _____:

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of the Court<br>United States District Court for the<br>Eastern District of Virginia<br>701 E. Broad St.<br>Richmond, VA 23219 | Leonard A. Bennett<br>Susan M. Rotkis<br>Consumer Litigation<br>Associates, P.C.<br>763 J. Clyde Morris<br>Blvd., Suite 1-A<br>Newport News, VA<br>23601<br><br>Dale Wood Pittman<br>Law Offices of Dale<br>W. Pittman<br>112-A West Tabb St.<br>Petersburg, VA 23803 | Megan S. Ben'Ary<br>LeClairRyan, PC<br>2318 Mill Road Suite 1100<br>Alexandria, VA 22314<br><br>Charles K. Seyfarth<br>LeClairRyan, PC<br>951 E. Byrd St, 8th Floor<br>Richmond, VA 23219 |

| 17. What's the difference between objecting and excluding? |
|---|

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

### 18. When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing on _____, at the United States District Court for the Eastern District of Virginia, 701 E. Broad Street, Richmond, VA 23219. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court may permit people who have asked to speak at the hearing to do so. The Court may also decide how much to pay to Class Counsel. After the hearing, the Court decides whether to approve the settlement. We do not know how long these decisions will take.

### 19. Do I have to come to the hearing?

No. Class Counsel will answer questions the Court may have but you are welcome to attend the hearing at your own expense. If you send a written objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

### 20. May I speak at the hearing?

You may ask the Court for permission to speak at the final approval hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Henderson v. Verifications, Inc.*" Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than _____ and be sent to the Clerk of the Court, Class Counsel, and Defense Counsel, at the addresses in question 16 above. You cannot speak at the hearing if you excluded yourself.

## IF YOU DO NOTHING

### 21. What happens if I do nothing at all?

If you do nothing, you will be included in the settlement.

## GETTING MORE INFORMATION

### 22. Are there more details about the settlement?

This notice summarizes the proposed settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement by writing to the Class Administrator at:

[ADMINISTRATOR]

Or by visiting www.VerificationsSettlement.com where you will find answers to common questions about the settlement, a claim form, plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

DATE: _____.