*Exhibit "B"*

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| Tyrone Henderson on behalf of himself and others similarly situated, ) ) ) ) Plaintiff, ) ) v. ) ) Verifications Incorporated, ) ) Defendant. ) ) ) | Civil Action No. 3:11cv514-REP |

## DECLARATION OF LEONARD A. BENNETT

I, Leonard A. Bennett, declare:

1. My name is Leonard A. Bennett. I am over 21 years of age, of sound mind, capable of executing this declaration, and have personal knowledge of the facts stated herein, and they are all true and correct.

2. I am one of the attorneys working on behalf of the Plaintiffs in the above styled litigation, and I am an attorney and a principal of Consumer Litigation Associates, P.C., a seven-attorney law firm with offices in Hampton Roads, and Fairfax, Virginia. My primary office is at 763 J. Clyde Morris Blvd, Suite 1A, Newport News, Virginia 23601.

3. Since 1994, I have been and presently am a member in good standing of the Bar of the highest court of the State of Virginia, where I regularly practice law. Since 1995, I have been and presently am a member in good standing of the Bar of the highest court of the State of North Carolina. I have also been admitted to practice before and am presently admitted to the following federal courts:

**Court:** **Date Admitted:**

| | |
|---|---|
| United States Supreme Court | 2005 |
| United States Court of Appeals for the | |
|    Fourth Circuit | 2002 |
|    Third Circuit | 2007 |
|    Ninth Circuit | 2009 |
|    Sixth Circuit | 2011 |
|    Eleventh Circuit | 2011 |
| United States District Court for the | |
|    Eastern District of Virginia | 1994 |
|    Western District of Virginia | 2004 |
|    Eastern District of North Carolina | 2005 |
|    Middle District of North Carolina | 2007 |
|    Western District of North Carolina | 2007 |
|    District of Wisconsin | 2006 |
|    Eastern District of Michigan | 2003 |
|    Northern District of Illinois | 2003 |
|    Northern District of Ohio | 2011 |
|    Western District of Tennessee | 2012 |

I have been admitted *pro hac vice* in United States District Courts across the country including Alabama, California, Louisiana, Florida, Rhode Island, Hawaii, New Hampshire, Connecticut, Ohio, South Carolina, Pennsylvania, Arizona, Massachusetts, Tennessee, Georgia, Wyoming, Texas, Louisiana, Washington and Maryland. I have never been denied admission *pro hac vice*.

    5.    Since 1996, my practice has been limited to consumer protection litigation. While my experience representing consumers has come within several areas, my most developed area of expertise is in plaintiffs litigation under the Federal Consumer Credit Protection Act, 15 U.S.C. § 1601, et seq., and in particular the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq., the Equal Credit Opportunity Act, 15 U.S.C. § 1691, et seq., and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.

    6.    I am on the Board of Directors of the National Association of Consumer Advocates, on the Partners Council of the National Consumer Law Center and a member of the Public Justice Foundation. I was selected to the Law Dragon Top 500 Plaintiffs Attorneys in the Nation. In 2010 I was selected to the Law Dragon Top 3,000 Attorneys in the Nation (all

attorneys, not simply Plaintiff's). In 2009 I was selected as a Virginia Leaders in the Law through the Virginia Lawyers Weekly based on my "[n]ationally recognized expertise in consumer protection law." I am a current and multiple year Virginia Super Lawyer.

7. I have been invited to and did testify before the United States House Financial Services Committee on multiple occasions. I have also been invited to and did serve on a Federal Trade Commission Round Table and Governor Kaine's Virginia *Protecting Consumer Privacy* Working Group, all in this field.

8. Since 2001, I have been asked to and did speak at numerous seminars and events in the area of Consumer Credit Protection litigation. These included the following:

### 2013

National Consumer Law Center, Fair Debt Collection Practices Act Conference, *Fair Credit Reporting Act Claims Against Debt Buyers*, March 2013, Invited

### 2012

National Association of Consumer Advocates, Webinar CLE: *FCRA Dispute Process*, December 2012

Rossdale CLE, *Fair Credit Reporting Act*, August 2012

### 2011

Virginia Trial Lawyers Association, *Advocacy Seminar*, October 2011, Multiple locations;

National Association of Consumer Advocates, *Fair Credit Reporting Act National Conference*, Memphis, TN, May 2011, Speaker
    *Multiple Panels;*

Stafford Publications CLE, National Webinar, April 2011
    *"FCRA and FACTA Class Actions: Leveraging New Developments in Certification, Damages and Preemption."*

### 2010

National Consumer Law Center, National Consumer Rights Conference, Boston, Speaker for Multiple Sessions, November 2010;

### 2009

Virginia State Bar, Telephone and Webinar Course, Virginia, 2009
    *"What's Going On Here? Surging Consumer Litigation – Including Class Actions – in State and Federal Court."*;

National Association of Consumer Advocates, *Fair Credit Reporting Act National Conference*, Chicago, IL, May 2009,
    *Multiple Panels;*

National Consumer Law Center, National Consumer Rights Conference, Philadelphia, Speaker for Multiple Sessions, November 2009;

