IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

Tyrone Henderson,
On behalf of himself and others similarly situated,

Plaintiff,

v.

Verifications Incorporated,

Defendant.

Civil Action No. 3:11cv514-REP

FILED
MAR 1 3 2013
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

## FINAL ORDER AND JUDGMENT

On August 10, 2011, Tyrone Henderson ("Plaintiff"), commenced the lawsuit styled *Tyrone Henderson v. Verifications Incorporated*, by filing a Class Complaint in the United States District Court for the Eastern District of Virginia, Richmond Division, Civil Action No. 3:11cv514-REP ("Lawsuit"), alleging that Verifications, Inc. ("Verifications") failed to comply with the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA"), including the procedures set forth in 15 U.S.C. § 1681k and 15 U.S.C. § 1681i, when it issued a consumer report for employment purposes to his prospective employer. (Docket No. 1.)

On September 22, 2011, Verifications filed an Answer to the Class Complaint, denying the allegations therein, including denying all allegations that it did not comply with applicable provisions of the FCRA, denying that the action was suitable for certification pursuant to Federal Rule of Civil Procedure 23, and asserting affirmative defenses that Verifications contends are meritorious notwithstanding its willingness to

enter into the Settlement Agreement. (Docket No. 7.)

On February 7, 2012, Plaintiff filed the First Amended Class Complaint, further elaborating upon the allegations that Verifications failed to comply with 15 U.S.C. § 1681k and 15 U.S.C. § 1681i. (Docket No. 20.) On February 28, 2012, Verifications filed a Motion to Dismiss Counts I, II and III of the First Amended Class Complaint, asserting that the First Amended Class Complaint failed to state a claim upon which relief may be granted. (Docket Nos. 21, 22.) Verifications also filed an Answer to the First Amended Class Complaint, again denying the allegations therein, denying that the action was suitable for certification pursuant to Federal Rule of Civil Procedure 23, and asserting affirmative defenses that Verifications contends are meritorious. (Docket No. 23.) On June 29, 2012, the Court denied Verifications' Motion to Dismiss. (Docket No. 36.)

Verifications has denied any and all liability alleged in the Lawsuit.

After extensive arms-length negotiations, discovery, and three days of mediation over the course of several months, Plaintiff and Verifications (jointly referred to as the "Parties") entered into a Settlement Agreement and Release ("Agreement") that is subject to review under Federal Rule of Civil Procedure 23.

On October 23, 2012, Plaintiff filed the Agreement, along with a Motion for Agreed Order Granting Preliminary Approval of Settlement, Certifying Class for Purposes of Settlement, Appointing Class Counsel, Directing Notice to the Class, and Scheduling Fairness Hearing ("Preliminary Approval Motion"). (Docket Nos. 38, 39.) A fully executed copy of the Agreement was filed on October 24, 2012. (Docket No. 40, Exhibit 1.)

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711, *et seq.*, Verifications served written notice of the proposed Class Settlement on the United States Attorney General and the Attorneys General of all 50 states and the District of Columbia.

On November 6, 2012, upon consideration of the Agreement and the Preliminary Approval Motion, and having held a hearing to consider the Motion, the Court entered an Order of Preliminary Approval of Class Action Settlement ("Preliminary Approval Order"). (Docket No. 43.) Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) two classes of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed Agreement; (iii) approved Plaintiff Tyrone Henderson as the Class Representative; (iv) authorized the Parties to retain McGladrey LLP to serve as third party administrator ("Class Administrator"); (v) appointed as Class Counsel Leonard Bennett, Matthew Erausquin, and Susan Rotkis of Consumer Litigation Associates, P.C. and Dale Pittman of The Law Office of Dale W. Pittman, P.C.; and (vi) set the date and time of the Final Approval Hearing.

On February 20, 2013, the Plaintiff filed a Motion for Final Approval of Class Settlement and Award of Incentive Payments and Attorneys Fees, along with a supporting memorandum ("Plaintiff's Final Approval Motion"). (Docket Nos. 47-48.)

On March 7, 2013 and March 13, 2013, hearings were held pursuant to Federal Rule of Civil Procedure 23 to determine whether the Lawsuit satisfies the applicable

requirements for class action treatment and whether the proposed Settlement is fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court.

The Parties now request final certification of the Settlement Classes under Federal Rule of Civil Procedure 23(b)(3) and final approval of the Settlement under Federal Rule of Civil Procedure 23(e).

The Court has read and considered the Agreement, Plaintiff's Final Approval Motion, and the record. All capitalized terms used herein have the meanings defined herein or in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Final Order and Judgment incorporates by reference all definitions contained in the Agreement, and all terms used herein shall have the same meaning as set forth in the Agreement. The Agreement shall be deemed incorporated herein.