**2008**
National Consumer Law Center, National Consumer Rights Conference, Portland, OR, Speaker for Multiple Sessions, November 2008;

Washington State Bar, Consumer Law CLE, Speaker, September 2008

**2007**
Washington State Bar, Consumer Law CLE, Speaker, July 2007

House Financial Services Committee, June 2007

National Consumer Law Center, National Consumer Rights Conference, Washington, D.C., Speaker for Multiple Sessions, November 2007

National Association of Consumer Advocates, *Fair Credit Reporting Act National Conference*, Denver, Colorado, May 2007,
    *Multiple Panels;*

U.S. Army JAG School, Charlottesville, Virginia, Consumer Law Course Instructor, May 2007

Georgia State Bar, Consumer Law CLE, Speaker, March 2007

**2006**
Contributing Author, *Fair Credit Reporting Act, Sixth Edition*, National Consumer Law Center, 2006.

National Consumer Law Center, National Consumer Rights Conference, Miami, FL, Speaker for Multiple Sessions, November 2006

Texas State Bar, Consumer Law CLE, Speaker, October 2006
    *Federal Claims in Auto fraud Litigation*

Santa Clara University Law School, Course, March 2006
    *Fair Credit Reporting Act.*

Widener University Law School, Course, March 2006
    *Fair Credit Reporting Act.*

United States Navy, Navy Legal Services, Norfolk, Virginia, April 2006
    *Auto Fraud*;

**2005**
Missouri State Bar CLE, Oklahoma City, Oklahoma,
    *Identity Theft*;

National Consumer Law Center, National Consumer Rights Conference, Boston, Mass.
    *Multiple panels.*

National Association of Consumer Advocates, *Fair Credit Reporting Act National Conference*, New Orleans, Louisiana (May 2005),
    *Multiple Panels*;

United States Navy, Naval Justice School (JAG Training), Newport, Rhode Island,
    *Consumer Law.*

**2004**
American Bar Association, Telephone Seminar;
    *Changing Faces of Consumer Law,*

National Consumer Law Center, National Consumer Rights Conference, Boston, Mass.
    *Fair Credit Reporting Act Experts Panel*; and
    *ABCs of the Fair Credit Reporting Act.*

National Association of Consumer Advocates, *Fair Credit Reporting Act National Conference*, Chicago, Illinois;
    *Multiple Panels*

Oklahoma State Bar CLE, Oklahoma City, Oklahoma,
    *Identity Theft*;

Virginia State Bar, Telephone Seminar,
    *Identity Theft*;

United States Navy, Naval Justice School (JAG Training), Newport, Rhode Island,
    *Consumer Law*

United States Navy, Navy Legal Services, Norfolk, Virginia,
    *Auto Fraud*;

Virginia State Bar, Richmond and Fairfax, Virginia,
    *Consumer Protection Law*;

Michigan State Bar, Consumer Law Section, Ann Arbor, Michigan;

*Keynote Speaker.*

9. I have substantial experience in complex litigation, including class action cases, prosecuted under the Consumer Credit Protection Statutes, including the Fair Credit Reporting Act, the Equal Credit Opportunity Act, and the Fair Debt Collection Practices Act.

10. In each of the class cases where I have represented Plaintiffs in a consumer protection case, including employment related cases such as the instant case, the Court found me to be adequate class counsel and in each I was lead or executive committee counsel.

11. I have litigated an extensive docket nationally. I am familiar with the number and identity of attorneys in other parts of the country who practice in this field. There are a very limited number of such practioners and fewer still willing to litigate within this field. I estimate that there are less than ten private attorneys nationally who have significant experience litigating the provisions of the Fair Credit Reporting Act, and less than a handful in the "employment purpose" FCRA field at issue in this case. Over the last several years, I have been the lead invited speaker at the primary consumer law conferences to instruct on the Fair Credit Reporting Act regarding issues in employment law.

12. Nearly all of the attorney's fees earned by me and my law firm are on a contingency fee basis. We do not get paid unless we recover for our clients. It is also nearly always necessary for us to advance costs in these federal consumer cases, which can sometimes require risks of tens of thousands of dollars in addition to fees. If were unable to recover a contingency premium in our cases, our law firm could not continue to practice by accepting contingency-only work.

13. My standard hourly rate is $475.00 per hour. This is the rate I charge most clients for representation in litigation matters and it is included in many of the retainer agreements that I

transact with my clients as a baseline rate. Though I have had only one non-contingency case since setting, this is the rate I charged in that matter.

14. This rate has been accepted in multiple class action cases, although of course the rate was submitted only as part of a general cross-check in a common fund recovery. The most recent contested individual case approving my hourly rate of $450.00 in a contested fee petition, United States District Court Magistrate Judge Dohnal (in a consent case) stated: "[T]he Court otherwise finds such hourly rates to be reasonable and appropriate, the Court being familiar with comparable market rates and the level of expertise demonstrated by each counsel in numerous appearances before the Court." *Reynolds v. Reliable Transmissions*, Case No. 3:09cv238 (E.D. Va. June 29, 2010) (Docket No. 54).