2. The Court has jurisdiction over the subject matter of the Lawsuit and over all settling Parties for purposes of this litigation.

3. **CLASS MEMBERS** – Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Lawsuit is hereby certified, for settlement purposes only, as a class action on behalf of the following Class Members with respect to the claims asserted in the Lawsuit and is composed of the following Classes:

    a. **1681k Settlement Class** – All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a.) who were the subject of a Verifications consumer report, (b.) that was furnished for an employment purpose, (c.) within five years next preceding the filing of this action and during its pendency, and (d.) for whom Verifications notified, as part of the background check process, an employer or

        prospective employer that additional research was being conducted prior to the completion of the background report, but to whom Verifications did not provide a written notice pursuant to Section 1681k(a)(1) of the FCRA. Excluded from the class definition are any employees, officers, directors of Verifications, any attorney appearing in this case, and any judge assigned to hear this action.

    b.    **1681i Settlement Class** – All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a.) who disputed to Verifications the accuracy or completeness of a public record reported by Verifications, which resulted from a background check for which Verifications' records show that additional research was conducted (b.) within five years next preceding the filing of this action and during its pendency. Excluded from the class definition are any employees, officers, directors of Verifications, any attorney appearing in this case, and any judge assigned to hear this action.

4.    There are approximately 41,049 Class Members in the Section 1681k Class and approximately 199 Class Members in the Section 1681i Class. In addition, there are approximately 836 members to date of the 1681k and 1681i Settlement Classes who have submitted actual damages claims for payment from the Actual Damages Claims Fund.

5.    **CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT** – Pursuant to Federal Rule of Civil Procedure 23, the Court certifies Tyrone Henderson as the Class Representative and appoints Leonard Bennett, Matthew Erausquin, and Susan Rotkis of Consumer Litigation Associates, P.C. and Dale Pittman of The Law Office of Dale W. Pittman, P.C. as Class Counsel.

6.    **NOTICES AND CLAIM FORMS** – Pursuant to the Court's Preliminary Approval Order, the approved Notices were mailed, along with the claim forms. The form and method for notifying the Class Members of the Settlement and its terms and

conditions were in conformity with the Court's Preliminary Approval Order, satisfied the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court further finds that the Notices were clearly designed to advise the Class Members of their rights and clearly and concisely state, in plain, easily understood language, all features of the Lawsuit and Settlement set forth in Federal Rule of Civil Procedure 23(c)(2)(B).

7. **FINAL CLASS CERTIFICATION** – The Court finds that the Settlement Classes satisfy the applicable prerequisites for class action treatment under Federal Rule of Civil Procedure 23. Namely the Court finds that, for each Settlement Class:

   a. The Settlement Class Members are so numerous that joinder of all of them is impracticable;

   b. There are questions of law and fact common to the Settlement Class Members that predominate over any individual questions;

   c. The claims of the Class Representative are typical of the claims of the Settlement Class Members;

   d. The Class Representative and Class Counsel have fairly and adequately protected the interests of all of the Settlement Class Members; and

   e. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to the other available methods for a fair and efficient adjudication of this controversy.

8. The Court, having considered the relevant papers, including the Plaintiff's

Final Approval Motion, and any objections filed by Settlement Class Members, finds that the Settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Parties' cases; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the class; and the limited amount of any potential total recovery for Class Members if litigation continued.

9. **SETTLEMENT TERMS** – The Agreement and the proposed Settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the Agreement include, but are not limited to, the following:

    a. Each 1681k Class Member shall be paid from the Settlement Fund the gross amount of sixty-five dollars and fifty-five cents ($65.55), which is subject to *pro rata* reduction for attorneys' fees and costs approved by the Court.

    b. Each 1681i Settlement Class Member shall be paid from the Settlement Fund the gross amount of eight hundred four dollars and two cents ($804.02), which is subject to *pro rata* reduction for attorneys' fees and costs approved by the Court.

    c. Each member of the 1681k and 1681i Settlement Classes who is determined to have a submitted a valid actual damages claim shall be paid an additional amount from the Actual Damages Claims Fund, that is, a *pro*

        *rata* share based upon the number of valid claims submitted prior to the deadline to submit actual damages claims on March 21, 2013; provided, however, that such payment may not exceed twenty thousand dollars ($20,000.00). This payment is subject to *pro rata* reduction for attorneys' fees and costs approved by the Court.