15. The hourly rates for which consumer attorneys such as myself and the other lawyers in my firm have been expected to bill have been considerably higher that my hourly rate. In fact, in some of my co-counsel relationships, the hourly rate disparity have been an obstacle to such relationships and it became necessary for me to bill at rates significantly higher than $475. I estimate that the average hourly rate in my field in litigation in *national* litigation, for my experience and expertise is easily over $650.

16. Class Counsel engaged McGladrey as Settlement Administrator, which is a well-respected and experienced administrator, including administering class cases similar to the instant case. The Class Administrator mailed the Class Notices approved by the court to the Class Members whose names and addresses were supplied by the Defendant. Prior to sending the notice, the administrator used well-established techniques to verify and update the addresses for the individuals on the class list including by using the National Change of Address and Epiq databases. In addition to mailing notice, the administrator established a website in which class

members could access the notice, the preliminary approval order and other relevant information. The class members also had contact information for the attorneys in the case to inquire about the settlement and its terms. Due to these efforts, the administrator was able to confirm the following delivery rates: (1) 1681k Class 89% delivery rate; (2) 1681i Class 90% delivery rate.

17. Class Counsel determined that such a delivery rate was an excellent result, and entirely consistent with the rate of delivery in other FCRA class actions of this size.

18. Upon considering all the factors, including numerous cases in which courts held that an 81% delivery rate was sufficient to satisfy the due process considerations of Rule 23, Class Counsel decided not to exercise its optional right to direct a second class notice.

19. In addition to the motion for final approval, Class Counsel is submitting its fee petition. In support of Class Counsel's motion that the court approve its fee, I have supplied a summary of the fees incurred by me, my law firm, and my co-counsel. Class counsel have performed the work and incurred the hours and costs as described and detailed in the Summary attached as Exhibit "A."

20. I have not included additional projected hours past today. However, in my significant experience as class counsel, I have never had a class case that did not require additional substantial hours after final approval, including time for reviewing court correspondence and orders, further communication with defense counsel, communication with class members who have or have not received settlement funds and fielding related inquiries from third parties.

I declare under penalty of perjury of the laws of the United States that the foregoing is correct.

Signed this 20th day of February 2013.

_____
Leonard A. Bennett

LEONARD A. BENNETT
*CONSUMER LITIGATION ASSOCIATES, P.C.*
VSB #37523
763 J.Clyde Morris Blvd. Suite 1-A
Newport News, VA 23601
lenbennett@clalegal.com
(757) 930-3660
(757) 930-3662 facsimile

**EXHIBIT A: ATTORNEYS FEE & EXPENSES ESTIMATE**

Seven attorneys, three paralegals and other professional staff at three law firms have worked on this case for almost two years. Attorneys fees and expenses are included here. These fees were incurred by attorneys in the following ways: While an inexact record of work performed[1], the time details evidence the following:

-discovery;
-mediation (including preparation and participation);
-settlement documentation;
-settlement administration;
-pre-filing preparation and research;
-internal file work;
-communication with co-counsel and
-motions practice.

|  | FEE ESTIMATES |
|---|---|
| Consumer Litigation Associates, P.C. | $264,000.00 |
| Law Offices of Dale W. Pittman | $68,850.00 |
| Consumer/Employee Rights Law Firm | $79,300.00 |
| **TOTAL** | $412,150.00 |

Counsel have roughly, though accurately, estimated the following percentage of time that was allocated from intake through today is as follows:

| 1. | Pre-filing preparation and research: | 5% | ($20,607.50) |
| 2. | Internal file and administrative work: | 5% | ($20,607.50) |
| 3. | Communication with co-counsel: | 10% | ($41,215.00) |
| 4. | Discovery: | 25% | ($103,037.50) |
| 5. | Motions practice: | 15% | ($61,822.50) |
| 6. | Mediation (including preparation and participation): | 10% | ($20,607.50) |
| 7. | Settlement documentation: | 10% | ($20,607.50) |
| 8. | Settlement administration: | 20% | ($82,430.00) |

---

[1] Most of the law firms involved entered and litigated the case without an ambition to submit a straight lodestar petition. The time recorded is thus sometimes in excess of that that would have been otherwise petitioned (hours have not always been removed or noted for redundancy, duplication or billing discretion) and other times inadequate. For example, substantial time incurred after Preliminary Approval incurred in administrative work or answering class member inquiries is not included.

**EXPENSES**

| | |
|---|---|
| Elizabeth DeArmond | $ 9,525.00 |
| Evan Hendricks (Privacy Times) | $ 4,500.00 |
| Westlaw (Research) | $ 5,047.00 |
| Filing Fees (Clerk) | $ 1,094.00 |
| Service Fees | $    464.00 |
| McCammon Group (Mediation) | $ 6,494.12 |
| Federal Express | $    274.82 |
| Filing PHVs | $    525.00 |
| Marston Agency | $     33.00 |
| **TOTAL EXPENSES:** | **$27,956.94** |