d.    The Plaintiff and Class Counsel have moved for an Incentive Award for Plaintiff as the Class Representative in the amount of five thousand dollars ($5,000.00). The Court awards the Plaintiff, as Class Representative, five thousand dollars ($5,000.00), which amount shall be disbursed by the Class Administrator within ten business days of the Effective Date as defined in the Agreement.

e.    Verifications has contributed cash in the amount of three million seven hundred fifty thousand dollars ($3,750,000.00) to the Settlement Fund for the complete Settlement payments, attorneys' fees, incentive awards, and costs of notice and Settlement administration.

f.    The Parties have agreed that one hundred and fifty thousand dollars ($150,000.00) shall be contributed from the 1681k Settlement Fund toward the fees and costs of Settlement administration. To the extent that the fees and costs associated with administration exceed $150,000, the Parties have agreed to split any additional fees and costs of administration *pro rata*. This contribution towards any additional fees and costs of administration to be paid by the 1681k and 1681i Settlement Classes shall be paid first from any excess funds remaining in the Settlement Funds due

to uncashed Class Member checks and then, if that amount is not sufficient, it shall be paid by Class Counsel.

g. Following the initial payments from the Settlement Funds identified in Paragraphs 9(a) and 9(b), and the satisfaction of the administrative fees and costs identified in Paragraphs 9(f) and 9(g), the Parties have agreed that any funds remaining undisbursed because of uncashed Class Member checks paid in accordance with Paragraphs 9(a) and 9(b) shall be added into the Actual Damages Claims Fund as explained in Paragraph 9(c). Any additional fees and costs of administration related to this supplemental payment into the Actual Damages Claims Fund shall be paid from any excess funds remaining in the Settlement Funds due to the uncashed Class Member checks.

h. The Class Administrator is authorized to provide notice to the members of the 1681k and 1681i Settlement Classes who have submitted an actual damages claim for payment from the Actual Damages Claims Fund as explained in Paragraph 9(c), with their initial payment(s) pursuant to Paragraph 9(a) and/or 9(b), in which the Class Administrator shall explain that a second payment will be forthcoming to each member of the 1681k and 1681i Settlement Classes who the Class Administrator determines has submitted a valid actual damages claim. The form and content of the notice will be agreed to by the Parties. Any additional fees and costs of administration related to this notice shall be paid from any excess funds remaining in the Settlement Funds due to uncashed Class Member checks.

      i.    Any excess funds remaining in the Settlement Funds after all Class Member distributions, the payment of all attorneys' fees and expenses, and the payment of fees and costs of Settlement administration have been made in accordance with the Agreement shall be donated to the *cy pres* entity agreed upon by the Parties, the Boys & Girls Club of America (Midwest Region).

      j.    The Plaintiff and Class Counsel have moved for an award of attorneys' fees, costs and expenses in the amount of one million seventy-five thousand and three hundred ninety-nine dollars ($1,075,399.00) from the Settlement Funds, which constitutes twenty-eight and sixty-seven hundreds percent (28.67%) of the total Settlement amount. The Court finds that Class Counsel's requested award of attorneys' fees, costs, and expenses is fair and reasonable under Fourth Circuit standards, and the Court awards the amount of one million seventy-five thousand and three hundred ninety-nine dollars ($1,075,399.00) as attorneys' fees, costs, and expenses. The Court directs the Class Administrator to disburse this amount to Class Counsel within ten business days of the Effective Date as defined in the Agreement.

10.    **OBJECTIONS AND EXCLUSIONS** – The Class Members were given an opportunity to object to the Settlement. One (1) Class Member timely objected to the Settlement. (Docket No. 45.) The Court has carefully considered this objection and finds that it is without merit.

Fifteen Class Members made valid and timely requests for exclusion and are

excluded from the Settlement Class and Settlement and are not bound by this Final Order and Judgment. The identities of such persons are set forth in Exhibit A, attached hereto.

11. This Final Order and Judgment is binding on all Class Members, except those individuals identified in Exhibit A hereto (who validly and timely excluded themselves from the class).

12. **RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT** – The Class Representative, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against the Released Defendant, as set forth in the Agreement. Pursuant to the Agreement, the Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this Final Order and Judgment.

13. This Final Order and Judgment hereby dismisses the Lawsuit, in its entirety, with prejudice.

14. This Final Order and Judgment is not, and shall not be construed as, an admission by Verifications of any liability or wrongdoing in this or in any other proceeding.

15. The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the Settlement and this Final Order and Judgment.

16. Should the Settlement not become effective in accordance with its terms, this Final Order and Judgment shall be rendered null and void to the extent provided by

12

and in accordance with the Agreement and shall be vacated and, in such event, all orders and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Dated: March 13, 2013